UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES KELLMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:07-cv-01173 (RJL) |
| FRANKLIN D. RAINES, *et al.,* | ) | |
| | ) | |
| Defendants, | ) | Judge Richard J. Leon |
| | ) | |
| and | ) | |
| | ) | |
| FANNIE MAE a/k/a Federal National Mortgage Association, | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| | ) | |
| ARTHUR MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:07-cv-01221 (RJL) |
| FRANKLIN D. RAINES, *et al.,* | ) | |
| | ) | |
| Defendants, | ) | Judge Richard J. Leon |
| | ) | |
| and | ) | |
| | ) | |
| FANNIE MAE a/k/a Federal National Mortgage Association, | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| | ) | |
| IN RE FEDERAL NATIONAL MORTGAGE ASSOCIATION SECURITIES, DERIVATIVE, AND "ERISA" LITIGATION | ) | MDL No. 1668 |
| | ) | |

**PLAINTIFF KELLMER'S MOTION TO CONSOLIDATE DERIVATIVE CASES
AND APPOINT LEAD COUNSEL, AND
STATEMENT OF SUPPORTING POINTS AND AUTHORITIES**

Plaintiff James Kellmer hereby moves the Court pursuant to FED.R.CIV.P. 42 to consolidate the two pending cases brought derivatively on behalf of Nominal Defendant Fannie Mae (*Kellmer v. Raines,* No. 1:07-cv-01173-RJL, and *Middleton v. Raines,* No. 1:07-cv-01221-RJL), to designate the *Kellmer* case as the lead derivative case, and to appoint his counsel as Lead Counsel for the plaintiffs in all related shareholder derivative actions against Fannie Mae's directors, officers, auditor or others that are or may be pending before this Court.

<u>STATEMENT OF POINTS AND AUTHORITIES</u>

In support of this Motion, plaintiff Kellmer states as follows:

1.    Two shareholder derivative cases are now pending before the Court that arise out of certain breaches of fiduciary duty and other illegal accounting manipulations, occurring from approximately 1998 through 2004, that resulted in an estimated $10.6 billion of losses to Fannie Mae.  This case was filed on June 29, 2007 and is the successor to an earlier suit commenced by plaintiff Kellmer on January 10, 2005 (Case No. 1:05-0037-RJL), which, by reason of the Court's Consolidation Order of February 14, 2005, was *de facto* dismissed without prejudice.  The second, *Middleton v. Raines,* Case No. 1:07-cv-01221-RJL, was filed on July 6, 2007.

2.    Both of these cases are the "second generation" of derivative cases that have been filed as a result of this Court's Memorandum Opinion and Order of May 31, 2007 dismissing seven consolidated derivative cases on the ground that the plaintiffs had failed to make a pre-suit demand on the Board of Directors of Fannie Mae to take action to remedy the unlawful conduct that was the subject of those actions.  Plaintiffs in two of

those other cases had been appointed as Lead Plaintiffs and their counsel had been appointed as Lead Counsel.

3.   While plaintiff Kellmer's original action was consolidated with six others to form the consolidated action that was the subject of the Court's Order of May 31, 2007, in fact plaintiff Kellmer had made a pre-suit demand on the defendants on September 24, 2004. Plaintiff Kellmer's original case was the only case among the seven consolidated cases in which a pre-suit demand had been made in compliance with FED.R.CIV.P. 23.1, fully conforming to this Court's understanding of the law as it was ultimately expressed in the Order of May 31, 2007.

4.   In the Order of May 31, 2007, the Court did not address plaintiff Kellmer's claims, nor his demand upon Fannie Mae's Board.  Likewise, the Court did not purport to dismiss plaintiff Kellmer's case, nor as a matter of law could it, as it did not suffer from the fatal flaw that was the basis for the Court's dismissal of the other derivative cases – the failure of the other plaintiffs to make pre-suit demands as warranted under the circumstances.

5.   Nevertheless, the Clerk's Office marked the electronic docket in plaintiff Kellmer's original case (1:05-cv-0037) as "CLOSED."  For that reason, among others, plaintiff Kellmer re-commenced his suit, as he was clearly entitled to do.

6.   The second derivative action that has now been filed, *Middleton*, has been brought by the same counsel from the earlier dismissed derivative action, except *Middleton* now alleges that a proper demand has been made and refused.  Yet the only demand alleged in the *Middleton* complaint is the demand *made by plaintiff Kellmer*.  *See Middleton* Complaint ¶ 51 ("On September 24, 2004, a shareholder demand pursuant to Rule 23.1 of

the Federal Rules of Civil Procedure was made on Fannie Mae's Board.  The Board never complied with the demand or even responded to it.").  No allegation is made that plaintiff Middleton made, or attempted to make, any similar demand.  In short, in light of the Court's May 31, 2007 Order, *Middleton* seeks to "piggy back" on the demand made by plaintiff Kellmer nearly three years ago.

7.   Clearly, each of these two derivative actions "arises out of the same operative facts and raises similar legal issues."  *Horn v. Raines,* 227 F.R.D. 1, 3 (D.D.C. 2005).  As a result, they warrant consolidation under FED.R.CIV.P. 42(a).  *See* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2385 (2007).  Such a consolidation will "help alleviate 'needless duplication of time, effort, and expense on the part of the parties and the Court.'"  *Horn,* 227 F.R.D. at 2 (quoting *Millman v. Brinkley,* 2004 WL 2284505, at *3 (N.D.Ga. 2004)).  Accordingly, *Middleton*, and any future-filed or transferred cases based on the same facts as those alleged in the pending derivative actions, should be consolidated into *Kellmer*, the first-filed action.

