UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | MDL No. 1668 |
| **Kellmer v. Raines, et al.** | Civil Action No. 1:07-cv-01173 |
| | Judge Richard J. Leon |
| **Middleton v. Raines, et al.** | Civil Action No. 1:07-cv-01221 |
| | Judge Richard J. Leon |

**FANNIE MAE'S RESPONSE TO PLAINTIFF KELLMER'S MOTION TO CONSOLIDATE DERIVATIVE CASES AND APPOINT LEAD COUNSEL**

Fannie Mae, by and through undersigned counsel, hereby responds to Kellmer's Motion to Consolidate Derivative Cases and Appoint Lead Counsel. As explained further below, each of the two new shareholder derivative cases – *Kellmer v. Raines, et al.*, Civil Action No. 1:07-cv-01173 and *Middleton v. Raines, et al.*, Civil Action No. 1:07-cv-01221 – are not properly before the court and should be dismissed. Because such a resolution would moot the pending motion the Court should deny Kellmer's motion or, at a minimum, hold it in abeyance until after Motions to Dismiss are decided.

**PROCEDURAL HISTORY**

As this Court is well aware, in late 2004 and early 2005 numerous putative derivative plaintiffs filed shareholder derivative actions against current and former officers and directors of Fannie Mae. Among these cases was one filed by plaintiff James Kellmer (who is currently plaintiff in one of the above-captioned actions), and two separate cases were filed by Wayne

1

County Employees Retirement System and Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust, represented by the Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Barrett Johnston & Parsley law firms, respectively. After briefing and argument on the issue of consolidation and leadership with respect to those original actions, the Court issued an order on February 14, 2005 consolidating all of the outstanding shareholder derivative cases into Case No. 04-1783, appointing Wayne County and Pirelli to act as Co-Lead Plaintiffs, and appointing lawyers from the Lerach Coughlin and Barrett Johnston law firms to act as Co-Lead Counsel ("Consolidation Order").

On the same day, the Court also entered Pretrial Order #1 ("PTO #1") in Case No. 04-1783. That order states that "Plaintiffs' Co-Lead Counsel shall [h]ave the authority to speak for plaintiffs in matters regarding pretrial procedure, trial and settlement negotiations." (PTO #1 at 6.) PTO #1 further states that "Co-Lead Plaintiffs shall file and serve a Consolidated Complaint for the Consolidated Action…. The Consolidated Complaint *will supersede all existing complaints filed in this action*." (*Id.* at 7 (emphasis added).) Pursuant to PTO #1, plaintiff Kellmer's case was consolidated into Case No. 04-1783 and the docket for this individual case, Case No. 05-0037, was closed. PTO #1 provided that any party could apply for relief from its terms within ten days of its entry; Kellmer declined to do so, thereby conceding that the Lerach Coughlin and Barrett Johnston law firms and whatever decisions they made in styling the Consolidated Complaint would govern from that point forward. (PTO #1 at 5.)

Co-Lead Plaintiffs filed an amended complaint pursuant to PTO #1 on September 26, 2005, and a First Amended Consolidated Complaint on September 5, 2006. In each complaint, Co-Lead Plaintiffs alleged expressly that demand on the Board would be futile. *See* Consolidated Compl. ¶¶ 77-126; First Amended Consolidated Compl. ¶¶ 90-147. Neither

complaint referenced Kellmer's September 2004 demand. The Court dismissed Co-Lead Plaintiffs' complaint on May 30, 2007 for failure to make demand pursuant to the requirements of Fed. R. Civ. P. 23.1. Co-Lead Plaintiffs, through Co-Lead Counsel at the Lerach Coughlin and Barrett Johnston law firms, timely filed a notice of appeal with this court in Case No. 04-1783, and this Court transmitted that case to the D.C. Circuit, where it was assigned Case No. 07-7108.

## ARGUMENT

Kellmer's motion for consolidation should be denied. As an initial matter, until the D.C. Circuit rules on this Court's decision dismissing the consolidated derivative case for failure to make a demand, *no* demand-made case can proceed. The Board cannot simultaneously be forced to defend a complaint alleging, inconsistently, that it is unable to act and that it is able to act but failed to act. Until there has been a final determination about whether the Board can proceed to consider the claims that Co-Lead Plaintiffs in the consolidated action purport to bring (which Fannie Mae fully expects to be the result of the ongoing appeal), neither Kellmer nor Middleton can bring a demand-made case.

Moreover, even if the appeal was complete, neither Kellmer's nor Middleton's case could survive because the September 2004 demand is not a valid starting point for either plaintiff. As for Kellmer, this demand was vitiated when the Co-Lead Plaintiffs elected to pursue the theory that any demand on Fannie Mae's Board of Directors ("Board") would have been futile. Indeed, as discussed *supra,* Kellmer's original case based on the September 2004 demand was consolidated into *In re Fannie Mae Derivative Litigation*, Case. No. 04-1783, pursuant to the terms of the Consolidation Order and PTO #1. When the Court dismissed that consolidated action, it necessarily dismissed Kellmer's previously filed action at the same time. Kellmer

3

neither appealed the Court's consolidation of his action into *In re Fannie Mae Derivative Litigation*, nor the Court's dismissal of that consolidated proceeding.  Kellmer cannot now proceed as if his complaint has not been dismissed and purport to re-file a new complaint premised on the demand.

Middleton's complaint fares no better.  As his complaint reveals, he *never* made a demand on the Board.  Indeed, Middleton is represented by the Lerach Coughlin and Barrett Johnston law firms – the same firms that this Court appointed as Co-Lead Counsel representing Co-Lead Plaintiffs Wayne County and Pirelli in consolidated Case No. 04-1783 two and a half years ago.  These firms asserted on behalf of Co-Lead Plaintiffs that demand would be futile and continue to press that argument in their appeal of the Court's May 30, 2007 order dismissing Co-Lead Plaintiffs' complaint to the D.C. Circuit.  Accordingly, Middleton lacks standing to pursue a demand made case.  *Judicial Watch, Inc. v. Deutsche Bank*, 2000 U.S. Dist. LEXIS 6153 at *11 (D.D.C. April 28, 2000); *see also Kaplan v. Peat Marwick*, 540 A.2d 726,731 n.2 (Del. 1988).

Because Middleton lacks the standing to pursue his claims, and because his claims are precluded for reasons separate and apart from those precluding Kellmer's claims, the Court should not allow either case to proceed in any fashion until both complaints have been tested by motions to dismiss.  Consequently, the Court should deny Kellmer's motion.

4

Dated:  August 10, 2007

      /s/ Jeffrey W. Kilduff
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414
***Counsel to Nominal Defendant Fannie Mae***

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

                                                /s/ Michael J. Walsh, Jr.
                                                Michael J. Walsh, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **Kellmer v. Raines, et al.** | **Civil Action No. 1:07-cv-01173**<br><br>**Judge Richard J. Leon** |
| **Middleton v. Raines, et al.** | **Civil Action No. 1:07-cv-01221**<br><br>**Judge Richard J. Leon** |

## [PROPOSED] ORDER

The Court, after considering Plaintiff Kellmer's Motion to Consolidate Derivative Cases and Appoint Lead Counsel, hereby **ORDERS** that the motion is denied without prejudice on the ground that it is premature.

IT IS SO **ORDERED** on this _____ day of _____, 2007.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE