UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES KELLMER,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN D. RAINES, *et al.*,<br><br>    Defendants,<br><br>    and<br><br>FANNIE MAE a/k/a Federal National Mortgage Association,<br><br>    Nominal Defendant. | ) ) ) ) ) Case No. 1:07-cv-01173 (RJL)<br>) ) ) ) ) ) ) ) ) ) ) ) ) |
| ARTHUR MIDDLETON,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN D. RAINES, *et al.*,<br><br>    Defendants,<br><br>    and<br><br>FANNIE MAE a/k/a Federal National Mortgage Association,<br><br>    Nominal Defendant. | ) ) ) ) ) Case No. 1:07-cv-01221 (RJL)<br>) ) ) ) ) ) ) ) ) ) ) ) ) |
| IN RE FEDERAL NATIONAL MORTGAGE ASSOCIATION SECURITIES, DERIVATIVE, AND "ERISA" LITIGATION | ) MDL No. 1668<br>) ) |

### REPLY IN SUPPORT OF PLAINTIFF KELLMER'S MOTION
### TO CONSOLIDATE DERIVATIVE CASES AND APPOINT LEAD COUNSEL

Plaintiff Kellmer respectfully submits this Reply in Support of his Motion to Consolidate Derivative Cases and Appoint Lead Counsel.

### INTRODUCTION

Fannie Mae, in violation of its commitment to the Court and to Plaintiff to take no position on Plaintiff Kellmer's motion,[1] has opposed the motion. Fannie Mae advances no valid reasons why the requested consolidation is inappropriate, nor any reasons at all as to why Plaintiff Kellmer's counsel would not be appropriate to serve as lead counsel in the derivative cases. Rather, Fannie Mae's opposition is based solely on its bold prediction that its motion to dismiss Plaintiff Kellmer's Complaint, which is not even due to be filed for another 2 ½ months, will be granted some time in the future. Moreover, its prediction is based on the simply incorrect premise that the Court has previously dismissed Plaintiff Kellmer's derivative claims. Because the Court has not, and could not, dismiss Plaintiff Kellmer's claims for failure to make a pre-suit demand, the only basis for the Court's order of May 30, 2007, the prediction is unlikely to come true.

While it is true that the *Middleton* case suffers from various infirmities, including the failure of Plaintiff Middleton to have made a pre-suit demand on Fannie Mae's Board of

---

[1] *See* Consent Motion to Extend Time to Respond and Enter Stipulated Order (Kellmer Dkt. No. 4) at 2.

2

Directors, that circumstance is, as well, not presently before the Court. In the meantime, because needless duplication of time, effort and expense in this ongoing litigation will occur absent administrative consolidation under and pursuant to Rule 42(a), the Court should grant the motion to consolidate and appoint Plaintiff Kellmer's counsel as lead derivative counsel.

## ARGUMENT

Fannie Mae does not argue that consolidation of these cases is inappropriate under Rule 42(a), Fed. R. Civ. P., nor could it. The two cases clearly involve "common questions of law [and] fact." *Id.* Likewise, Fannie Mae does not argue that Plaintiff Kellmer's counsel are not qualified to serve as lead counsel of consolidated derivative litigation. Their resumes submitted with the original motion establish that they are well-qualified. Instead, Fannie Mae simply predicts that these cases will ultimately be dismissed and therefore the Court should deny the motion or hold it in abeyance until motions to dismiss have been decided. This is a prescription for confusion and waste, particularly since there is on-going discovery and the avoidance of duplication is a manifest necessity.

In the previous litigation more than six months elapsed between the filing of motions to dismiss and the Court's order of dismissal on May 30, 2007. In the instant case defendants are not even due to respond to Plaintiff Kellmer's complaint for another 2 ½ months. Thus it could be another nine months or longer before motions to dismiss are ruled upon. In the meantime, discovery is ongoing in the securities and ERISA litigation, in which, with the consent of Fannie Mae, Plaintiff Kellmer's counsel will actively participate. *See* Consent Motion to Extend Time to Respond and Enter Stipulated Order (Kellmer Dkt. No. 4) at 1-2. To leave the derivative litigation rudderless for a lengthy period of time can only lead to duplicative and wasteful activity

involving the Court and all the parties. Such Darwinian litigation is not in the best interests of anyone and is the very type of thing that Rule 42(a) consolidation is intended to avoid. It should be noted that at this juncture that it would be inappropriate to have substantive consolidation of the *Kellmer* and *Middleton* actions. This is so due to the fact that Plaintiff Kellmer, consistent with the requirements of Rule 23.1, has made a pre-suit demand on Fannie Mae's Board. Plaintiff Middleton advances a contrary theory and argues, instead, that contrary to the jurisprudence on thisw issue, no such pre-suit demand is required of him.

Fannie Mae's sole ground for opposing the motion is that it believes that – some day – the Court will dismiss these cases. With respect to the *Kellmer* case, Fannie Mae's argument is based on a series of misstatements and errors.

First, it is simply wrong to say that Plaintiff Kellmer, by failing either to seek relief from Pretrial Order No. 1 ("PTO # 1") within 10 days or by appealing from its entry, acquiesced in the appointment of lead counsel and any strategy they pursued. Simply put, the 10 day relief provision of PTO # 1 is clearly inapplicable to Plaintiff Kellmer's case. It applies only to "newly-filed or transferred case[s]." PTO # 1 at 5. Plaintiff Kellmer's case was neither. Fannie Mae, which quoted repeatedly from this 8 page order must have known that this provision did not apply. Likewise, Fannie Mae must know that a consolidation order is not an appealable order. Indeed, when Plaintiff Jeffrey Bader sought to appeal his inclusion in the consolidated derivative case pursuant to PTO # 1, the D.C. Circuit dismissed his appeal because the Court's orders were "not final and [did] not meet the 'stringent' requirements of the collateral order doctrine." Order, No. 05-5375, (D.C. Cir.)(Dkt. No. 106, Case No. 1:04-cv-01783 (RJL)).

