UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | MDL No. 1668 |
| **Kellmer v. Raines, et al.** | Civil Action No. 1:07-cv-01173 |
| | Judge Richard J. Leon |
| **Middleton v. Raines, et al.** | Civil Action No. 1:07-cv-01221 |
| | Judge Richard J. Leon |

## OPPOSITION TO JOINT MOTION TO CONTINUE AUGUST 30, 2007 STATUS CONFERENCE

Nominal Defendant Fannie Mae ("Fannie Mae"), on behalf of itself and with the consent of individually named defendants Franklin D. Raines, J. Timothy Howard, Leanne Spencer, Daniel H. Mudd, James A. Johnson, Lawrence M. Small, Jamie Gorelick, Robert J. Levin, Stephen B. Ashley, Thomas P. Gerrity, Kenneth M. Duberstein, Ann Korologos, Frederic V. Malek, Donald B. Marron, Anne M. Mulcahy, Joe K. Pickett, Leslie Rahl, H. Patrick Swygert, John D. Wulff, Victor H. Ashe, William R. Harvey, Taylor C. Segue, III, Manuel Justiz, Vincent A. Mai, Roger E. Birk, Stephen Friedman, Garry Mauro, Maynard Jackson, and Esteban E. Torres, by their respective counsel, hereby oppose the motions filed by plaintiffs Kellmer and Middleton seeking to continue the status conference in the above-captioned actions, currently scheduled for August 30, 2007 at 2:30 p.m. in Courtroom 18, to October 25, 2007, over one month after defendants' responses to Middleton's complaint are currently due and one day after most defendants' responses to Kellmer's complaint are currently due. Such a continuance would

be inappropriate given that fundamental case management issues, specifically with respect to the establishment of a staggered briefing schedule, have yet to be brought before the Court and should be addressed prior to the commencement of motion practice.

Neither Kellmer nor Middleton conferred with counsel for the defendants prior to seeking this lengthy continuance. While the defendants have generally been accommodating when it comes to extensions, this is a different situation. Defendants' response to Middleton's complaint is due on September 14, and their response to Kellmer's complaint is due on October 24. For the reasons that counsel previewed at the last status conference, defendants need clarity on fundamental case management issues *before* these deadlines come to pass.

Therefore, for purposes of an orderly status conference, Fannie Mae proposes the following two-item agenda to address these important case management and scheduling issues. First, the defendants would like the opportunity to explain why they believe that the Court would benefit from staggered briefing on motions to dismiss. While the defendants have numerous grounds for dismissal of both complaints for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), they also have arguments for dismissal that logically precede those that they would make in a traditional 12(b)(6) motion. These early motions to dismiss would address the threshold issue of whether these new cases can proceed at all given the pendency of Co-Lead Plaintiffs' appeal of the Court's order dismissing Case No 04-1783. They would also show that Kellmer's and Middleton's claims are precluded by prior rulings of this Court. With respect to plaintiff Kellmer, the defendants' early motion would also address Kellmer's waiver of his rights caused by his failure to appeal to the D.C. Circuit both the Court's February 14, 2005 Consolidation Order and its May 31, 2007 order dismissing the case. With respect to plaintiff Middleton, the defendants' early motion would address plaintiff Middleton's concession that he

has made no demand on the Board, a standing defect that proves fatal in this Circuit. Only if the Court denied one or both of these preliminary motions would more briefing on traditional 12(b)(6) grounds be required. The second case management issue that the defendants would like to address before the Court is plaintiff Middleton's right (or more appropriately his lack thereof) to participate in ongoing discovery in the coordinated MDL proceeding.

If, as plaintiffs request, the August 30 status conference is postponed until October 25, after defendants' motions to dismiss both cases are due, the defendants will be required to expend resources preparing (and the Court will be required to expend resources reviewing) 12(b)(6) motions that could be avoided if the staggered briefing schedule that defendants propose is adopted. Therefore, in the interest of judicial economy and efficiency, the Court should deny plaintiffs' motion and hold the status conference as scheduled on August 30.

Dated: August 22, 2007

      /s/ Michael J. Walsh, Jr.
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414
***Counsel to Nominal Defendant Fannie Mae***

**CERTIFICATE OF SERVICE**

I certify that on August 22, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

                                                            /s/ Michael J. Walsh, Jr.
                                                               Michael J. Walsh, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **Kellmer v. Raines, et al.** | **Civil Action No. 1:07-cv-01173**<br><br>**Judge Richard J. Leon** |
| **Middleton v. Raines, et al.** | **Civil Action No. 1:07-cv-01221**<br><br>**Judge Richard J. Leon** |

### [PROPOSED] ORDER

The Court, after considering Plaintiffs Kellmer and Middleton's respective Motions to Continue the August 30, 2007 status conference in the above-captioned cases, hereby **ORDERS** that the motions are denied.

IT IS SO **ORDERED** on this _____ day of _____, 2007.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE