UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| Kellmer v. Raines, et al. | Civil Action No. 1:07-cv-01173<br><br>Judge Richard J. Leon |

**OMNIBUS MOTION TO DISMISS JAMES KELLMER'S THIRD COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, ON THE GROUND OF CLAIM PRECLUSION, AND OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)**

Upon plaintiff James Kellmer's Complaint, and all prior pleadings and proceedings herein, Nominal Defendant Fannie Mae hereby moves this Court for an order dismissing Kellmer's Complaint for lack of subject matter jurisdiction or, in the alternative, on the ground that Kellmer's claims are precluded by the doctrine of *res judicata*. Fannie Mae also opposes Kellmer's Motion For Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b), which should also be denied for lack of subject matter jurisdiction.[1] These arguments are set forth more fully in the accompanying Memorandum Of Law In Support Of Omnibus Motion To Dismiss James Kellmer's Third Complaint For Lack Of Subject Matter Jurisdiction, Or, In The Alternative, On The Ground Of Claim Preclusion, And Opposition To Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b).

---

[1] Fannie Mae is filing this omnibus motion to dismiss and opposition pursuant to the Court's October 3, 2007 Minute Order in the above-captioned action.

Dated: October 12, 2007

      /s/ Michael J. Walsh, Jr.
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T: 202/383-5300
F: 202/383-5414
***Counsel to Nominal Defendant Fannie Mae***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | MDL No. 1668 |
| **Kellmer v. Raines, et al.** | Civil Action No. 1:07-cv-01173<br><br>Judge Richard J. Leon |

**MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION TO DISMISS JAMES KELLMER'S THIRD COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, ON THE GROUND OF CLAIM PRECLUSION, AND OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)**

Fannie Mae, through undersigned counsel, hereby submits the attached memorandum of law in support of its motion to dismiss putative derivative plaintiff James Kellmer's *third* complaint based on the allegations set forth in the three year old interim report issued by the Office of Federal Housing Enterprise Oversight ("OFHEO"), dated September 17, 2004. Kellmer's latest complaint is nearly identical to one of his previously filed complaints and alleges the same causes of action as Co-Lead Plaintiffs' First Amended Consolidated Complaint, both of which are part of the long-pending consolidated shareholder derivative actions, *In re Fannie Mae Derivative Litig.*, Case No. 04-1783 ("Consolidated Cases"). The Court dismissed the Consolidated Cases in a May 31, 2007 Order ("Dismissal Order"), and they are now on appeal to the United States Court of Appeals for the District of Columbia Circuit. By virtue of that appeal, this Court lacks subject matter jurisdiction to hear Kellmer's newest attempts to again prosecute those same claims on behalf of Fannie Mae.

Even if this Court did have jurisdiction to hear Kellmer's complaint – and it does not – it is barred by the preclusive effect of the Dismissal Order. Therefore, the Court should dismiss Kellmer's complaint for lack of subject matter jurisdiction, or, in the alternative, find that Kellmer's complaint is barred by the doctrine of claim preclusion.

The Court should also deny Kellmer's Rule 60(b) motion for relief from the Dismissal Order because the Court lacks jurisdiction to resolve that motion due to the pending appeal. Kellmer's should have sought that relief with the D.C. Circuit, not with this Court. Because he failed to timely avail himself of that remedy, his Rule 60(b) motion must also be denied.

## **PROCEDURAL HISTORY**

Over three years have passed since the first putative derivative plaintiff, Hedda Rudoff, filed the first of twelve shareholder derivative lawsuits against current and former officers and

directors of Fannie Mae. The Court consolidated all of those cases (including two filed by James Kellmer, the plaintiff in the above-captioned action) into the Consolidated Cases and, after full briefing and argument, dismissed them. The Consolidated Cases are currently on appeal to the D.C. Circuit, where they have been assigned Case No. 07-7108. The procedural history of the Consolidated Cases currently on appeal establishes the bases for Fannie Mae's current motion to dismiss and is therefore recounted below.

