UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES KELLMER,<br><br>   Plaintiff,<br><br>vs.<br><br>DONALD B. MARRON, et al.,<br><br>   Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 05 CV 0037 (RJL) |
| JAMES KELLMER,<br><br>   Plaintiff,<br><br>vs.<br><br>FRANKLIN D. RAINES, et al.,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 07 CV 1173 (RJL) |

**STIPULATION AND [PROPOSED] ORDER OF
VOLUNTARY DISMISSAL**

  Pursuant to Federal Rule of Civil Procedure 41(a)(2), subject to the approval of the Court, plaintiff James Kellmer and defendant Donald B. Marron, by their undersigned attorneys, stipulate and agree as follows:

  1. Subject to the terms and conditions set forth in paragraph 2 of this stipulation, plaintiff dismisses without prejudice all of its claims against defendant Marron in both of the captioned actions.

  2. In exchange for plaintiff's voluntary dismissal of his claims against him in these actions, defendant Marron (a) has agreed to a tolling agreement with plaintiff in the form attached as Exhibit A and (b) agrees not to object to document discovery or a request for

deposition from plaintiff in *Kellmer v. Raines, et al.*, No. 07 CV 1173 (RJL), or in *Kellmer v. Marron*, No. 05 CV 1173 (RJL) (if discovery occurs in that action), on the ground that he is not a party to those actions, provided that nothing herein shall constitute a waiver of any other objection to such discovery requests, including without limitation any objection arising under section 21D of the Securities Exchange Act of 1934, as amended.

      3. Other than as provided for above, defendant Marron has not provided any consideration to plaintiff or plaintiff's attorneys in exchange for the voluntary dismissal reflected herein.

      4. Neither this stipulation nor any of its provisions constitutes an admission or concession by any party as to the merit or lack of merit of plaintiff's claims or of any defenses to those claims in these actions. This stipulation shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person other than as evidence of its terms.

      5. This stipulation is subject to the approval of the Court and shall be without prejudice to either party in the event that such approval is not obtained.

Dated: Washington, D.C.
       November 2, 2007

CUNEO, GILBERT & LADUCA, LLP

Of Counsel:

By: _____
    David W. Stanley (D.C. Bar No. 174318)

Richard D. Greenfield
GREENFIELD & GOODMAN, LLC
7426 Tour Drive
Easton, Maryland 21601
(410) 745-4149

507 C Street, N.E.
Washington, D.C. 20002
(202) 789-3960

Attorneys for James Kellmer

DLA PIPER US LLP

| Of Counsel: | By: *[signature]* Earl J. Silbert |
|---|---|
| John J. Clarke, Jr.<br>DLA PIPER US LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>(212) 335-4500 | Earl J. Silbert (D.C. Bar No. 053132)<br>500 Eighth Street, NW<br>Washington, DC 20004<br>(202) 799-4000<br><br>Attorneys for Donald B. Marron |

SO ORDERED:

_____
                U.S.D.J.

# EXHIBIT A

Case 1:07-cv-01173-RJL   Document 34   Filed 11/05/2007   Page 4 of 7

## Tolling Agreement

This Tolling Agreement dated as of November 2, 2007 is entered into between James Kellmer and Donald B. Marron (each individually referred to herein as a "Party" and together as the "Parties").

WHEREAS,

A. Kellmer asserts that he is a stockholder of Federal National Mortgage Association ("Fannie Mae" or the "Company"). Kellmer has filed two putative stockholder derivative actions in the United States District Court for the District of Columbia, *Kellmer v. Marron, et al.*, No. 05 CV 0037 (RJL) ("*Kellmer I*") and *Kellmer v. Raines, et al.*, No. 07 CV 1173 (RJL) ("*Kellmer II*");

B. Kellmer intends to file an amended complaint in *Kellmer II* in which, *inter alia*, Kellmer has determined that he will not name certain individuals as defendants who have been named as defendants in the initial complaint in that action;

C. Kellmer also has filed a motion seeking relief from judgment in *Kellmer I* under Federal Rule of Civil Procedure 60(b);

D. Kellmer has agreed that Marron will be dismissed without prejudice from *Kellmer I* and *Kellmer II* and will not be named as a defendant in any amended complaint in either of those actions. The voluntary dismissal is set forth in a Stipulation and Order entered into by the parties on November 2, 2007, and the terms include that the Parties will enter into this Tolling Agreement;

NOW, THEREFORE, in consideration of the mutual promises, covenants and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. The period from the date of this Tolling Agreement until the expiration or termination of this Agreement (the "Tolling Period") shall not be included in calculating the passage of time for the purposes of applying any statute of limitations, statute of repose, laches or other defense based on the passage of time in respect of any Subject Claim. The term "Subject Claim" is limited to a claim or proceeding brought by Kellmer that it is asserted in the name of, and for the benefit of, the Company. For the avoidance of doubt, the term Subject Claim does not include (i) any claim or proceeding brought by Kellmer on his own behalf or on behalf of any person or entity other than the Company or (ii) any claim or proceeding brought by the Company itself or on behalf of the Company by anyone other than Kellmer.

2. Nothing in this Tolling Agreement shall revive any claim, action, suit, demand or cross-demand or defense that is or would be barred as of the date of this Agreement, and nothing herein shall waive any claim or defense that any Party may have as of such date.

3. This Tolling Agreement shall expire and be of no further effect as of 12:01 A.M. Eastern Time on November 2, 2009 (the "Expiration Time"), provided that this Tolling

Agreement will terminate prior to the Expiration Time without any further action required by any Party (i) if Kellmer or his counsel asserts any Subject Claim against Marron in any action or proceeding (including without limitation *Kellmer I* and *Kellmer II*), or (ii) if a judgment has been entered in *Kellmer II*, with termination of the Tolling Agreement to take effect on the date that judgment has become final (if that date is earlier than the Expiration Time).

4. This Tolling Agreement shall not operate as an admission of liability by Marron, who expressly denies that Kellmer has any valid claim against him.

5. This Tolling Agreement shall not be offered in evidence, used or referred to in any legal action or proceeding, except to enforce its terms or for the purpose of establishing, if the matter is contested, the provisions set forth herein.

6. This Tolling Agreement contains the full and complete agreement of the Parties with respect to its subject matter and may not be altered or amended except in a writing signed by representatives of both Parties.

7. The undersigned attorneys have been duly authorized to enter into this Tolling Agreement on behalf of their respective clients with the same force and effect as if it had been executed by the clients acting on their own behalf.

8. This Tolling Agreement shall be construed and interpreted in accordance with the laws of the District of Columbia without regard to the application of its principles of conflicts of laws.

9. This Tolling Agreement may be executed in one or more counterparts, each of which shall be deemed an original but also which together shall constitute one and the same instrument. Facsimile signatures shall have the same force and effect as original signatures.

CUNEO, GILBERT & LADUCA, LLP

By: _____
David W. Stanley (D.C. Bar. No. 174318)

Of Counsel:

Richard D. Greenfield
GREENFIELD & GOODMAN, LLC
7426 Tour Drive
Easton, Maryland 21601
(410) 745-4149

507 C Street, N.E.
Washington, D.C. 20002
(202) 789-3960

Attorneys for James Kellmer

2

DLA PIPER US LLP

Of Counsel:

John J. Clarke, Jr.
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
(212) 884-8520 (Facsimile)

By: *Earl J. Silbert* (signature)
Earl J. Silbert (D.C. Bar No. 053132)

DLA Piper US LLP
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000

Attorneys for Donald B. Marron

3