# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KELLMER v. MARRON, *et al.* | ) ) ) | Civil Action No. 1:05-cv-00037 Judge Richard J. Leon |
|  | ) ) | |
| KELLMER v. RAINES, *et al.* | ) ) ) | Civil Action No. 1:07-cv-01173 Judge Richard J. Leon |

### PLAINTIFF JAMES KELLMER'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B), AND OPPOSITION TO MOTION TO DISMISS

#### PRELIMINARY STATEMENT

Fannie Mae's arguments that this Court should dismiss derivative plaintiff James Kellmer's case and deny his request for clarification or relief under FED.R.CIV.P. 60(b) necessarily reduce to two related, and fundamentally erroneous, propositions. First, Fannie Mae effectively contends that Mr. Kellmer's case was completely merged into the other derivative cases under this Court's Consolidation Order and so lost any distinct legal identity. As a result, according to Fannie Mae, the representation of Mr. Kellmer was as a practical matter transferred to "Co-Lead Counsel," and Mr. Kellmer became subject to any legal position they wished to advance and was required to abandon any legal argument they wished to exclude. Second, Fannie Mae contends that this Court is now powerless to act because jurisdiction over Mr. Kellmer's case has been transferred to the Court of Appeals by virtue of the notice of appeal from this Court's dismissal of the

Consolidated Complaint filed by "Co-Lead Counsel" exclusively on behalf of only their clients. Both of these notions on which Fannie Mae rests are wrong.

As a matter of law, consolidation does not merge cases or change the rights of the parties. "[C]onsolidation must not operate to abridge, enlarge or modify the substantive rights parties would have if the cases proceeded separately." *Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of America,* 808 F.2d 133, 135 (D.C.Cir. 1987). As this Court is well aware, Mr. Kellmer, alone among the derivative plaintiffs in the Fannie Mae cases pending before this Court, did make a pre-suit demand on Fannie Mae's Board of Directors in full compliance with FED.R.CIV.P. 23.1. Consequently, Mr. Kellmer's case did not suffer from the single flaw that was the basis of this Court's dismissal of the Consolidated Complaint – failure to make such a demand.

This Court's Consolidation Order did not – and legally could not – give "Co-Lead Counsel" the power to compel Mr. Kellmer to in some way abandon this crucial fact that he had complied with the law in bringing his derivative action. Mr. Kellmer did not voluntarily "waive" this key element of his case. The *only* way in which Fannie Mae's claim that this Court dismissed Mr. Kellmer's case, or that claim preclusion principles somehow apply to it, can make sense is if, contrary to law, "Co-Lead Counsel's" decision to exclude reliance on Mr. Kellmer's demand (and, indeed, to avoid any reference to Mr. Kellmer) in the prosecution of the consolidated derivative case can be binding on Mr. Kellmer. That being a legally impermissible result, Fannie Mae's arguments must fail.

Fannie Mae's claim that the Court of Appeals now has jurisdiction over Mr. Kellmer's case rests on the similar notion that "Co-Lead Counsel's" filing of a notice of appeal on behalf of their clients somehow sweeps Mr. Kellmer's case up into the appeal.

2

It is simply untrue, as Fannie Mae baldly states, that "Co-Lead Counsel" filed a notice of appeal on behalf of Mr. Kellmer. Motion to Dism. at 5. Not even "Co-Lead Counsel" claim to have appealed the *Kellmer* case, nor could they have. Mr. Kellmer controls whether a notice of appeal should be filed on his behalf, not a third party. No notice of appeal was filed by Mr. Kellmer and he did not authorize anyone else to do so; and so his case, as a matter of law, is not in the Court of Appeals. This Court has jurisdiction to grant the relief Mr. Kellmer seeks.

Finally, Fannie Mae's mischaracterization of Mr. Kellmer's dilemma obscures the central legal issue. Though Mr. Kellmer did oppose consolidation, the Consolidation Order the Court ultimately entered is not the culprit here. The ground for the relief we seek is *not* that "the Consolidation Order was entered in error." Motion to Dism. at 6. By excluding Mr. Kellmer's pre-suit demand from the prosecution of the consolidated case – over the objections of his counsel – "Co-Lead Counsel" precluded Mr. Kellmer from advancing his distinctive claim.

Mr. Kellmer complied with the law. The Consolidated Complaint was dismissed because of the failure of every other derivative plaintiff to comply with that law as Mr. Kellmer had. As a matter of law (and rudimentary fairness), Mr. Kellmer's case cannot be effectively swept away by the decision of "Co-Lead Counsel" not to include his claim. While the procedural posture of Mr. Kellmer's case may now be unusual, the Rules of Civil Procedure offer several options for the Court to remedy the matter, and we have made them all available. The Court can (1) clarify that the dismissal of the Consolidated Complaint did not dismiss Mr. Kellmer's case and enter an order directing the Clerk to reopen it; (2) if the Court concludes that Mr. Kellmer's case was wrongly and mistakenly

dismissed with the Consolidated Complaint, it can grant relief from that dismissal under Rule 60(b) and enter an order directing the Clerk to reopen it; or (3) the Court can recognize Mr. Kellmer's new action, No. 1:07-cv-01173, as the "independent action" preserved by Rule 60(b) that serves to relieve Mr. Kellmer from that dismissal and allows his case to proceed in that form.

We respectfully submit that the Court should deny Fannie Mae's motion to dismiss and grant one form of the relief for the injustice done to Mr. Kellmer.

## BACKGROUND

On January 10, 2005, Mr. Kellmer filed his derivative complaint. *See Kellmer v. Marron, et al.*, Case No. 1:05-cv-00037.[1] Although other derivative cases had been filed earlier, and others were filed or transferred subsequently, all but Mr. Kellmer's proceeded on the theory that demand upon Fannie Mae's Board of Directors was futile. Uniquely among all the derivative cases, Mr. Kellmer had made a written demand upon the Board that it sue certain officers and directors, which demand the Board had effectively refused.