8.   Furthermore, given the experience, knowledge, and demonstrated competence of plaintiff Kellmer's counsel in shareholder litigation, it is appropriate and in the interests of the shareholders of Fannie Mae to designate plaintiff Kellmer's case the lead derivative case, and to appoint his counsel as Lead Counsel, for all derivative actions that have been, or may be, brought arising out of the breaches of fiduciary duties and unlawful accounting manipulations at Fannie Mae that are the subject of these proceedings.

9.   Most obviously, as this Court's Order of May 31, 2007 underscores, counsel for plaintiff Kellmer, alone among counsel involved in this body of litigation, have properly

4

and effectively sought to advance the interests of Fannie Mae's shareholders through the prosecution of this derivative action based on a proper, pre-suit demand on Fannie Mae's Board as required by FED.R.CIV.P. 23.1.  *See Horn*, 227 F.R.D. at 3 (noting the "quality of the pleadings" as a consideration in the appointment of Lead Counsel).

10. Plaintiff Kellmer's counsel have the experience and expertise likely to continue that high quality of representation of shareholders' interests.  Mr. Cuneo, for example, was co-lead counsel in *Rosner v. United States* (S.D. Fla), a case brought on behalf of Hungarian Holocaust survivors and their heirs to seek redress from the United States for its mishandling of the Hungarian Gold Train in occupied Austria at the end of World War II.  The case was settled in 2005 for $25.5 million and an unprecedented acknowledgment of responsibility by the United States Government.  Mr. Cuneo was also lead counsel in *Galanti v. Goodyear Tire & Rubber Co.* (D.N.J. 2004) that resulted in a $322 million settlement that brought relief to thousands of homeowners in the United States and Canada who had defective radiant heating hose installed in their home.  Mr. Cuneo's resume and a profile of his firm are appended as Attachments A and B, respectively.  Mr. Greenfield is thoroughly experienced in banking, securities and consumer litigation, having served in his career of over 40 years as lead or co-lead counsel for plaintiffs in class actions brought on behalf of trust beneficiaries against major trustee-banks, in shareholder class and derivative actions alleging violations of the federal securities laws and/or breaches of corporate governance standards, and in a wide variety of banking and consumer fraud cases.  Most recently, he served as Co-Lead Counsel in the *Freddie Mac Shareholder Derivative Litigation*, MDL No. 1584 (S.D.N.Y.), where settlement of the derivative claims achieved an approximately $100 million recovery for Freddie Mac,

along with substantial corporate therapeutics that will benefit Freddie Mac's operation in the future.  Similarly, Mr. Greenfield was Co-Lead Counsel for the derivative plaintiffs in the *AOL-Time Warner Litigation*, Master File No. 02-CV-6302 (S.D.N.Y), where approximately $200 million in cash and other benefits were realized by the Company.  A biography of his firm is appended as Attachment C.

11. Moreover, the law firms representing plaintiff Kellmer as a whole bring to bear the experience and expertise necessary to effectively represent the shareholder interests on whose behalf plaintiff Kellmer has brought this action.  They will devote the resources necessary to prosecute the action efficiently, without dissipating those resources and those of the Court by "over-lawyering" the case.

12. Finally, plaintiff Kellmer's counsel have in other cases worked cooperatively with counsel representing Mr. Middleton, and commit to continuing that cooperative approach in this matter.

13. Fannie Mae and the individual Fannie Mae Defendants, except for Molly H. Bordonaro, have represented that they take no position with respect to this request for appointment of Lead Counsel in the Consent Motion to Extend Time to Respond and Enter Stipulated Order filed July 25, 2007.

### CONCLUSION

For the foregoing reasons, plaintiff Kellmer respectfully submits that the Court should grant this Motion and enter an Order consolidating the two derivative cases, designating the *Kellmer* case as the lead derivative case, and appointing his counsel as Lead Counsel, in all shareholder derivative actions against Fannie Mae's directors, officers, auditor, or others that are or may be pending before the Court.

July 27, 2007

Respectfully submitted,


BY:  /s/ Jonathan W. Cuneo

JONATHAN W. CUNEO (D.C. Bar# 939389)
ROBERT J. CYNKAR (D.C. Bar# 947845)
DAVID W. STANLEY (D.C. Bar# 174318)
WILLIAM ANDERSON (D.C. Bar# 502380)
**CUNEO, GILBERT & LADUCA, LLP**
507 C Street, N.E.
Washington, D.C. 20002
202-789-3960

RICHARD D. GREENFIELD
**GREENFIELD & GOODMAN, LLC**
7426 Tour Drive
Easton, MD 21601
410-745-4149

ANN MILLER
**ANN MILLER, LLC**
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
215-238-0468

*Counsel for Plaintiff James Kellmer*

Attachment A

# Jonathan W. Cuneo
## Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, D.C.  20002
Telephone: (202) 789-3960

**EXPERIENCE**

**FOUNDING PARTNER**

**CUNEO GILBERT & LaDUCA, LLP** (and predecessor firms)
June 1986 - Present
Founding and Senior Partner in specialized law firm with offices on Capitol Hill in Washington, DC, Houston, Maryland, New York, and Los Angeles.  Firm specializes in advocacy before the U.S. Congress and in federal and state courts across the country.  Substantive specialties include securities, corporate governance, antitrust, and consumer matters.

**MAJOR RECENT ACCOMPLISHMENTS AND QUALIFICATIONS**

*   Firm listed in the Bar Register of Pre-Eminent Attorneys.

*   Received Martindale-Hubbell's highest ("AV") rating.

*   Listed in Who's Who in American Law.

*   Finalist, 2006, Trial Lawyer of the Year; Trial Lawyers for Public Justice.