Far from acquiescing in the appointment of lead derivative counsel by the Court, Plaintiff

4

Kellmer sought to have his own counsel appointed as an additional lead derivative counsel and opposed the appointment of certain of the counsel ultimately appointed by the Court as sole lead derivative counsel. *See* Plaintiff Kellmer's Formal Position With Respect to Consolidation and Leadership of the Derivative Cases (Dkt. No. 10, Case No. 1:04-02084 (RJL). Moreover, when the lead counsel that were appointed filed a consolidated complaint which omitted mention of Plaintiff Kellmer and his pre-suit demand and when defendants made failure to make such demand a centerpiece of their motions to dismiss, Plaintiff Kellmer sought to intervene on the grounds, *inter alia*, that his interests and those of all the other Fannie Mae shareholders were not being adequately represented by lead derivative counsel who had not made the required pre-suit demand. *See* James Kellmer's Motion to Intervene and Incorporated Memorandum of Law (Dkt. No. 175, Case No. 1:04-cv-01783(RJL)). The Court never acted upon this motion.

Finally, Fannie Mae is wrong in suggesting that Plaintiff Kellmer should have appealed from the dismissal of the consolidated complaint. In the first place he was precluded from doing so by the terms of PTO # 1, which placed the responsibility for all filings upon lead derivative counsel and precluded other plaintiffs from doing so. *See* PTO # 1 at 6. More fundamentally though, Plaintiff Kellmer could not have appealed because his claims were not dismissed, and could not have been dismissed.

Plaintiff Kellmer's claims and, most importantly, his pre-suit demand were not even referred to by the other plaintiffs in the consolidated derivative complaint , nor were they addressed in the Court's dismissal order of May 30, 2007, which was entirely premised on the failure of lead plaintiffs to make a pre-suit demand and their inability to establish demand futility. Accordingly, Plaintiff Kellmer's demand-made claims survived the dismissal of the

consolidated derivative complaint and he had nothing to appeal from.

Even if the Court had purported to dismiss Plaintiff Kellmer's claims – and it did not – it would have been error to have done so. Consolidation of cases "is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suits parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933). Consolidation, being a purely ministerial act, does not merge the rights of the parties, but is merely intended to relieve the Court and parties of the burden of duplicative litigation. It follows that dismissal of a case for failure to make a pre-suit demand cannot result in the dismissal of a case where a demand was made, consolidation notwithstanding. Thus Fannie Mae's sole ground for denial of the instant motion – its prediction that Plaintiff Kellmer's suit is subject to dismissal because the Court has already dismissed it – is unavailing.

## CONCLUSION

Wherefore, the motion to consolidate and appoint Plaintiff Kellmer's counsel as lead derivative counsel should be granted.

August 17, 2007

          Respectfully submitted,

          By: /s/ David W. Stanley

          JONATHAN W. CUNEO (D.C. Bar # 939389)
          ROBERT J. CYNKAR (D.C. Bar # 947845)
          DAVID W. STANLEY (D.C. Bar # 174318)
          WILLIAM ANDERSON (D.C. Bar # 502380)
          **CUNEO GILBERT & LaDUCA, LLP**
          507 C Street, N.E.
          Washington, DC 20002

202-789-3960

RICHARD D. GREENFIELD
**GREENFIELD & GOODMAN, LLC**
7426 Tour Drive
Easton, MD 21601
410-745-4149

ANN MILLER
**ANN MILLER, LLC**
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
215-238-0468

*Counsel for Plaintiff James Kellmer*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2007, I electronically filed the foregoing Reply in Support of Plaintiff Kellmer's Motion to Consolidate Derivative Cases and Appoint Lead Counsel with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record, who have agreed to accept service on behalf of nominal defendant Fannie Mae and certain other defendants:

O'MELVENY & MYERS LLP
Jeffrey W. Kilduff
Robert M. Stern
Natasha Colton
Michael J. Walsh, Jr.
1625 Eye Street, N.W.
Washington, DC  20006

In addition, I also certify that I caused to be served via Federal Express the foregoing Reply in Support of Plaintiff Kellmer's Motion to Consolidate Derivative Cases and Appoint Lead Counsel upon the following counsel:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
Darren J. Robbins
Randall J. Baron
A. Rick Atwood, Jr.
Benny C. Goodman III
655 West Broadway, Suite 1900

San Diego, CA 92101

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
Nancy M. Juda
1100 Connecticut Avenue, N.W., Suite 730
Washington, DC 20036

THE WEISER LAW FIRM, P.C.
Robert B. Weiser
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

BARRETT, JOHNSTON & PARSLEY
George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
217 Second Avenue, North
Nashville, TN 37201

GIBSON DUNN & CRUTCHER, LLP
F. Joseph Warin
1050 Connecticut Avenue, N.W.
Washington, DC 20036

SULLIVAN & CROMWELL, LLP
Daryl Andrew Libow
Jeremy C. Bates
Richard H. Klapper
Patrice A. Rouse
Michael T. Tomaino
125 Broad Street
New York, NY 10004

            /s/ David W. Stanley
            David W. Stanley