Between September 2004 and January 2005, after plaintiff Rudoff filed her putative shareholder derivative action, nine other putative derivative plaintiffs filed a total of twelve putative shareholder derivative actions against current and former officers and directors of Fannie Mae. Kellmer, the plaintiff in the above-captioned action, filed two of them. First, on December 1, 2004, Kellmer filed a "books and records" action in this Court pursuant to 8 Del. C. § 220 seeking to inspect and copy certain of Fannie Mae's books and records. *See Kellmer v. Fed. Nat'l Mortgage Ass'n*, Case No. 1:04-cv-2084 (RJL), Compl. (D.D.C. filed Dec. 1, 2004) ("*Kellmer I*"). Then, six weeks later (after three more putative derivative plaintiffs filed demand-futility cases), Kellmer filed a second complaint alleging that Fannie Mae's Board of Directors ("Board") improperly refused a demand on the Board that Kellmer made in September 2004. *See Kellmer v. Marron, et al.*, Case No. 1:05-cv-0037 (RJL), Compl. (D.D.C. filed Jan. 10, 2005) ("*Kellmer II*").

Two days after *Kellmer II* was filed, on January 12, 2005, the Court held a status conference in all of the shareholder derivative actions then pending in this Court in order to hear the parties' views on the case management issues the Court was then facing. Specifically, the Court asked for the parties' positions on whether all of the derivative cases then pending could be consolidated and whether the parties supported the appointment of a lead plaintiff and lead

counsel to manage the consolidated litigation. *See* Jan. 12, 2005 Hearing Tr. at 12:3-6 ("I look to counsel to make suggestions along the way that they believe will streamline things and increase efficiency, increase the expeditious resolution of these matters.") Kellmer's counsel attended that hearing and argued that the *Kellmer II* case should not be consolidated into the rest of the cases because "the factual issues in a demand made case as distinct from a demand futile case are quite different as threshold matters." Jan. 12, 2005 Hearing Tr. at 21:19-21 (Greenfield). The Court invited all parties to brief the issues of consolidation and leadership, *id*. at 23-24, and one week later, Kellmer filed his "Formal Position" papers on those issues.

In that filing, Kellmer reiterated the positions that he advanced at the January 12, 2005 status conference. Kellmer argued that his *Kellmer II* case was the only shareholder derivative case then before the Court that could be prosecuted as a demand-refused case because he was the only derivative plaintiff who made a demand on the Board, and that substantive differences between demand-futile and demand-made cases prevented the consolidation of one into the other. (*See* Kellmer Formal Pos. at 4) (Kellmer noted that "there are important threshold legal and discovery issues that distinguish the two types of cases rendering them in conflict with one another, at least at this stage in the litigation.") Kellmer argued that the filing of a single consolidated complaint would therefore be inappropriate, and that the Court should adopt a multi-track leadership system that allowed Kellmer to prosecute his demand-refused case separately from the remaining demand futility cases. (*Id.* at 5, 8.) Kellmer was the only plaintiff who supported a dual leadership structure. In its own papers, plaintiff Wayne County, who was ultimately appointed as one of the lead plaintiffs, opposed Kellmer's proposal on the ground that:

> [t]here is no substantive difference in prosecuting a derivative case in which a demand was made on a board of directors ("Demand Made case") and one in which it has been alleged that no demand was made because demand would be futile ("No Demand case").

3

> One or the other is required before any action can be brought to "enforce a right of a corporation." Fed. R. Civ. P. 23.1. In either case, "[t]he complaint shall allege with particularity the efforts, if any made by the plaintiff to obtain the action the plaintiff desires ... or [the reasons] for not making the effort.

(Wayne Co. Corrected Mot. to Consolidate at 21-22.)

With the benefit of extensive briefing and argument on the issues of consolidation and leadership, the Court issued an order on February 14, 2005 rejecting Kellmer's arguments and consolidating all of the outstanding shareholder derivative cases into Case No. 04-1783. ("Consolidation Order") The Court held that:

> [n]otwithstanding Plaintiff Kellmer's ... arguments that "demand made" and "demand futile" [cases] should not be consolidated into one action, the Court finds that this distinction is insufficient to necessitate separate actions at this point in the litigation. Accordingly, all of the above-referenced actions, and any future-filed or transferred cases based on the same facts as those alleged in these actions, will be consolidated into the first filed action.