At a January 12, 2005, omnibus status conference the Court solicited input from all the parties on case management issues, including consolidation and appointment of lead counsel. At that hearing, Counsel for Mr. Kellmer argued that his case should not be consolidated with the other cases because of the distinct factual issues presented by a demand-made case and a demand-futile case. Subsequently, we filed Mr. Kellmer's "Formal Position," in which we argued that "he [was] in the best position to withstand the

---

[1] Fannie Mae persists in the misleading convention of referring to this case as *Kellmer II*, as if Mr. Kellmer had brought a previous derivative case. In fact, what Fannie Mae refers to as *Kellmer I* was not a derivative case, but rather a case pursuant to Delaware law seeking to enforce his right as a shareholder to examine the books and records of Fannie Mae. Similarly, Fannie Mae refers to the complaint filed as 1:07-cv-01173 as *Kellmer III*, although that complaint made clear that it was the same case as 1:05-cv-00037 and was only filed under a new docket number because the Clerk's Office had marked the earlier docket "CLOSED." *See* Complaint, ¶ 9.

motions to dismiss that [would] likely be filed" since Mr. Kellmer was the only shareholder who had made a demand. Kellmer Formal Pos. at 4. We went on to argue that "there are important threshold legal and discovery issues that distinguish the two types of cases rendering them in conflict with one another, at least at this stage of the litigation." *Id.* Finally, we pointed out that a consolidated complaint would be inappropriate "given the conflicting positions plaintiff Kellmer *must* take from the positions espoused by the other plaintiffs with respect to the issue of demand." *Id.* at 5 (emphasis in original).

On February 14, 2005, the Court issued an order consolidating all outstanding shareholder derivative actions, and appointing "Co-Lead Plaintiffs" and "Co-Lead Counsel." Although the Court conditionally rejected the notion that demand-made and demand-futile cases could not be consolidated into one action, it left open the possibility that subsequent developments might make such consolidation inappropriate, noting that "this legal distinction [between demand-made and demand-futile cases] is insufficient to necessitate separate actions *at this point in the litigation*." Consolidation Order at 4-5 (emphasis added).

Simultaneously, the Court issued Pretrial Order #1 ("PTO #1") which, among other things, directed the filing of a consolidated complaint. PTO #1 at 7. Importantly, PTO #1 established a mechanism for "newly-filed or transferred case[s]" to apply within ten days for relief from PTO #1. PTO #1 at 5. Mr. Kellmer's case was neither newly-filed, nor transferred, so this provision was simply inapplicable to him. Thus Fannie Mae is clearly wrong in relying on this supposedly "[c]ritical[]" provision, and arguing that Mr. Kellmer "could have sought relief from the consolidation" and, having "chose[n] not

to do so," "conced[ed] that his claims would be part of the action prosecuted by ["Co-Lead Counsel"] and that the decisions they made would be binding on him." Motion to Dism. at 5. Mr. Kellmer made no such concession at any time. *See* Declaration of Richard D. Greenfield ¶¶ 5-6 (appended as Attachment A) ("Greenfield Dec.").

Once consolidation was ordered, we were effectively excluded from any further participation in the consolidated case. Mr. Kellmer and his attorneys were not listed on pleadings as party or counsel; we were not consulted on strategy;and we made no appearance at any hearings. We were never shown drafts of complaints and had no input concerning their contents. *See* Greenfield Dec. ¶¶ 7-8. "Co-Lead Plaintiffs" filed a Consolidated Complaint, followed by a First Amended Consolidated Complaint on September 1, 2006. Absent from either was any mention of Mr. Kellmer or his demand. Instead, both complaints alleged that demand was futile. *See* Consolidated Compl. ¶¶ 77-126; First Amended Consolidated Compl. ¶¶ 90-147. Also absent from either was any mention of Mr. Kellmer as a party or his counsel.

We became aware of the exact substance of these complaints only when they were filed and publicly available. *See* Greenfield Dec. 8-9. Counsel for Mr. Kellmer discussed the exclusion of Mr. Kellmer and his unique situation from the consolidated complaints with "Co-Lead Counsel" on numerous occasions, both telephonically and in person. *See id.* ¶ 9. Nevertheless, these informal efforts to address the problem within the plaintiffs' "team" were ultimately unsuccessful. *Id.*

When defendants made the lack of a demand a centerpiece of their motions to dismiss, and "Co-Lead Counsel" refused to reconsider their decision to exclude Mr. Kellmer's pre-suit demand from the proceedings, it became clear that we had to seek the

assistance of the Court. *Id.* ¶ 10. In doing so, Mr. Kellmer acted pursuant to the express qualification in the Consolidation Order that consolidation of demand-made and demand-futile cases were appropriate in the circumstances as they existed at that time. Those circumstances now had fundamentally changed. *Id.*

Given the procedural posture of the case at that point, we concluded that a motion to intervene was the most practical vehicle by which to seek the help of the Court. That motion was filed on February 6, 2007. *Id.* ¶ 11. "Co-Lead Plaintiffs" argued that our proposed intervention was "inappropriate at this time," but that if the Court found that "demand was not excused as futile . . . then Kellmer *at that time can proceed to intervene or assert an action based on wrongful denial of his demand.*" Lead Plaintiffs' Memorandum in Opposition to James Kellmer's Motion to Intervene at 4-5 (emphasis added). In reliance on this representation and in the interests of judicial economy, we suggested that the Court stay action on our motion, and, if the Court denied the motions to dismiss on demand-futility grounds, it should deny our motion to intervene as moot. On the other hand, if the Court granted the motions to dismiss on such grounds, then it should grant the motion to intervene. James Kellmer's Reply in Support of Motion to Intervene at 1. However, when the Court did dismiss "Co-Lead Plaintiffs'" consolidated complaint, it *never acted* on the motion to intervene.

On May 31, 2007, the Court dismissed the First Amended Consolidated Complaint on the ground that plaintiffs had failed to meet their burden of showing that demand was futile. Conspicuously absent from the opinion was any mention of Mr. Kellmer's derivative case, except in a footnote listing the derivative cases which had been filed. Memorandum Opinion at 4. At the same time the Court entered an Order

dismissing "the case." Also absent from the opinion was any mention of Mr. Kellmer's demand. The sole ground for dismissal was the failure to make a demand or to show that demand was futile, a ground simply inapplicable to Mr. Kellmer's case.