*   Co-lead counsel in <u>Rosner</u> v. <u>United States</u> (S.D. FL 2005) (the "Gold Train" case).  This case, brought on behalf of Hungarian survivors  and heirs of the Holocaust, sought redress over the United States  alleged mishandling of the Hungarian Gold Train in occupied  Austria immediately after World War II.   This case  was settled in 2005 for $25.5 million and an unprecedented statement of acknowledgment of the United States Government.

*   Lead counsel in <u>Galanti</u> v. <u>Goodyear Tire and Rubber Company</u> (D.NJ 2004).  This $322 million settlement brought relief to thousands of homeowners who had allegedly defective Entran II radiant heating hose installed in their homes across the United States and Canada.

Resume
Jonathan W. Cuneo
Page 2

       \*  General Counsel and Legislative Representative for the
         National Association of Shareholder and Consumer
         Attorneys (1988-2005).
       -    Represented the interests of attorneys for investors
           and consumers in Washington.

**COUNSEL**        **SUBCOMMITTEE ON MONOPOLIES AND COMMERCIAL
               LAW, HOUSE COMMITTEE ON THE JUDICIARY (Honorable
               Peter W. Rodino, Jr., Chairman)**
               Washington, D.C.
               September 1981 - June 1986

**ATTORNEY**      **FEDERAL TRADE COMMISSION**
               Washington, D.C.
               September 1978 - September 1981

**LAW CLERK**     **JUDGE EDWARD ALLEN TAMM**
               United States Court of Appeals for the
               District of Columbia Circuit Court (1977-1978).

**PUBLICATIONS**

"Judge Tamm and the Evolution of Administrative Law:  The Art of Judging," 74 <u>Georgetown L.J.</u> 1595 (1986).

"Pulling the Plug on Antitrust Law," <u>The Nation</u> (September 26,1987) (with Jerry Cohen).

"House Takes Up Cause of Discounters," <u>Legal Times</u>, Vol X, No. 30, December 1987.

"Supreme Court's `Sharp' Ruling Means Higher Prices, Fewer Choices for Consumers," <u>Manhattan Lawyer</u>, May 31 - June 6, 1988.

Chapter Author, "Consumer Protection -- Federal Trade Commission" as part of "<u>Changing America:  Blueprints for the New Administration</u>," edited by Mark Green (1992).

"Antitrust and Clinton:  Changes on the Horizon" <u>The California Lawyer</u>, February 1993.

Resume
Jonathan W. Cuneo
Page 3


"Action on Class Actions," <u>The Recorder</u>, April 30, 1997.

"The Gold Train Case: Successfully Suing the United States on Behalf
of a Class of Holocaust Era Victims," 27 <u>Class Action Reports</u> 139
(with Professor Charles Tiefer) (2006).

## Other Activities

<u>Invited Participant, Federal Trade Commission Joint Venture,
Roundtable</u>, March 28, 1998.

<u>Guest Lecturer on Securities and Corporate Governance Issues</u>:
Southwestern Law School, Los Angeles, California, 1997 and 1998.

Numerous appearances in Continuing Legal Education programs
including antitrust, privacy and investor protection issues in the
United States and Canada.

District of Columbia Judicial Conference, 2005.


## BAR MEMBERSHIPS
U.S. Supreme Court
District of Columbia bar (since 1977)
New York Bar (since 2006)
U.S. Court of Appeals for the District of Columbia
U.S. Court of Appeals for the First Circuit
U.S. Court of Appeals for the Second Circuit
U.S. Court of Appeals for the Third Circuit
U.S. Court of Appeals for the Fourth Circuit
U.S. District Court for the District of Columbia
U.S. District Court for the Eastern District of New York
U.S. District Court for the Northern District of New York
U.S. District Court for the Southern District of New York

## NON-PROFIT AND CHARITABLE BOARD MEMBERSHIPS AND ACTIVITIES
American Antitrust Institute
Appleseed Legal Foundation (1999-2005)
Board of Editors, Class Action Reports
Fighters Initiative for Support and Training ("F.I.S.T.")

Resume
Jonathan W. Cuneo
Page 4

Violence Policy Center

**EDUCATION**

Cornell Law School
Ithaca, New York
J.D. May 1977

Columbia University
New York, New York
A.B. 1974

**MEMBERSHIPS**

Adas Israel Temple
American Bar Association
Association of Trial Lawyers of America
Barristers
Cornell Club of New York
Potomac Boat Cub
St. Albans Tennis Club
Washington Athletic Club (Seattle)

**ACTIVITIES AND HOBBIES**

Recreational Boxing
Reading Non-Fiction
Travel

### What Courts and Policymakers Have Said About Jonathan Cuneo

"But this case, bringing it against all odds, and the resolution
of it and the character and the resolution, just is a testament
that speaks so well of lawyers as truly what Tocqueville saw
lawyers contributing to our democracy.  So I want the history
to preserve that contribution."

"I looked at the results obtained here.  And as I have already
articulated, given what I knew about the law, that the results
were phenomenal.  And I would like to compliment the
plaintiffs' team approach, particularly Mr. Cuneo.  Mr. Cuneo,
I do see a leader in you, one who does not leave his

Resume
Jonathan W. Cuneo
Page 5

fingerprints, who is a leader in the sense that you pull together a team where each member contributes their unique talents.  And the marriage of the three firms and the contributions that each of the members of the firm, you played on their strength.  But I saw someone that reminded me a lot of my former partner John Edward Smith, or the Lao Tzu's description of the ideal leader, where others believed they did it themselves because you encouraged, motivated, and let people do and rise to their very best."