(Consolidation Order at 4-5.) The Court appointed Wayne County Employees' Retirement System and Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust to act as Co-Lead Plaintiffs, and appointed lawyers from the Lerach Coughlin (now Coughlin Stoia) and Barrett Johnston law firms to act as Co-Lead Counsel. (Consolidation Order at 5-7.)

On the same day, the Court also entered Pretrial Order #1 ("PTO #1") in the newly Consolidated Cases. PTO #1 provided that the *Kellmer II* case, among others, was "hereby consolidated into the first-filed action. . . . The consolidation will be for all purposes through final judgment. The case docket for all actions consolidated into the Consolidated Action shall be closed." (PTO #1 at 3-4.) PTO #1 also stated that "Plaintiffs' Co-Lead Counsel shall [h]ave the authority to speak for plaintiffs in matters regarding pretrial procedure, trial and settlement negotiations…." (PTO #1 at 6.) PTO #1 further stated that "Co-Lead Plaintiffs shall file and serve a Consolidated Complaint for the Consolidated Action…. The Consolidated Complaint

4

*will supersede all existing complaints filed in this action.*"[1] (*Id.* at 7 (emphasis added).) Therefore, pursuant to PTO #1, both the *Kellmer I* and *Kellmer II* actions were consolidated into the Consolidated Cases, and their respective dockets were closed.[2]

Critically, PTO #1 provided a mechanism through which parties who disagreed with the Court's Consolidation Order could apply for relief from its terms within ten days of its entry. (PTO #1 at 5.) Accordingly, Kellmer could have sought relief from the consolidation. Kellmer chose not to do so, however, thereby conceding that his claims would be part of the action prosecuted by the Lerach Coughlin and Barrett Johnston law firms and that the decisions they made would be binding on him.

Pursuant to PTO #1, Co-Lead Plaintiffs filed an amended complaint in the Consolidated Cases on September 26, 2005, and then filed a First Amended Consolidated Complaint on September 1, 2006. In each complaint, Co-Lead Plaintiffs abandoned the previously lodged demand, instead expressly alleging that demand on the Board would be futile. *See* Consolidated Compl. ¶¶ 77-126; First Amended Consolidated Compl. ¶¶ 90-147.

On May 31, 2007, the Court dismissed Co-Lead Plaintiffs' First Amended Consolidated Complaint in the Consolidated Cases for failure to make demand pursuant to the requirements of Fed. R. Civ. P. 23.1. Co-Lead Plaintiffs, through Co-Lead Counsel at the Lerach Coughlin and Barrett Johnston law firms, and on behalf of all plaintiffs (including Kellmer) whose actions

---

[1] PTO #1 also provided that "[w]hen a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another court," the clerk shall file PTO #1 in the new matter, consolidate it into the Consolidated Cases, and close the docket for the newly filed or transferred case. (PTO #1 at 5.)

[2] *Kellmer I*, the books and records action, was ultimately resolved on March 18, 2005 after negotiations between Fannie Mae and Co-Lead Plaintiffs. The *Kellmer II* case remains a part of the Consolidated Cases, which are currently on appeal to the D.C. Circuit. Kellmer's suggestion in Paragraph 9 of the *Kellmer III* complaint that he is unsure why the *Kellmer II* docket was closed is belied by his other filings. For example, in his motion to consolidate the *Kellmer III* case with a case filed by plaintiff Arthur Middleton, Kellmer concedes that the *Kellmer II* docket was closed because the *Kellmer II* case became a part of the Consolidated Action. (*See* Kellmer Mot. to Consol. ¶ 1.)

constituted the Consolidated Cases, timely filed a notice of appeal with this Court, and this Court transmitted the Consolidated Cases to the D.C. Circuit, where they were assigned Case No. 07-7108. Kellmer could have filed his own notice of appeal challenging either the Consolidation Order, PTO #1, the Dismissal Order, or all three of them, at that time. He did not. At that point, this Court was divested of jurisdiction over the Consolidated Cases. On June 29, 2007, Kellmer filed the above-captioned action in this Court ("*Kellmer III*"). On September 20, 2007, Kellmer sought relief under Fed. R. Civ. P. 60(b) from the Court's prior rulings in the Consolidated Cases. Although Kellmer filed his motion in the *Kellmer II* case (which has been closed for over two and a half years), it appears that he seeks relief from the dismissal of the Consolidated Cases on the ground that the Consolidation Order was entered in error.