On June 27, 2007, Co-Lead Counsel filed a notice of appeal solely on behalf of "Co-Lead Plaintiffs" Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust and Wayne County Employees' Retirement System. *See* Notice of Appeal (appended as Attachment B). "Co-Lead Counsel" did not file any notice of appeal on Mr. Kellmer's behalf, nor did Mr. Kellmer himself file a notice of appeal. *See* Greenfield Dec. ¶¶ 13-14. The subsequent Certificate of Counsel filed in the Court of Appeals by "Co-Lead Counsel" listed all the parties to the appeal. Plaintiff was accurately not listed as among them. *See* Certificate of Counsel at 1, *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Raines,* No. 07-7108 (filed Aug. 20, 2007) ("Appellants' Certificate") (appended as Attachment C).

### ARGUMENT

### I. THIS COURT HAS NOT LOST JURISDICTION OVER THE *KELLMER* CASE BECAUSE THE *KELLMER* CASE HAS NOT BEEN APPEALED.

Fannie Mae claims that this Court lacks jurisdiction either to entertain Mr. Kellmer's new action, No. 1:07-cv-01173, or his request for relief under Rule 60, because, according to Fannie Mae, the Court of Appeals now has jurisdiction. *See* Motion to Dism. 7-10. How under elementary legal principles it can possibly be that the Court of Appeals has jurisdiction over Mr. Kellmer's case, Fannie Mae does not explain.

Putting aside for the moment whether the dismissal of the First Amended Consolidated Complaint legally could have dismissed Mr. Kellmer's case, it is black-letter law that Mr. Kellmer's case did not vanish or lose its distinct legal identity as a

8

result of the Consolidation Order. *See Cablevision Sys.,* 808 F.2d at 135 (citing *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496-97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."). Fannie Mae offers no authority to suggest that consolidation may be anything more than a procedural convenience that does not extinguish the cases consolidated.

Instead, Fannie Mae implies that consolidation had some merger-like effect when it claims that Mr. Kellmer could have sought "relief from consolidation" under the terms of PTO #1. Motion to Dism. 5. Of course the provision of PTO #1 on which they rely simply provides an avenue for relief for "newly-filed or transferred case[s]," a category obviously not including Mr. Kellmer's case. A consolidation order is not a final order from which an appeal may be taken. *See NAACP of Louisiana v. Michot,* 480 F.2d 547, 548 (5th Cir. 1973). Moreover, nothing in the Consolidation Order suggested that, contrary to law, the Court was purporting to merge the case and divest Mr. Kellmer of his rights as a litigant. Indeed, it was not the Consolidation Order that ultimately caused the wrong that now necessitates our request for relief. When "Co-Lead Counsel" did not include Mr. Kellmer's claim, and informal avenues to correct the situation proved to be unproductive, Mr. Kellmer did seek the assistance of the Court in the form of his motion to intervene. *See* Greenfield Dec. ¶¶ 10-11. In short, nothing Mr. Kellmer did or did not do after the Court entered its Consolidation Order can remotely be understood as divesting Mr. Kellmer's case of its distinct legal identity.

Furthermore, it is simply a matter of record that Mr. Kellmer filed no notice of appeal, "Co-Lead Plaintiffs" did not purport to file a notice of appeal on his behalf or jointly with him, and Mr. Kellmer is not named on any notice of appeal. *See* Appellants' Certificate at 1.  Moreover, the time for appealing the dismissal of the Consolidated Complaint has long since expired.  A court of appeals may entertain a case only when a notice of appeal "specify[ing] the party or parties taking the appeal" is timely filed. *Walsh v. Ford Motor Co.,* 945 F.2d 1188, 1190 (D.C.Cir. 1991) (quoting FED. R.APP.P. 3(c)).

Indeed, the Supreme Court has unequivocally held that the failure to file a notice of appeal in compliance with FED.R.APP.P. 3(c)(1)'s requirement that the notice "specify the party or parties taking the appeal by naming each one in the caption or body of the notice" is a jurisdictional bar to an appeal. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312 (1988).  In *Torres,* the Court held that the use of "et al." in a notice of appeal was insufficient to comply with the Rule because it fails to achieve the purpose of the specificity requirement – "to provide notice both to the opposition and to the court of the identity of the appellant or appellants." *Id.* at 318.  Moreover, the *Torres* Court pointed out that the specificity requirement also had significance for the application of other rules.  They noted that "the mandatory nature of the time limits contained in Rule 4 [for the filing of an appeal] would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal." *Id.* at 315.

After the *Torres* decision Rule 3(c) was amended to temper the draconian jurisdictional impact of the specificity requirement.  Now "an attorney representing more than one party may describe those parties [taking the appeal] with such terms as 'all

10

plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'"
FED.R.APP.P. 3(c)(1)(A). In the appeal taken from the dismissal of the Consolidated
Complaint, Mr. Kellmer was not specifically named nor was this more general language
used to indirectly include him in the appeal. *See* Notice of Appeal.

Clearly, the Court of Appeals does not and cannot have jurisdiction over Mr.
Kellmer's case as no proper notice of appeal was timely filed to give it jurisdiction. As a
result, this Court has not lost jurisdiction over the case.

## II. CLAIM PRECLUSION DOES NOT BAR THE RELIEF SOUGHT BY MR. KELLMER

Fannie Mae argues that Mr. Kellmer's new action, No. 1:07-cv-01173, should be
dismissed because it is barred by the doctrine of claim preclusion. Motion to Dism. 12-
13. This argument again rests on the incorrect notion that consolidation effected a
complete merger of all the derivative cases. *See id.* ("Co-Lead Plaintiffs . . . considered
and abandoned Kellmer's demand-refused theory (effectively rescinding Kellmer's
demand) . . . . Kellmer must live with the strategic decision that his co-counsel made on
his behalf.").