Judge Patricia Seitz, United States v. Rosner, (S.D. FL) (Sept. 27, 2005)

\*    \*    \*

"As the Court indicated earlier, the Court has been remarkably impressed with the quality of all the legal counsel in this case and on that question, they are highly competent to conduct this litigation and there is not the slightest indication that the class representatives have any interests which are antagonistic to the class."

"Counsel from the Cuneo group and the original settling counsel have likewise been remarkably professional, and counsel from the two other groups have, indeed, impressed the Court with their professionalism and their talent."

" Thank you very much, Mr. Cuneo.  And everybody, thank you very much.  It's been a pleasure meeting you, pleasure dealing with you, and I hope we meet again."

Judge Stanley R. Chesler, Galanti v. Goodyear Tire and Rubber Company, (D.NJ) October 19, 2004.

\*    \*    \*

"I don't use the word `hero' lightly but [the other lawyers and] Jon Cuneo are real American heros. . . . [T]hey sought to protect the public interest."

Congressman Henry A. Waxman, Jan., 1998 (Statement on release of RJR "youth targeting" tobacco documents).

Attachment B

## FIRM PROFILE

Civil Litigation in Federal and State Courts. General Commercial Practice. Antitrust, Civil Rights, Government Relations, Products Liability, Administrative, Securities, Health Care and Franchise.

## ATTORNEYS

**Jonathan W. Cuneo**, born New York, New York, September 10, 1952. Admitted to the District of Columbia Bar, 1977; New York Bar, 2006. Admitted to practice before the United States Supreme Court, 1994; U.S. District Court, District of Columbia, 1978; United States Courts of Appeals for the First Circuit, 2006; United States Court of Appeals for the Second Circuit, 2002; United States Court of Appeals for the Third Circuit, 2004; United States Court of Appeals for the Fourth Circuit, 2005; U.S. Court of Appeals, District of Columbia Circuit, 1978; U.S. District Court for the Eastern District of New York, 2006; U.S. District Court for the Southern District of New York, 2006; U.S. District Court for the Northern District of New York, 2002. <u>Education</u>: Columbia College (A.B., 1974); Cornell University (J.D., 1977). Law clerk to Honorable Edward Tamm, U.S. Court of Appeals, District of Columbia Circuit Court (1977-1978). Attorney, Office of the General Counsel, Federal Trade Commission (1978-1981); Counsel, Subcommittee on Monopolies and Commercial Law, House Committee on the Judiciary (1981-1986); General Counsel, Committee to Support the Antitrust Laws (1986-present); General Counsel, National Association of Securities and Commercial Law Attorneys (1988-1996); Legislative Counsel, National Coalition of Petroleum Retailers and Service Station Dealers of America (1988-1994); Arlington County Democratic Committee (1983-1987). <u>Honors and Activities:</u> Finalist, 2006 Trial Lawyer of the Year, Trial Lawyers for Public Justice; Board of Editors, Class Action Reports. <u>Publications</u>: "Judge Tamm and the Evolution of Administrative Law: The Art of Judging," 74 Georgetown L.J. 1595 (1986); "Pulling the Plug on Antitrust Law," <u>The Nation</u> (September 26, 1987) (with Jerry Cohen); "House Takes Up Cause of Discounters," <u>Legal Times</u>, Vol X, No. 30, December 1987; "Supreme Court's `Sharp' Ruling Means Higher Prices, Fewer Choices for Consumers," <u>Manhattan Lawyer</u>, May 31 - June 6, 1988; Chapter, "Consumer Protection -- Federal Trade Commission" as part of "<u>Changing America: Blueprints for the New Administration</u>," edited by Mark Green (1992); "Antitrust and Clinton: Changes on the Horizon" <u>The California Lawyer</u>, February 1993; "Action on Class Actions," <u>The Recorder</u>, April 30, 1997; "The Gold Train Case: Successfully Suing the United States on Behalf of a Class of Holocaust Era Victims," 27 <u>Class Action Reports 139</u> (with Professor Charles Tiefer) (2006). <u>Faculty Member</u>: "Copyright for the Nineties: What Every Lawyer Needs to Know", a series by West Publishing Company (1990); <u>Guest Lecturer</u>: Southwestern Law School, 1997 and 1998; numerous appearances in CLE programs in the United States and Canada; District of Columbia Judicial Conference, 2005.

**Pamela B. Gilbert**, born New Brunswick, New Jersey, October 3, 1958. Admitted to the New York Bar, 1985; District of Columbia Bar 1986. Admitted to practice in New York and D.C. Education: Tufts University (B.A., 1980); New York University (J.D., 1984). Consumer Program Director, U.S. Public Interest Research Group (1984-1989); Legislative Director, Executive Director, Public Citizen's Congress Watch (1990-1992; 1992-1995); Executive Director, Consumer Product and Safety Commission (1996-2001); Chief Operating Officer, M&R Strategic Services (2001-2002). Member: New York Bar Association; District of Columbia Bar Association; and American Bar Association.

**Charles J. LaDuca**, born Buffalo, New York, September 30, 1974. Admitted to the New York State Bar, 2001; District of Columbia bar, 2002; Third Circuit Court of Appeals, 2004; United States District Court for the Northern District of New York Bar, 2002. Education: George Washington University (B.A., 1996); Catholic University of America (J.D., 2000). Member: District of Columbia Bar Association (Corporation, Finance and Securities Law Section); New York State Bar Association; New York State Society.