## ARGUMENT[3]

The *Kellmer III* complaint is identical in all material respects to the superseded *Kellmer II* complaint (which is part of the Consolidated Cases that are currently on appeal). The *Kellmer III* complaint contains the same allegations and arises out of the same facts and circumstances as the *Kellmer II* complaint, and the two complaints seek the same relief. Therefore, the Court lacks jurisdiction to entertain Kellmer's latest claims because it was divested of jurisdiction upon Co-Lead Plaintiffs' appeal to the D.C. Circuit. For the same reason, the Court lacks jurisdiction to consider Kellmer's Rule 60(b) motion for relief from the Dismissal Order in the Consolidated Cases because they were already on appeal when Kellmer filed his motion, which in any event is an improper attempt to make a belated end-run around the terms of the Consolidation Order and

---

[3] The arguments set forth in this memorandum are limited to the jurisdictional issues that the Court requested at the August 30 status conference that the parties brief prior to briefing the numerous other 12(b)(6) grounds for dismissal available to the individually named current and former director and officer defendants should Kellmer's complaint survive this jurisdictional challenge. Defendants expressly reserve their rights to brief the other, more traditional grounds for dismissal at a later date should this Court deny the immediate motion to dismiss and/or grant Kellmer's Rule 60(b) motion.

6

PTO #1 that Kellmer either forgot or chose not to appeal to the D.C. Circuit when it became ripe for review upon the dismissal of the Consolidated Cases. Finally, even if the Court decides that the *Kellmer III* complaint is truly a new action, then it is barred by the Dismissal Order's preclusive effect and should be dismissed on *res judicata* grounds. Either way, the Court should dismiss the *Kellmer III* complaint and deny his Rule 60(b) motion.

## I.  THE COURT LACKS JURISDICTION TO ENTERTAIN THE *KELLMER III* COMPLAINT.

The Kellmer *III* complaint is identical in all material respects to the *Kellmer II* complaint. In addition, the *Kellmer II* action was consolidated into the Consolidated Cases and the *Kellmer II* complaint was superseded by the First Amended Consolidated Complaint that is currently on appeal to the D.C. Circuit. The appeal divested the Court of jurisdiction over the Consolidated Cases and vested exclusive jurisdiction to resolve the questions Kellmer raises here with the D.C. Circuit.[4] When Co-Lead Plaintiffs appealed the Dismissal Order and the Consolidated Cases were transmitted to the D.C. Circuit, this Court lost jurisdiction over those issues. It is well-settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Princz v. F.R.G.*, 998 F.2d 1, 1 (D.C. Cir. 1993) ("an appeal properly pursued from the district court's order divests the district court of control over those aspects of the case on appeal").

There is no dispute that the Consolidated Cases, which include the *Kellmer II* case, are currently on appeal before the D.C. Circuit. And there is no serious argument that a party can

---

[4] In his Rule 60(b) motion for relief from the judgment in *Kellmer II*, Kellmer makes clear that his *Kellmer III* complaint is merely an attempt to attack the judgment in the Consolidated Cases, which include *Kellmer II*. (*See*

7

make an end-run around the jurisdictional void caused by the appeal merely by filing an identical cause of action as the one on appeal. This would be utterly contrary to the holding in *Griggs*. Therefore, it is before the D.C. Circuit, and not here, that Kellmer should have aired his concerns about the Dismissal Order (or, for that matter, the Consolidation Order and PTO #1). Because this Court no longer has jurisdiction over the Consolidated Cases, it must dismiss the *Kellmer III* case.

## II.   THIS COURT LACKS JURISDICTION TO CONSIDER KELLMER'S RULE 60(B) MOTION.

Similarly, this Court lacks jurisdiction to grant Kellmer's Rule 60(b) motion for relief from the judgment in the Consolidated Cases[5] because the Dismissal Order, which dismissed the Consolidated Cases (and the *Kellmer II* case along with it), was on appeal when Kellmer filed his motion. *See Smith v. Pollin*, 194 F.2d 349, 350 (D.C. Cir. 1952) ("It is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal. Jurisdiction of the case is in this court while the appeal is pending.").[6] The Court should deny Kellmer's Rule 60(b) motion for that reason alone.[7]

---

*Kellmer II* R. 60(b) Mot. at 10 ("the newly-commenced case filed by Plaintiff Kellmer as a protective matter constitutes the independent action" to relieve a party from a judgment "contemplated by" Rule 60(b)).)