Besides that fatally flawed premise, two additional and independent reasons
defeat this argument. First, and most obviously, Mr. Kellmer's claim has not been
adjudicated in the Court's dismissal of the Consolidated Complaint. Mr. Kellmer's claim
is based on a pre-suit demand that he in fact made, while this Court has only ruled that
derivative cases based on the futility of a demand did not pass muster under the law and
had to be dismissed. By no stretch of logic or law is Mr. Kellmer's claim some kind of
subset of the demand-futile theory on which the other derivative cases rested. Mr.
Kellmer's claim simply has not, explicitly or implicitly, been actually litigated, nor has he

had the opportunity to litigate it. Consequently, his new action cannot be barred under preclusion principles. *See SBC Communications Inc. v. FCC,* 407 F.3d 1223, 1229-30 (D.C.Cir. 2005).

Second, the new action filed by Mr. Kellmer constitutes the "independent action" for "obtaining any relief from a judgment" maintained by FED.R.CIV.P. 60(b). As the Advisory Committee explained:

> Two types of procedure to obtain relief from judgments are specified in the rules . . . . One procedure is by motion in the court and in the action in which the judgment was rendered. The other procedure is by new or independent action to obtain relief from a judgment, which action may or may be begun in the court which rendered the judgment.

FED.R.CIV.P. 60 advisory committee's note; *see also Dillard v. Baldwin County Comm'rs,* 225 F.3d 1271, 1282 (11th Cir. 2000) ("The language of Rule 60 makes clear . . . that relief may be sought through an independent action as well as by a motion filed in the original action.").

The independent action preserved by Rule 60 is designed "to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47 (1998). The threatened miscarriage of justice addressed by such actions is commonly a creature of a fraud, but, relevant here, can also be the result of accident or mistake. *See, e.g., Winfield Assocs., Inc. v. Stonecipher,* 429 F.2d 1087, 1090 (10th Cir. 1970); *West Virginia Oil & Gas Co., Inc. v. George E. Breece Lumber Co., Inc.,* 213 F.2d 702, 707 (5th Cir. 1954); CHARLES ALAN WRIGHT, *et al.*, FEDERAL PRACTICE & PROCEDURE § 2868 (2007).

Here, the miscarriage of justice at stake is uncomplicated and striking – Mr. Kellmer's case would be dismissed on the ground that he did not comply with a critical requirement of the law when he in fact did so. At every point in the litigation he took

whatever, often limited, steps were available to him to prevent this result.  He opposed

consolidation due to the precise attribute of his case that should have saved it from

dismissal.  Due to no fault of Mr. Kellmer, "Co-Lead Counsel" did not include his

counsel in the decision-making for the Consolidated Complaint.  When it became clear

that "Co-Lead Counsel" were abandoning the unique attribute of Mr. Kellmer's case –

the pre-suit demand – that ultimately could have saved the day for all the derivative

plaintiffs, our informal efforts to get "Co-Lead Counsel" to change course were

unsuccessful.  We then tried to obtain relief via our motion to intervene, which was never

acted upon.  Given this context and the governing law, the fact that the Court did not

expressly exclude Mr. Kellmer's case from the dismissal of the Consolidated Complaint

by any reasonable measure can only be understood as an accident or mistake.

Since the relief we seek is the revival of Mr. Kellmer's case, his new action

reiterates the essence of his original claims, including the fact that he made a pre-suit

demand in compliance with Rule 23.1.  Logically, a bar grounded on claim preclusion

cannot lie against an independent action under Rule 60 that by definition seeks relief

from the prior adjudication of a claim.

### III. THE DOCKET FOR MR. KELLMER'S ORIGINAL CASE SHOULD BE REOPENED OR MR. KELLMER SHOULD BE ALLOWED TO PURSUE HIS CLAIM IN HIS NEW ACTION.

The question of the exact status of Mr. Kellmer's original case – whether it really

was swept away in the dismissal of the Consolidated Complaint even though it legally

could not have been merged into the other derivative cases – invites a metaphysical

headache not necessary to the practical resolution of Mr. Kellmer's request for relief.  We

know Mr. Kellmer's case did not suffer from the flaw that was the sole ground for that

dismissal. We know neither Mr. Kellmer nor his counsel simply acquiesced in the actions of "Co-Lead Counsel" that excluded the unique, "demand-made" attribute of Mr. Kellmer's case from the proceedings before this Court. We know Mr. Kellmer tried to bring his unique situation to the attention of the Court before it ruled on the motion to dismiss. We know that the Court, in dismissing the First Amended Consolidated Complaint, failed to distinguish Mr. Kellmer's case from the other derivative cases. We know that Mr. Kellmer's case is not on appeal. We know that Mr. Kellmer has now appropriately employed several approaches – a request for clarification, a Rule 60(b) motion, and a Rule 60(b) independent action – to remedy the dilemma confronting him.

The injustice Mr. Kellmer seeks to prevent is the effective dismissal of his case on the ground that he failed to comply with a legal requirement for a pre-suit demand when in fact he complied with the law by making a pre-suit demand. There is no basis to believe that the Court, knowing that Mr. Kellmer had complied with the law, deliberately intended to dismiss his case anyway. Whatever the reason for the Court's failure to expressly carve Mr. Kellmer's case out of its dismissal of the First Amended Consolidated Complaint, the Court now has been provided with the means and the opportunity to correct the situation. The Court can restore Mr. Kellmer's original case, or simply proceed with the adjudication of his new case.[2] By the most basic sense of justice, doing nothing is not an option.

---

[2] Even if the Court concludes it does not now have jurisdiction, it is not powerless to act. As Fannie Mae itself concedes, if Mr. Kellmer's case is on appeal:

> [p]ursuant to D.C. Circuit's holding in *Smith* [*v. Pollin,* 194 F.2d 349 (D.C.Cir. 1952)], the Court can consider the issue of whether it would grant a motion for relief from the judgment filed while an appeal is pending. If the Court decides that it would grant the relief sought, the moving party can then move the Court of Appeals to remand the case. *See* 194 F.2d at 350.