**David W. Stanley**, born St. Louis, Missouri, May 30, 1944. Admitted to the District of Columbia Bar, 1973; Virginia State Bar, 1972. Admitted to practice before the U.S. District Court, District of Columbia, 1974; U.S. Court of Appeals, District of Columbia Circuit, 1978; U.S. Supreme Court, 1980. Education: University of Virginia (B.A., 1966); University of Virginia School of Law (J.D., 1972). Law clerk to Honorable Gerard D. Reilly, Chief Judge, District of Columbia Court of Appeals (1972-1973). Assistant U.S. Attorney, U.S. Attorney's Office for the District of Columbia, 1973-1984 (Fraud Division, 1981-1984); Assistant Chief Trial Attorney, Division of Enforcement, U.S. Securities and Exchange Commission (1984-1987); Of Counsel, Swidler & Berlin, Chartered (1987-1992). Member: District of Columbia Bar (Corporation, Finance and Securities Law Section; Litigation Section); District of Columbia Bar Association; Assistant U.S. Attorneys Association (President, 1994-1995); Association of Securities and Exchange Commission Alumni; The Barristers.

**Daniel Cohen**, born Detroit, Michigan, January 24,1958, Admitted to the Florida Bar, 1989; District of Columbia Bar, 2001. Education: Ithaca College (B.A. 1981); Western New England School of Law (J.D., 1988). Defense Criminal Trial Attorney, Public Defenders Office, Jacksonville Florida, 1989- 1999. Member: District of Columbia Bar Association (Antitrust and Consumer Law Section, Arts, Entertained, and Sports Law Section); Florida State Bar Association.

**William H. Anderson**, born Trenton, New Jersey, March 28, 1979. Admitted to the Pennsylvania Bar, 2004. Education: The George Washington University (B.A., cum laude 2000); American University (J.D., 2004). Law clerk to the Honorable Rhonda Reid Winston, Superior Court, District of Columbia (2004-2005). Member: Metropolitan Washington Employment Lawyers Association; Pennsylvania Bar Association.

**Alexandra Warren**, born Bucharest, Romania, October 9, 1977. Admitted to the New York State Bar, 2003; Massachusetts State Bar, 2003; Pennsylvania State Bar, 2004; United States District Court for the Eastern District of Pennsylvania 2005. Education: Brandeis University (B.A. cum laude 1999); Fordham University Law School (J.D. 2002). Law clerk to the Honorable John E. Jones III, United States District Court for the Middle District of Pennsylvania (2002-2004); Associate, MacElree Harvey, Ltd. (2004-2006). Member: Pennsylvania Bar Association.

**R. Brent Walton**, born Provo, Utah, April 8, 1968. Admitted to the Washington Bar, 1997. Admitted to practice before the U.S. Supreme Court; U.S. District Court for the Eastern and Western Districts of Washington; U.S. Court of Appeals for the Ninth Circuit; U.S. Court of Appeals for the District of Columbia Circuit. Education: Reed College (B.A., 1990); Tulane Law School (J.D., 1997). Assistant to the Chairman of the Board, America Media Council on Child Abuse (1988-1992); Development Director, Unrepresented Nations and Peoples Organization (1993-1994); Researcher, Earth Justice/SCLDF (1996-1997); Student Attorney, Tulane Legal Assistance Program (1994-1997); Litigation Extern, Legal Resources Centre of South Africa (1995); Bogle & Gates (1996); Short Cressman & Burgess (1997-2001); Hagens, Berman Sobol Shapiro (2001-2006). Member: ABA, American Trial Lawyers Association; Washington State Trial Lawyers Association; Trial Lawyers for Public Justice.

**Robert J. Cynkar**, born Chicago, Illinois, April 22, 1952. Admitted to the Illinois Bar, 1977; District of Columbia Bar, 1978; Virginia Bar, 1984. Admitted to practice before the United States Supreme Court, 1980; United States Court of Appeals for the First Circuit, 2006; United States Court of Appeals for the Second Circuit, 1995; United States Court of Appeals for the Third Circuit, 1992; United States Court of Appeals for the Fourth Circuit, 1983; United States Court of Appeals for the Fifth Circuit, 1995; United States Court of Appeals for the Sixth Circuit, 1992; United States Court of Appeals for the Eleventh Circuit, 2005; United States Court of Appeals for the District of Columbia Circuit, 1979; United States Court of Appeals for the Federal Circuit, 1992; United States Court of Appeals for the 8th Circuit, 2007 . Education: Princeton University (A.B., *magna cum laude*, 1974); New York University School of Law (J.D., 1977)(Staff, Law Review). Experience: Associate, Fried, Frank, Harris, Shriver & Kampelman, Washington, D.C. (1977-1979); Counsel, Subcommittee on Improvements in Judicial Machinery, United States Senate Committee

on the Judiciary (1979-1981); General Counsel, Subcommittee on Regulatory Reform, United States Senate Committee on the Judiciary (1981-1983); Assistant United States Attorney, Eastern District of Virginia (Criminal Division) (1983-1985); Special Assistant to Attorney General Edwin Meese (1985); Deputy Assistant Attorney General, Civil Division, United States Department of Justice (1985-1988); Associate, Shaw, Pittman, Potts & Trowbridge, Washington, D.C. (1988-1991); Partner, Shaw, Pittman, Potts & Trowbridge, Washington, D.C. (1991-1996); Founding Partner, Cooper & Kirk, Washington, D.C. (1996-2003); Partner, Egan, Fitzpatrick, Malsch & Cynkar, Vienna, Virginia (2004-2006). Publications: *Dumping on Federalism*, 75 U.COLO.L.REV. 1261 (2004); *The Changing Vocabulary of Administrative Law*, 43 FOOD DRUG COSM.L.J. 681 (1988); *Buck v. Bell: 'Felt Necessities' v. Fundamental Values?* 81 COLUMBIA L.REV. 1418 (1981).