[5] Even though Kellmer filed his Rule 60(b) motion in the *Kellmer II* case, Case No. 05-0037, there is no dispute that 1) that case was consolidated into the Consolidated Cases pursuant to the Court's February 14, 2005 Orders, 2) the *Kellmer II* docket was closed pursuant to the terms of PTO #1 shortly thereafter. Therefore, Kellmer's motion for relief can only be construed as a motion for relief from the Dismissal Order that the Court entered in the Consolidated Case, which included the *Kellmer II* case.

[6] Kellmer's Rule 60(b) motion has not stayed the notice of appeal. A Rule 60(b) motion stays a notice of appeal only if it is filed within ten days of the judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Kellmer's September 20, 2007 Rule 60(b) motion was filed over one hundred days too late to stay Co-Lead Plaintiffs' timely filed notice of appeal in the Consolidated Case.

[7] Pursuant to D.C. Circuit's holding in *Smith*, the Court can consider the issue of whether it would grant a motion for relief from the judgment filed while an appeal is pending. If the Court decides that it would grant the relief sought, the moving party can then move the Court of Appeals to remand the case. *See* 194 F.2d at 350. The Court may also consider the merits of Kellmer's Rule 60(b) motion and indicate that it would deny the motion, if it had been properly presented, even though the Court cannot actually grant the relief Kellmer seeks.

Even if the Court had jurisdiction to consider Kellmer's motion – which it does not – Kellmer has offered no basis for this Court to relieve him from the May 31, 2007 Dismissal Order. Although Kellmer seeks to recast this Court's Dismissal Order as a clerical error, a mistake, and a manifest injustice, it is none of the above. As we show, Kellmer's Rule 60(b) motion is nothing more than an attempt to make a belated end-run around the terms of the Consolidation Order, PTO #1, and the Dismissal Order, necessitated only by Kellmer's failure to timely seek relief, either with this Court or with the Court of Appeals, from those orders through the proper channels.

This Court specifically noted that it was consolidating Kellmer's case with demand-futility cases because the two theories were not dissimilar enough to defeat an otherwise proper consolidation. (*See* Consolidation Order at 4-5.) The Co-Lead Plaintiffs then filed a new, consolidated complaint on behalf of *all* of the consolidated plaintiffs, including Kellmer. And when this Court finally dismissed the Consolidated Cases, it specifically noted that *Kellmer II*, which was superseded by the First Amended Consolidated Complaint pursuant to PTO #1, was one of the consolidated cases being dismissed. (*See* Dismissal Order at 4 n.3.) There is thus no error and no mistake: this Court dismissed the *Kellmer II* complaint and meant to do so.

Although Kellmer asserts manifest injustice throughout his Rule 60(b) motion, he only assigns error to this Court's decision to consolidate his complaint with those of demand futile plaintiffs. But even assuming that was an error – and it was not – Kellmer could readily have presented it to the Court of Appeals during the now-pending appeal. Indeed, the purpose of an appeal is to present such perceived errors to the appellate court, but litigants are expected to pursue their rights on appeal in a timely manner.[8] By failing to timely object to the

---

[8] In his Rule 60(b) motion, Kellmer asserts that he had no opportunity to appeal this Court's Consolidation Order because it was not final. (*See Kellmer II* R. 60(b) Mot. at 5.) That is simply untrue. While Kellmer did not have the

9

Consolidation Order pursuant to the terms of PTO #1, failing to timely file a Rule 60(b) or a Rule 59 motion sufficient to stay the notice of any appeal, and then failing to timely appeal the Court's Dismissal Order in the Consolidated Cases and any interlocutory orders therein, Kellmer has waived his right to complain about perceived errors.  Contrary to Kellmer's position in his Rule 60(b) motion, then, nothing is "novel" about the posture of this case, where a plaintiff whose complaint has been dismissed feels that the dismissal was in error.  (*See Kellmer II* R. 60(b) Mot. at 7.)  The only novel development is that, rather than presenting his arguments to the Court of Appeals, Kellmer seeks to subvert the appellate process by reasserting his alleged errors in this Court while an appeal is pending.