Motion to Dism. at 8 n.7. In short, "[i]f the district court is inclined to grant a Rule 60(b) motion during the pendency of an appeal, the court should issue a brief memorandum so notifying the movant, and the

## CONCLUSION

For the foregoing reasons, and those stated in our Motion for Clarification, or, in the Alternative, for Relief from Judgment Pursuant to FED.R.CIV.P. 60(b), the Court should grant Plaintiff Kellmer's Motion, and

(A) enter an order making it clear that the Court's May 31, 2007 dismissal of the First Amended Consolidated Complaint did not dismiss the *Kellmer* case and directing the Clerk to reopen that docket; or

(B) enter an order pursuant to Rule 60(b) declaring that the May 31, 2007 dismissal order is void as to the *Kellmer* case and directing the Clerk to reopen that docket; or

(C) enter an order denying Fannie Mae's Motion to Dismiss civil action No. 07-cv-01173 and allowing it to proceed as the independent action recognized by Rule 60(b).

Dated: November 5, 2007          Respectfully submitted,

**CUNEO, GILBERT & LADUCA, LLP**
JONATHAN W. CUNEO (D.C. Bar# 939389)
ROBERT J. CYNKAR (D.C. Bar# 947845)
DAVID W. STANLEY (D.C. Bar# 174318)
WILLIAM H. ANDERSON (D.C. Bar# 502380)

_____
507 C Street, N.E.
Washington, D.C. 20002
202-789-3960

RICHARD D. GREENFIELD
**GREENFIELD & GOODMAN, LLC**
7426 Tour Drive
Easton, MD 21601
410-745-4149

---

movant, thereafter, should seek a limited remand of the appeal for that purpose." BAICKER-MCKEE, JANSSEN & CORR, FEDERAL CIVIL RULES HANDBOOK 1023 (2007) (citing cases).

ANN MILLER
**ANN MILLER, LLC**
834 Chestnut Street, Suite 206
Philadelphia, PA 19107
215-238-0468

*Counsel for Plaintiff James Kellmer*

# ATTACHMENT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KELLMER v. MARRON,** *et al.* | ) ) ) ) | **Civil Action No. 1:05-cv-00037**<br>**Judge Richard J. Leon** |
| **KELLMER v. RAINES,** *et al.* | ) ) ) ) ) | **Civil Action No. 1:07-cv-01173**<br>**Judge Richard J. Leon** |

### DECLARATION OF RICHARD D. GREENFIELD IN SUPPORT OF PLAINTIFF KELLMER'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV.P. 60(B) AND IN OPPOSITION TO MOTION TO DISMISS

I, Richard D. Greenfield, being duly sworn, hereby declare and state, under penalty of perjury, as follows:

1. I have served, along with Jonathan W. Cuneo, Esq. as co-counsel representing plaintiff James Kellmer in the matters relating to the breaches of fiduciary duty and other illegal accounting manipulations at Fannie Mae.

2. In connection therewith, I participated in, and am familiar with, the decisions concerning legal strategy made on behalf of Mr. Kellmer in connection with the above-captioned litigation. I was party to nearly all the material conversations and communications with counsel for the other plaintiffs and for the defendants in the Fannie Mae derivative litigation in connection with the issues raised by the instant motion. In addition, I appeared before this Court on behalf of Mr. Kellmer.

3. I have had extensive experience litigating shareholder derivative cases and other complex financial and corporate governance litigation for almost 40 years. Most

recently, I served as Co-Lead Counsel in the *Freddie Mac Shareholder Derivative Litigation*, MDL No. 1584 (S.D.N.Y.), where the shareholder-plaintiffs achieved an approximately $100 million recovery for Freddie Mac, along with substantial corporate therapeutics that will benefit Freddie Mac's operations well into the future. I was also Co-Lead Derivative Counsel in *AOL-Time Warner Litigation*, Master File No. 02-CV-6302 (S.D.N.Y.), where approximately $200 million in cash and other benefits were realized by the Company in the context of settlement.

4.  I am familiar with the law governing shareholder derivative litigation and with the practical aspects of prosecuting such cases to successful conclusions. Consequently, I am aware of the importance in certain cases of making the efforts required by Fed.R.Civ.P. 23.1 to obtain remedial action from a corporation's directors before a derivative action is filed. Those efforts commonly take the form of a written demand for action delivered to the Board of Directors. Given the composition of Fannie Mae's Board and the arguable "independence" of a majority of the directors, I made the decision that a pre-suit demand was prudent and the proper course of action for a shareholder to take in the circumstances of this case.

5.  Thus, the fact that Mr. Kellmer, alone among all of the plaintiffs who have commenced derivative actions on behalf of Fannie Mae, made a pre-suit written demand for action upon Fannie Mae's Directors is a critically important attribute of his case, and was understood by his counsel as such from the outset of this litigation. Neither Mr. Kellmer, nor any of his counsel, would ever have contemplated "waiving" or in any way abandoning the essential role of the fact of this pre-suit demand in the prosecution of his case, and we did not do so.

6. On February 14, 2005, the Court consolidated the outstanding Fannie Mae derivative cases and appointed "Co-Lead Plaintiffs" and "Co-Lead Counsel." As a matter of law, for the reasons set forth in Plaintiff Kellmer's briefs in support of his motion, consolidation is an administrative act and does not merge lawsuits into a single action, change the respective rights of the parties, or make parties to one suit parties in another. Neither Mr. Kellmer nor any of his counsel consented to merge his case with those of the other derivative plaintiffs or to surrender to the then "Co-Lead Plaintiffs" or "Co-Lead Counsel" complete control over Mr. Kellmer's right to have his case effectively prosecuted.

7. Once consolidation was ordered by the Court, "Co-Lead Counsel" did not include Mr. Kellmer and me in further participation in the administratively consolidated cases. We had no communication with the then "Co-Lead Counsel" concerning strategies to be pursued, legal theories to be employed, or legal arguments to be advanced.