**Matthew Wiener**, born Albany, New York, April 2, 1969. Admitted to the Pennsylvania Bar, 1996; District of Columbia Bar, 1999. Education: College of William and Mary (A.B. 1991); Stanford University (J.D., 1995); Articles Editor, Stanford Law Review. Partner, Dechert LLP (formerly Dechert Price & Rhoads), 2004-2006 (associate from 1995-2003). Adjunct Professor of Law, Rutgers University School of Law.

## COUNSEL TO THE FIRM

**Michael G. Lenett**, born New York, New York, February 24, 1962. Admitted to the District of Columbia bar, 1990; Maryland State bar, 1989; Virginia State bar, 1988 (resigned 1994). Admitted to practice before the U.S. District Court, District of Columbia, 1999; U.S. Supreme Court, 1992; U.S. Court of Appeals for the Tenth Circuit, 1991; U.S. Court of Appeals for the Ninth Circuit, 1990. Education: Brandeis University (B.A., with Honors, magna cum laude 1984); Georgetown University (M.A., 1988); Georgetown University (J.D., 1988); Georgetown University (LL.M., with Distinction 1992); Senior Articles and Notes Editor, American Criminal Law Review. Associate, McGuire, Woods, Battle and Boothe (1988-1990); Staff Attorney (1990-1991), Senior Counsel (1991-1993) and Special Counsel (1993), Office of the General Counsel, U.S. Securities and Exchange Commission; Adjunct Professor, The National Law Center, George Washington University (1992-1993); Counsel, Subcommittee on Antitrust, Monopolies, and Business Rights, Committee on the Judiciary, United States Senate (1993-1995); Democratic Counsel, Committee on the Judiciary, United States Senate (1995-1996). Member: District of Columbia Bar Association (Corporation, Finance and Securities Law Section; Litigation Section); Maryland State Bar Association; Bar Association of Montgomery County; American Bar Association (Government and Public Sector Lawyers Division; Young Lawyers Division; Business Law Section; Litigation Section). Publications: "Taking A Bite Out of Violent Crime," University of

Dayton Law Review (March, 1995); "The SEC Enters the ADR Zone," Business Law Today (ABA, Jan./Feb. 1993) (coauthored); "Recent SEC & SRO Enforcement Initiatives Regarding Broker-Dealer Supervision & Compliance," Second Annual Supervisory & Compliance Seminar (Prentice Hall Law & Business, 1990) (coauthored); "Enforcement Issues Arising From the Operations of Penny Stock Broker-Dealers," Insider Trading, Fraud & Fiduciary Duty Under the Federal Securities Laws (ALI-ABA, 1990) (coauthored); "Compliance Officers' Supervisory Responsibilities: The Chambers Case," 4 Insights 1 (July, 1990) (coauthored); "Defending SEC Insider Trading Investigations," Insider Trading, Fraud & Fiduciary Duty Under the Federal Securities Laws (ALI-ABA, 1989) (coauthored); "Fifth Amendment Limitations on Compelled Production of Evidence," 25 American Criminal Law Review 509 (Winter, 1988); "Airport Searches and Seizures: The Pulido Court's Response to Terrorism," 25 American Criminal Law Review 549 (Winter, 1988).


**Jon Anders Tostrud**, born St. Paul, Minnesota, February 6, 1969.  Admitted to the Minnesota bar, 1994; California Bar, 1999. Education: St. Olaf College (B.A., 1991); William Mitchell College of Law (J.D., 1994).  Specialities: Civil Rights Class Action; Wage and Hour, Employee Misclassification and Consumer Class Actions.

Attachment C

## GREENFIELD & GOODMAN LLC
### 7426 TOUR DRIVE
### EASTON, MD 21601-8109
### (410) 745-4149 Telephone
### (410) 745-4158 Facsimile
### whitehatrdg@earthlink.net

### *Firm Biography*

The Firm concentrates its practice in complex litigation and, particularly, in banking, consumer rights and shareholder litigation. As a direct result of the efforts of the Firm and its predecessors, many millions of dollars have been recovered for defrauded shareholders and other persons injured by illegal corporate activities. The Firm and its predecessors have also been responsible for obtaining a number of particularly noteworthy judicial opinions which have not only strengthened consumer and shareholder rights generally, but substantially aided in the prosecution of complex litigation to preserve such rights.

The Firm serves as Lead Counsel or Co-Lead Counsel for plaintiffs in class actions pending in courts located in, *inter alia*, Pennsylvania, Missouri, New York and California and, in addition, represents individuals with substantial personal claims.

RICHARD D. GREENFIELD has been admitted to practice before the Supreme Court of the United States, the Courts of Appeals for the Second, Third, Fifth, Ninth and Eleventh Circuits, various federal district courts, as well as the Courts of the Commonwealth of Pennsylvania, the State of New York and the State of Maryland. Mr. Greenfield is a 1965 graduate of the Cornell Law School, where he was awarded a J.D.. In addition, he has earned degrees in Accounting (B.S. Queens College) and Business Administration (M.B.A. Columbia University Graduate School of Business).

Mr. Greenfield is thoroughly experienced in banking, securities and consumer litigation, having served as Lead or Co-Lead Counsel for plaintiffs in class actions brought on behalf of trust beneficiaries against major trustee-banks, in shareholder class and derivative actions alleging violations of the federal securities laws and/or breaches of corporate governance standards as well as in a wide variety of banking and consumer fraud cases. Mr. Greenfield founded and was Senior Partner in a 48 lawyer Pennsylvania-based law firm that specialized in such litigation; it was disbanded in 1993.