Even setting the jurisdictional points aside, the relief Kellmer seeks simply makes no sense.  Until the issue of whether demand on Fannie Mae's Board would have been futile is ultimately resolved by the D.C. Circuit, the Board cannot be placed in the untenable position of being asked to consider a three-year-old demand (that it believed to be rescinded) by one derivative plaintiff while the Co-Lead Plaintiffs, who have the authority to speak on behalf of all derivative plaintiffs (and who made the decision to rescind Kellmer's demand), continue to assert that the Board is not sufficiently disinterested and independent to properly consider *any* demand.  But because this Court does lack the jurisdiction to grant Kellmer whatever relief he now seeks under Rule 60(b), and Kellmer has offered no basis for granting him such relief, the Court should deny his motion.

---

opportunity to *immediately* appeal the interlocutory Consolidation Order or PTO #1, this Court issued a final order (the Dismissal Order) dismissing the shareholder derivative causes of action against Fannie Mae for failure to make demand.  Kellmer was permitted to bring any errors he felt led to that dismissal to the attention of the Court of Appeals.  *See* 28 U.S.C. § 1291.  That he declined to do so was his choice, hardly the clerical error, mistake, or manifest injustice he now argues.

**III.     *KELLMER III* IS BARRED BY THE DOCTRINE OF CLAIM PRELUSION.**

If this Court did have jurisdiction over the *Kellmer III* complaint, the complaint would nonetheless have to be dismissed because it is barred by the doctrine of claim preclusion. Under that doctrine, "when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy." *Nevada v. United States*, 463 U.S. 110, 129 (1983) (internal quotation marks and alterations omitted.) "The final judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *Id.* at 130 (internal quotation marks omitted). The doctrine of claim preclusion is broad and bars further litigation of not only the issues actually decided in the prior proceeding, but also those issues that *could have been raised* but were not. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

The doctrine of claim preclusion bars a claim where an earlier suit (1) involving the same parties (2) resulted in a judgment rendered by a court of competent jurisdiction that was (3) final and on the merits, so long as (4) the cause of action is the same in the second suit. *See U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 n.21 (D.C. Cir. 1985) (listing elements of claim preclusion). Each of these elements is met here. There can be no dispute that the *Kellmer III* complaint raises the same causes of action[9] (Element Four) by the same plaintiff against the same defendants (Element One) as both the First Amended Consolidated Complaint and the *Kellmer II* complaint. Moreover, there is no dispute that this Court had proper jurisdiction when

---

[9] *Compare* First Am. Consol. Compl. ¶¶ 432-440 (alleging breach of fiduciary duty), ¶¶ 454-463 (corporate waste, unjust enrichment, violations of Sarbanes-Oxley); *Kellmer II* Complaint at ¶¶ 19-38 (alleging breach of fiduciary duty, indemnification, breach of contract, negligence, violations of Sarbanes-Oxley, and unjust enrichment); *Kellmer III* Complaint ¶¶ 88-90 (alleging breach of fiduciary duty), ¶¶ 102-105 (indemnification), ¶¶ 116-129 (negligence, violations of Sarbanes-Oxley, and unjust enrichment).

11

it entered its judgment in the Consolidated Cases (which included the *Kellmer II* complaint) on May 31, 2007 (Element Two).

Finally, the Court's Dismissal Order constituted a final judgment "on the merits" (Element Three). That is, it ended this Court's consideration of *all* of the individual shareholder derivative cases, including *Kellmer II*, which made up the Consolidated Cases. In addition to being a final judgment, the Dismissal Order dismissed all of the claims in the Consolidated Cases "on the merits." As the United States Supreme Court has emphasized, "the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of 'substance,' not 'procedure.'" *See Kamen v. Kemper Fin. Servs. Inc.*, 500 U.S. 90, 96-97 (1991). Therefore, the Dismissal Order was a substantive (not a procedural) dismissal that constituted an adjudication "on the merits." *See Henik v. LaBranche*, 433 F. Supp. 2d 372, 379 (S.D.N.Y. 2006) (dismissal of prior shareholder derivative action for failure to make demand constituted judgment "on the merits" for purpose of claim preclusion). Therefore, to the extent this Court has jurisdiction to consider it, the *Kellmer III* complaint is barred by the doctrine of claim preclusion.