8. Neither Mr. Kellmer nor his counsel was contacted by the then "Co-Lead Counsel" after consolidation of the various cases was ordered concerning the preparation or content of the Consolidated Complaint. We were not shown drafts of the Consolidated Complaint as it was being prepared. We became aware of the exact substance of the Consolidated Complaint and the identity of the plaintiffs on whose behalf it was brought only after it was filed and publicly available.

9. With the actual Consolidated Complaint in hand for the first time, we became aware that it made no mention of Mr. Kellmer, his allegations or his written pre-suit demand upon the Fannie Mae Board of Directors. My co-counsel, Mr. Cuneo, met telephonically and in person with Co-Lead Counsel from the Coughlin, Stoia firm in San

Diego on numerous occasions to attempt to rectify this exclusion from the Consolidated Complaint and the First Amended Consolidated Complaint, but was ultimately unsuccessful.

10. As the proceedings advanced to consideration of defendants' motions to dismiss, and the then "Co-Lead Counsel" remained firm in excluding Mr. Kellmer's pre-suit demand from the proceedings, we concluded our client needed relief from the Court. In addition, we concluded that we had reached the point, under the terms of this Court's Consolidation Order, at which the Court would be willing to entertain our request for relief since the Court had expressly determined that consolidation of demand-made and demand-futile cases was appropriate in light of how circumstances stood at that early point in the litigation. Clearly, circumstances had changed.

11. Given the unique procedural posture in which we and Mr. Kellmer found ourselves, we selected a motion to intervene as the most practical vehicle to seek such relief. That motion was filed on February 6, 2007. Separately, the Court proceeded to hear argument on the defendants' motions to dismiss the First Amended Consolidated Complaint filed by and in the name of the "Co-Lead Plaintiffs." Ultimately, on May 31, 2007, the Court granted the defendants' motions to dismiss on the ground that the "Co-Lead Plaintiffs," the only plaintiffs named in the First Amended Consolidated Complaint, had not made the requisite pre-suit demand under Rule 23.1, without ruling on Plaintiff Kellmer's motion to intervene.

12. Mr. Kellmer's dilemma arose not by virtue of the terms of the Consolidation Order, but by the decision of "Co-Lead Counsel" not to press Mr. Kellmer's claim. Indeed, "Co-Lead Counsel" viewed their authority as so expansive that, unknown to Mr.

Kellmer or his counsel, they settled Mr. Kellmer's separate "books and records" litigation (under and pursuant to §220 of the Delaware Corporations Law) against Fannie Mae.

13. After the First Amended Consolidated Complaint was dismissed, then "Co-Lead Counsel" consistent with their practice throughout this litigation, did not consult with us concerning their decision to appeal the justifiable dismissal of the Consolidated Complaint or whether Mr. Kellmer's claims were even to be the subject of such appeal. They filed a notice of appeal only for their individual clients, the "Co-Lead Plaintiffs," not for any of the other derivative plaintiffs and their claims covered by the Consolidation Order.

14. Following the dismissal of the First Amended Consolidated Complaint, we made the decision not to file a notice of appeal in large measure because it did not appear that Mr. Kellmer had anything to appeal. His case did not suffer from the fatal flaw that was the sole ground for the dismissal of the First Amended Consolidated Complaint – failure to make a pre-suit demand on Fannie Mae's Board of Directors – nor did the Court's Opinion refer to Plaintiff Kellmer or his case as one being dismissed. Furthermore, our legal research convinced us that consolidation of the various derivative cases had not resulted in the *de jure* merger of Mr. Kellmer's case with those dismissed, just as it had not been *de facto* merged. Additionally, "Co-Lead Counsel" had assured us, all other parties, and the Court in opposing Mr. Kellmer's motion to intervene that if the First Amended Consolidated Complaint were to be dismissed on demand grounds, Mr. Kellmer would be free to pursue his claims. Finally, and most significantly, there being no dismissal of Mr. Kellmer's claims, he would not have had standing to be an appellant.

5

Indeed, getting caught up in an appeal of the dismissal of the "Co-Lead Plaintiffs' " claims and the First Amended Consolidated Complaint in which he was not even a named party would only cause further delay in prosecuting the case against the defendants and securing the relief sought, a result obviously not consistent with the best interests of Fannie Mae's shareholders. Consequently, we concluded that Mr. Kellmer's case survived the Court's dismissal of the First Amended Consolidated Complaint and, if it did not, the inherent power of the Court to clarify its Order, or Rule 60, would be available to "unscramble" the procedural posture in which he found himself.

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 5, 2007

_____
Richard D. Greenfield

# ATTACHMENT B

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

In re FANNIE MAE DERIVATIVE       )    Master File No. 1:04-CV-01783-RJL
LITIGATION                        )
                                  )    **(Consolidated Action)**
_____   )
                                  )
This Document Relates To:         )
                                  )
    ALL ACTIONS.                  )
                                  )
_____   )

NOTICE OF APPEAL

Notice is hereby given that the Co-Lead Plaintiffs in this action – Pirelli Armstrong Tire

Corporation Retiree Medical Benefits Trust and Wayne County Employees' Retirement System,

suing derivatively on behalf of nominal defendant Federal National Mortgage Association – hereby

appeal to the United States Court of Appeals for the District of Columbia Circuit from (a) the May

31, 2007 Order granting defendants' motions to dismiss, granting defendants' Joint Request for

Judicial Notice, and dismissing the case against all defendants (entered May 31, 2007), and (b) the

accompanying Memorandum Opinion dated May 31, 2007 (entered May 31, 2007).

DATED:  June 27, 2007                          LERACH COUGHLIN STOIA GELLER
                                                 RUDMAN & ROBBINS LLP
                                               DARREN J. ROBBINS
                                               RANDALL J. BARON
                                               A. RICK ATWOOD, JR.
                                               BENNY C. GOODMAN III (D.C. Bar #489187)


                                                 BENNY C. GOODMAN III (D.C. Bar #489187)

                                               655 West Broadway, Suite 1900
                                               San Diego, CA  92101-3301
                                               Telephone:  619/231-1058
                                               619/231-7423 (fax)

                                               LERACH COUGHLIN STOIA GELLER
                                                 RUDMAN & ROBBINS LLP
                                               NANCY M. JUDA (D.C. Bar # 445487)
                                               1100 Connecticut Avenue, N.W., Suite 730
                                               Washington, DC  20036
                                               Telephone:  202/822-2024
                                               202/828-8528 (fax)

                                               BARRETT, JOHNSTON & PARSLEY
                                               GEORGE E. BARRETT
                                               DOUGLAS S. JOHNSTON, JR.
                                               TIMOTHY L. MILES
                                               217 Second Avenue, North
                                               Nashville, TN  37201-1601
                                               Telephone:  615/244-2202
                                               615/252-3798 (fax)

                                               Co-Lead Counsel for Plaintiffs

                                         - 1 -

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
4748 Wisconsin Avenue, N.W.
Washington, DC 20016
Telephone: 202/362-0041
202/362-2640 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Fannie Mae Derv\not00043099.doc

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.    That on June 27, 2007, declarant served the **NOTICE OF APPEAL** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of June, 2007, at San Diego, California.

_____
JANA K. KUSY

FANNIE MAE DERIVATIVE
(LEAD)
Service List - 6/27/2007    (04-0576)
Page 1 of 3
**Counsel For Defendant(s)**

William H. Jeffress, Jr.
Julia E. Guttman
Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004-2400
   202/639-7700
   202/639-7890 (Fax)

John J. Clarke, Jr.
DLA Piper US LLP
1251 Avenue of the Americas, 29th Floor
New York, NY  10020-1104
   212/835-6000
   212/835-6001 (Fax)

Earl  Silbert
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, DC  20036-2430
   202/861-3900
   202/223-2085 (Fax)

Joseph F. Warin
Antoinette  DeCamp
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
   202/955-8500
   202/467-0539 (Fax)

David S. Krakof
Mark W. Ryan
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC  20006
   202/263-3000
   202/263-3300 (Fax)

Seth M. Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA  90071-2899
   213/430-6000
   213/430-6407 (Fax)

FANNIE MAE DERIVATIVE
(LEAD)
Service List - 6/27/2007    (04-0576)
Page 2 of 3

Michael J. Walsh, Jr.
John H. Beisner
Jeffrey W. Kilduff
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001
  202/383-5300
  202/383-5414 (Fax)

James D. Wareham
Carolyn W. Morris
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
  202/551-1700
  202/551-1705 (Fax)

James Hamilton
Swidler & Berlin
3000 K Street, N.E., Suite 300
Washington, DC 20007-5116
  202/424-7826
  202/424-7643 (Fax)

Paul Rowe
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
  212/403-1000
  212/403-2000 (Fax)

Kevin M. Downey
Joseph M. Terry
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
  202/434-5000
  202/434-5029 (Fax)

Steven M. Salky
Eric Delinsky
Carole Yanofsky
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
  202/778-1800
  202/822-8106 (Fax)

FANNIE MAE DERIVATIVE
(LEAD)
Service List - 6/27/2007    (04-0576)
Page 3 of 3
**Counsel For Plaintiff(s)**

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN  37201
  615/244-2202
  615/252-3798 (Fax)

Darren J. Robbins
Randall J. Baron
Byron S. Georgiou
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423 (Fax)

Nancy M. Juda
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
1100 Connecticut Avenue, N.W., Suite 730
Washington, DC  20036
  202/822-6762
  202/828-8528 (Fax)

Louis P. Malone
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, DC  20016
  202/362-0041
  202/237-1200 (Fax)

# ATTACHMENT C

No. 07-7108

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA

PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL
BENEFITS TRUST and WAYNE COUNTY EMPLOYEES' RETIREMENT
SYSTEM,
*Lead Plaintiffs-Appellants*,

vs.

FRANKLIN D. RAINES, J. TIMOTHY HOWARD, DANIEL H. MUDD,
KENNETH M. DUBERSTEIN, STEPHEN B. ASHLEY, THOMAS P.
GERRITY, ANN KOROLOGOS, FREDERIC V. MALIK, DONALD B.
MARRON, JOE K. PICKETT, LESLIE RAHL, H. PATRICK SWYGERT, ANNE
M. MULCAHEY, JOHN D. WULFF,
*Defendants-Appellees*,

– and –

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
*Nominal Defendant-Appellee*.

Appeal From the United States District Court
for the District of Columbia
No. 1:04-cv-01783
The Honorable Richard S. Leon

## CERTIFICATE OF COUNSEL

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ERIC ALAN ISAACSON
RANDALL J. BARON
A. RICK ATWOOD, JR.
BENNY C. GOODMAN III (D.C. Bar #489187)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Lead Plaintiffs-Appellants

**Parties**

    Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust
    Wayne County Employees' Retirement System
    Franklin D. Raines
    J. Timothy Howard
    Daniel H. Mudd
    Kenneth M. Duberstein
    Stephen B. Ashley
    Thomas P. Gerrity
    Ann Korologos
    Frederic V. Malek
    Donald B. Barron
    Joe K. Pickett
    Leslie Rahl
    H. Patrick Sygert
    Anne M. Mulcahy
    John D. Wulff
    Federal National Mortgage Association

**Amici**

    None.

**Rulings Under Review**

    The ruling at issue before the Appellate Court is the Honorable Richard J. Leon's May 31, 2007 Memorandum and Order Granting Defendants' Motion to Dismiss, which appear in the District Court docket at numbers 199 and 200 and is reported at 2007 U.S. Dist. LEXIS 39348 (D.D.C. 2007).



**Related Cases**

This action was previously before the District of Columbia Court of Appeals

with the caption *Jeffrey Bader v. Federal National Mortgage Association, et. al*, Case

No.: 05-5375.  This Court dismissed that appeal on March 6, 2006 for lack of

jurisdiction.  The following related cases are currently pending before the Honorable

Richard J. Leon in the District of Columbia Federal Court:

> *In re Fannie Mae Securities Litigation,*
> Case No. 04-cv-01639-RJL
>
> *In re Fannie Mae ERISA Litigation,*
> Case No. 04-cv-01784-RJL
>
> *Arthur Middleton v. Franklin D. Raines, et al.,*
> Case No. 07-cv-01221-RJL
>
> *James Kellmer v. Franklin D. Raines, et al.,*
> Case No. 1:07-CV-01173-RJL

DATED:  August 17, 2007                    LERACH COUGHLIN STOIA GELLER
                                             RUDMAN & ROBBINS LLP
                                           DARREN J. ROBBINS
                                           ERIC ALAN ISAACSON
                                           RANDALL J. BARON
                                           A. RICK ATWOOD, JR.
                                           BENNY C. GOODMAN III
                                           (D.C. Bar #489187)

                                           _____
                                           ERIC ALAN ISAACSON

## DECLARATION OF SERVICE BY UPS DELIVERY

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.    That on August 17, 2007, declarant served by UPS, next day delivery, the CERTIFICATE OF COUNSEL to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of August, 2007, at San Diego, California.

_____
NIKA J. ELLIS

FANNIE MAE DERIVATIVE
(LEAD)
Service List - 8/17/2007    (04-0576)
Page 1 of 4
**Counsel For Defendant(s)**

John H. Doyle III
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
212/278-1000
212/272-1733 (Fax)

Rhonda D. Orin
Daniel J. Healy
Anderson Kill & Olick, P.C.
2100 M Street, NW, Suite 650
Washington, DC 20037
202/218-0049
202/218-0055 (Fax)

William H. Jeffress, Jr.
Julia E. Guttman
Baker Botts L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
202/639-7700
202/639-7890 (Fax)

James Hamilton
Ivan B. Knauer
Allison L. Phair
Bingham McCutchen LLP
2020 K Street NW
Washington, DC 20006
202/373-6000
202/373-6001 (Fax)

Earl Silbert
Erica Salmon Byrne
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, DC 20036-2430
202/861-3900
202/223-2085 (Fax)

John J. Clarke, Jr.
DLA Piper US LLP
1251 Avenue of the Americas, 29th Floor
New York, NY 10020-1104
212/835-6000
212/835-6001 (Fax)

FANNIE MAE DERIVATIVE
(LEAD)
Service List - 8/17/2007    (04-0576)
Page 2 of 4

Joseph F. Warin
Antoinette DeCamp
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
    202/955-8500
    202/467-0539 (Fax)

David E. Barry
William A. Krohley
Christopher C. Palermo
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
    212/808-7800
    212/808-7897 (Fax)

Glenn B. Manishin
Stephanie A. Joyce
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, N.W.
Washington, DC 20007-5108
    202/342-8400
    202/342-8451 (Fax)

Everett (Kip) Johnson, Jr.
Latham & Watkins LLP
555 - 11th Street, NW, Suite 1000
Washington, DC 20004
    202/637-2200
    202/637-2201 (Fax)

David S. Krakof
Mark W. Ryan
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006
    202/263-3000
    202/263-3300 (Fax)

Robert M. Romano
Rachelle M. Barstow
Bonnie Altro
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
    212/309-6000
    212/309-6273 (Fax)

Patrick D. Connor
Morgan, Lewis & Bockius LLP
1800 M Street, N.W.
Washington, DC 20036
    202/467-7000
    202/467-7176 (Fax)

Michael J. Walsh, Jr.
John H. Beisner
Jeffrey W. Kilduff
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001
    202/383-5300
    202/383-5414 (Fax)

FANNIE MAE DERIVATIVE
(LEAD)
Service List - 8/17/2007   (04-0576)
Page 3 of 4

Seth M. Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA 90071-2899
  213/430-6000
  213/430-6407 (Fax)

James D. Wareham
Carolyn W. Morris
James E. Anklam
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
  202/551-1700
  202/551-1705 (Fax)

James Hamilton
Swidler & Berlin
3000 K Street, N.E., Suite 300
Washington, DC 20007-5116
  202/424-7826
  202/424-7643 (Fax)

Paul Rowe
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
  212/403-1000
  212/403-2000 (Fax)

Fred F. Fielding
Barbara Van Gelder
Wiley, Rein & Fielding
1776 K Street, NW, 9th Floor
Washington, DC 20006
  202/828-4932
  202/429-7207 (Fax)

Kevin M. Downey
Joseph M. Terry
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005
  202/434-5000
  202/434-5029 (Fax)

Richard M. Clark
Eric Delinsky
Tamy Gershoni
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
  202/778-1800
  202/822-8106 (Fax)

FANNIE MAE DERIVATIVE
(LEAD)
Service List - 8/17/2007    (04-0576)
Page 4 of 4
**Counsel For Plaintiff(s)**

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
Barrett, Johnston & Parsley
217 Second Avenue, North
Nashville, TN 37201
 615/244-2202
 615/252-3798 (Fax)

Darren J. Robbins
Randall J. Baron
Byron S. Georgiou
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
 619/231-1058
 619/231-7423 (Fax)

Nancy M. Juda
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
1100 Connecticut Avenue, N.W., Suite 730
Washington, DC 20036
 202/822-6762
 202/828-8528 (Fax)

Louis P. Malone
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, DC 20016
 202/362-0041
 202/237-1200 (Fax)



Mail Room

AUG 2 0 2007

United States Courts of Appeals
District of Columbia Circuit

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAY 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | **MDL No. 1688** |
| In Re Fannie Mae Derivative Litigation | **Consolidated Civil Action No. 04-1783 (RJL)** |

### ORDER

For the reasons set forth in the Memorandum Opinion above, it is this 31st day of May, 2007, hereby

**ORDERED** that defendants' Motions to Dismiss [#135, #136, #137, #138, #139] are **GRANTED**; and it is further

**ORDERED** that defendants' Joint Request for Judicial Notice is hereby **GRANTED**; and it is further

**ORDERED** that the case be dismissed against all defendants.

**SO ORDERED.**

**RICHARD J. LEON**
**United States District Judge**