Mr. Greenfield has achieved national and international recognition for his achievements and, in particular, for wide-ranging litigation involving the operations of banks, including features on the British Broadcasting Corporation's Money Programme; American Broadcasting Company's <u>Business World</u>; front-page articles in <u>The Wall Street Journal</u>; and a substantial article in <u>The New York Times</u>; a cover story in <u>Banker's Monthly</u>; and profile articles in <u>Florida Trend</u>, <u>The American Lawyer</u>, <u>Philadelphia Business Journal</u>, <u>The Philadelphia Inquirer</u>, <u>Dagens Industri</u> (Sweden's equivalent of <u>The Wall Street Journal</u>), <u>American Banker</u>, <u>St. Petersburg Times</u>, <u>United States Banker</u>, <u>Ft. Lauderdale Sun-Sentinel</u> and the <u>Palm Beach Daily News</u>. He is often sought by the business and legal media for comment on

a wide variety of corporate, securities and shareholder rights topics and has been frequently quoted in every major business and law newspaper and periodical. In 1989, he was selected by *The National Law Journal* as one of 50 lawyers under the age of 50 who achieved national recognition for their professional accomplishments. In 1991, he was selected by *The National Law Journal* as one of the nation's 100 most influential lawyers.

Mr. Greenfield has been a periodic member of the faculty of the Practising Law Institute and has participated as a lecturer and panelist most recently in the programs *New Trends in Securities Litigation* as well as PLI's *Securities Litigation Institute*. He has also been a guest speaker at the Annual Meeting of the Conference of Actuaries in Public Practice held in Seattle, Washington, where he presented a paper entitled *The Noose Tightens - Disclosure of Pension Liabilities Under The Federal Securities Laws*, which was subsequently published. He has addressed Annual Conventions of the Association of Trial Lawyers of America and numerous programs of ALI-ABA and the Litigation Section of the American Bar Association, where he has spoken on various topics including class actions, securities fraud litigation, corporate governance, discovery in commercial litigation, attorneys fees and RICO litigation against accountants and lawyers, among others. He has been a guest speaker at programs of the state bars of Pennsylvania, Minnesota and Georgia and by other sponsors including, *inter alia*, The Commonwealth Club of California, Executive Seminars, Prentice-Hall, etc. He has been invited to speak on complex litigation and class actions at a retreat of one of the nation's largest defense-oriented law firms. Most recently, Mr. Greenfield was a guest speaker at The Palm Beach Round Table, where the topic of his remarks was Corporate Kleptocracy – The Failure of Corporate Governance. He has also been a featured speaker in February and July 2005 and July 2006 at ALI-ABA programs in New Orleans, San Francisco and Chicago, where he spoke on the representation of beneficiaries in litigation against corporate fiduciaries.

Mr. Greenfield was a lecturer on bank fraud litigation at the Eighth Annual Banking Law Institute sponsored by the Texas Tech School of Law in Houston, and on securities litigation at the Minnesota Institute of Legal Education's annual "Lying, Cheating and Stealing" Seminar in Minneapolis. He has organized and presented a program on Federal Class Actions for the Federal Bar Association. He has been the featured speaker at Institutional Investor Institute's "Spring Pension Fund Roundtable" in New York and at the Inner Circle of Advocates' Annual Meeting in San Diego. He has been a member of the Board of Advisors of the Banking Law Review and has authored a chapter on class actions and other representative litigation in a desk book published by the New York State Bar Association entitled Federal Civil Practice, and its up-dates. He was a featured speaker at the Young Presidents Organization program on corporate litigation held in the United States Courthouse in Philadelphia presided over by the Honorable Stewart Daltzell and the Progressive Risk Management program on avoidance of shareholder litigation held in Sanibel Island, Florida. In 1996, Mr. Greenfield was a guest speaker at The International Biotechnology Conference in Philadelphia, where he spoke on the impact of the Private Securities Litigation Reform Act of 1995 and at the Pennsylvania Bar Institute's 2000 and 2001 programs where he addressed employees of the Law Department of the City of Philadelphia as well as members of the private bar on "Affirmative Municipal Litigation." He has also been a guest lecturer at the Wharton School of the University of Pennsylvania (leveraged buy-outs), Rutgers University School of Business (mergers and acquisitions) and the Temple University School of Law (shareholder derivative litigation). He

has also been a guest lecturer at the University of Florida Graduate School of Business in March, 2007, speaking on the subjects of corporate governance and shareholder litigation.

In July 2004, Mr. Greenfield was a guest lecturer for the Federal Financial Institutions Examination Council, the governmental training body for bank examiners of the FDIC, the Comptroller of the Currency and the Federal Reserve System, speaking on the subject of banks' conflicts of interest in the performance of their fiduciary responsibilities to beneficiaries. He is also Special Advisor to the Board of The Corporate Governance Institute of Florida Atlantic University. Mr. Greenfield was a guest speaker at the 24th International Symposium on Economic Crime held in September 2006 at Cambridge University in England speaking on the use of civil litigation in connection with the commission of economic crime.

Mr. Greenfield has been a member of the Editorial Advisory Board of Class Action Reports, for which he authored an article entitled "Rewarding The Class Representative: An Idea Whose Time Has Come," which appeared in the First Quarter, 1986 issue. He also authored "No More Chastity Belts: U.S. Needs Federal Corporate Code" for the Legal Times as well as many other articles for this publication and its affiliates in the American Lawyer Newspaper Group and has been a member of its National Board of Contributors. He has also written articles with respect to the fiduciary duties of financial institutions serving as trustees. He has been a member of the Federal Courts Committee of the Philadelphia Bar Association. He has also been active as Co-Chairman of the Class and Derivative Action and Securities Litigation sub-committees of the American Bar Association's Section on Litigation, and the Federal Bar Council of New York City.

Mr. Greenfield has also served as a Director of Equimark Corporation, a $2.5 billion, New York Stock Exchange listed bank holding company (prior to its acquisition) and two of its subsidiaries, Equibank (Delaware) N.A. and Liberty Savings Bank.

Mr. Greenfield has been a Trustee or Director of the Philadelphia Museum of Art, the Hirshhorn Museum & Sculpture Garden, the Jewish Family and Children's Service of Greater Philadelphia, the Philadelphia Bar Foundation, the Public Interest Law Center of Philadelphia, Palm Beach Opera, the Philadelphia Festival of the Arts, HomeSafe of Palm Beach County, Inc., Florida Philharmonic, Ballet Florida and Legal Aid Society of Palm Beach County, Inc. He has been a member of the National Committee for the Performing Arts of the Kennedy Center and the Collectors Committee of the National Gallery of Art in Washington, D.C.

MARGUERITE R. GOODMAN, a former member of the Firm, has been admitted to practice before the Supreme Court of the United States, the Courts of the Commonwealth of Pennsylvania, the Court of Appeals for the Third Circuit and the United States District Court for the Eastern District of Pennsylvania.

Ms. Goodman is a 1978 graduate of the Dickinson School of Law. She was on the First Place Team and won the American College of Trial Lawyers Award for Best Oral Argument at the 1977 National Appellate Moot Court Competition. She was selected for Law Review but declined for family reasons. She also holds a Masters degree in Communications

*from Cornell University (M.A., 1963) and a Bachelors degree from Brooklyn College (B.A., 1961).*

*Ms. Goodman has substantial experience in the prosecution and defense of complex commercial litigation, first with Pepper, Hamilton & Scheetz in Philadelphia, where she handled commercial, products liability, antitrust, regulatory and employment discrimination litigation. Thereafter, she was employed by the City of Philadelphia in various positions including serving as General Counsel to the Water Department and Deputy Solicitor for Enforcement, where she headed an 85-person division representing the City as plaintiff and increased its annual recovery from such litigation from $10 million to $28 million.*

*Following her employment by the City, Ms. Goodman became a Shareholder of Kohn, Savett, Klein & Graf, P.C. in Philadelphia, where she continued her commercial litigation practice, handling class action, contract, antitrust, and construction matters. In 1991, she began a solo commercial litigation practice specializing in shareholder, derivative and consumer class action litigation.*

*Ms. Goodman was the principal drafter, "Defense of Public Liability Litigation Arising out of Nuclear Accidents," Nuclear Litigation 187 (PLI 1979), the author of Note, Adoption of Walker, 81 Dickinson Law Review 857 (1977) and the editor and principal drafter, Newsletter, American Federation of Investors & Consumers.*

*Ms. Goodman has been a member of the Board of Directors of Planned Parenthood, the Florida Philharmonic, the Armory Art Center, Miami City Ballet, the Community Chest/United Way and Junior Achievement International.*

*Ms. Goodman and Mr. Greenfield are husband and wife.*

*March 12, 2007*

Attachment D

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES KELLMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:07-cv-01173 (RJL) |
| FRANKLIN D. RAINES, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | Judge Richard J. Leon |
| | ) | |
| and | ) | |
| | ) | |
| FANNIE MAE a/k/a Federal National Mortgage Association, | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| _____ | ) | |
| ARTHUR MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:07-cv-01221 (RJL) |
| FRANKLIN D. RAINES, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | Judge Richard J. Leon |
| | ) | |
| and | ) | |
| | ) | |
| FANNIE MAE a/k/a Federal National Mortgage Association, | ) | |
| | ) | |
| Nominal Defendant. | ) | |
| _____ | ) | |
| IN RE FEDERAL NATIONAL MORTGAGE ASSOCIATION SECURITIES, DERIVATIVE, AND "ERISA" LITIGATION | ) | MDL No. 1668 |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S KELLMER'S MOTION TO
CONSOLIDATE DERIVATIVE CASES AND APPOINT LEAD COUNSEL**

IT IS HEREBY ORDERED this _____ day of August 2007 that Plaintiff's

Kellmer's Motion to Consolidate Derivative Cases and Appoint Lead Counsel is

GRANTED, and it is further

ORDERED that Jonathan W. Cuneo and Richard J. Greenfield are appointed as

Lead Counsel in all shareholder derivative actions against Fannie Mae's directors,

officers, auditor, or others that are pending before the Court, that may be filed in the

future, and that may be transferred to the Court.

SO ORDERED.

DATED: _____         _____

THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that on July 27, 2007, I electronically filed the foregoing Plaintiff Kellmer's Motion to Consolidate Derivative Cases and Appoint Lead Counsel with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

O'MELVENY & MYERS LLP
Jeffrey W. Kilduff
Robert M. Stern
Natasha Colton
Michael J. Walsh, Jr.
1625 Eye Street, N.W.
Washington, DC 20006

GIBSON DUNN & CRUTCHEN, LLP
F. Joseph Warin
1050 Connecticut Avenue, N.W.
Washington, DC 20036

SULLIVAN & CROMWELL, LLP
Daryl Andrew Libow
Jeremy C. Bates
Richard H. Klapper
Patrice A. Rouse
Michael T. Tomaino
125 Broad Street
New York, NY 10004

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
Darren J. Robbins
Randall J. Baron
A. Rick Atwood, Jr.
Benny C. Goodman III
655 West Broadway, Suite 1900
San Diego, CA 92101

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
Nancy M. Juda
1100 Connecticut Avenue, N.W., Suite 730
Washington, DC 20036

THE WEISER LAW FIRM, P.C.
Robert B. Weiser
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

BARRETT, JOHNSTON & PARSLEY
George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
217 Second Avenue, North
Nashville, TN 37201


                                        _/s/ Jonathan C. Cuneo__
                                         Jonathan C. Cuneo