Kellmer's argument that the *Kellmer III* complaint is not precluded by the Dismissal Order because it did not consider the fact that Kellmer made a demand on the Board in September 2004 is misplaced. Kellmer's demand-refused allegations are not new. He has previously alleged that the Board wrongfully refused his September 2004 demand in no fewer than six filings before this Court, but nowhere in his filings does he address the fatal fact that Co-Lead Plaintiffs, who were appointed by the Court to represent the interests of *all* shareholder derivative plaintiffs and speak to the Court with one voice on their behalf (see PTO # 1 at 6), considered and abandoned Kellmer's demand-refused theory (effectively rescinding Kellmer's

12

demand) and instead made a tactical decision to pursue a theory of demand futility.[10] The preclusive effect of this Court's Dismissal Order therefore bars Kellmer from prosecuting that theory, which Co-Lead Plaintiffs expressly rejected in the Consolidated Cases. *See Federated Dep't Stores*, 452 U.S. at 398. The fact that Kellmer now, in hindsight, wishes that he had pressed his case harder with Co-Lead Plaintiffs does not allow him to avoid the Dismissal Order's preclusive effect. Kellmer must live with the strategic decision that his co-counsel made on his behalf. Because he failed to timely file a notice of appeal, it is too late for him to address his challenge to the Consolidation Order in the D.C. Circuit, which now has jurisdiction over the Consolidated Cases.[11] Because the *Kellmer III* complaint is barred by the doctrine of claim preclusion, it should be dismissed in its entirety on *res judicata* grounds if the Court finds that it has jurisdiction over it.

## **CONCLUSION**

Because plaintiff James Kellmer's case (*Kellmer II*) is currently on appeal along with the rest of the Consolidated Cases, the Court lacks the subject matter jurisdiction to entertain it, and it should therefore be dismissed. The Court similarly lacks jurisdiction to consider Kellmer's Rule 60(b) motion, and should deny it. If the Court finds that it has jurisdiction over the *Kellmer*

---

[10] Kellmer makes much of the fact that the Consolidation Order and PTO #1 were interlocutory orders that he could not immediately appeal to the D.C. Circuit. But there can be no dispute that both orders became final when the Court issued its May 31, 2007 Dismissal Order. Kellmer could have, but chose not to, appeal the Consolidation, PTO # 1, or the Dismissal Order within 30 days. His failure to do so, however, precludes him from doing so now.

[11] Even if the Court finds that Kellmer was not in fact a party to the Consolidated Cases and therefore not a part of the pending appeal, as a non-party, his latest case is still barred by the doctrine of claim preclusion. "Under the judicially-created doctrine of res judicata, when a court of competent jurisdiction enters a final judgment on the merits in an action, the parties *and their privies* are barred from relitigating in a subsequent action matters that were actually raised *or might have been raised in the prior action*." *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981) (emphasis added; citations omitted). In shareholder derivative actions such as this, "parties and their privies include . . . *all nonparty shareholders*." *Id.* (emphasis added; citations omitted). Therefore, *Kellmer III* is barred by the doctrine of claim preclusion whether or not the Court finds that *Kellmer II* is part of the appeal of the Consolidated Cases.

*III* case, it is barred by the preclusive effect of the Court's Dismissal Order and should therefore be dismissed in its entirety.

Dated:  October 12, 2007

                                             /s/ Michael J. Walsh, Jr.
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414
***Counsel to Nominal Defendant Fannie Mae***

14

## **CERTIFICATE OF SERVICE**

I certify that on October 12, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

                                               /s/ Michael J. Walsh, Jr.
                                               Michael J. Walsh, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **Kellmer v. Raines, et al.** | **Civil Action No. 1:07-cv-01173**<br><br>**Judge Richard J. Leon** |

**[PROPOSED] ORDER**

The Court, after considering Fannie Mae's Motion to Dismiss and Opposition to Motion for Relief from Judgment, hereby **ORDERS** that Fannie Mae's motion to dismiss is granted and that Kellmer's Motion for Relief from Judgment is denied.

IT IS SO **ORDERED** on this _____ day of _____, 2007.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE