UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | MDL No. 1668 |
| **Kellmer v. Raines, et al.** | Civil Action No. 1:07-cv-01173<br><br>Judge Richard J. Leon |

### REPLY IN SUPPORT OF MOTION TO DISMISS JAMES KELLMER'S THIRD COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, ON THE GROUND OF CLAIM PRECLUSION

The essence of Kellmer's opposition can be boiled down to a simple but irrelevant proposition – it would not be fair to grant Fannie Mae's motion to dismiss. Unfortunately for Mr. Kellmer, when assessing whether the Court has subject matter jurisdiction over a complaint, fairness is not part of the analysis. Simply put, the Court does not have subject matter jurisdiction over the *Kellmer III* complaint,[1] so it should be dismissed. And even though the Court should not consider whether or not it would be "fair" to dismiss the *Kellmer III* complaint, the Court can rest assured that it would be an equitable result. The law provided Kellmer with the means to seek relief from the Court's orders, but Kellmer did not avail himself of those appropriate means. When the Court dismissed the consolidated shareholder derivative actions in

---

[1] For reasons that are unclear, Kellmer objects in his opposition to the naming scheme that Fannie Mae used in its motion to dismiss to distinguish between the three separate cases that Kellmer filed. To be clear, Fannie Mae did not suggest that Kellmer's books and records action, Case No. 04-2084, filed in December 2004 and referred to as *Kellmer I*, was a shareholder derivative action. *See* FM Mot. to Dism. at 2 ("[O]n December 1, 2004, Kellmer filed a 'books and records' action in this Court pursuant to 8 Del. C. § 220 seeking to inspect and copy certain of Fannie Mae's books and records."). Despite Kellmer's wishes to the contrary, he did file two distinct shareholder derivative actions. He filed the first on January 10, 2005 and the second on June 29, 2007. Because Kellmer's January 10, 2005 shareholder derivative case was actually the second case he filed in this MDL proceeding, Fannie Mae referred to it as *Kellmer II*. Because Kellmer's June 29, 2007 shareholder derivative case was the third case he filed in this MDL proceeding, Fannie Mae referred to it as *Kellmer III*. Fannie Mae will continue to do so in this reply brief.

1

*In re Fannie Mae Derivative Litig.*, Case No. 04-1783 ("Consolidated Cases"), in its May 31, 2007 Dismissal Order ("Dismissal Order"), Kellmer could have filed a motion to amend the judgment pursuant to Fed. R. Civ. P. 59 or a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b) within ten days. Kellmer also could have filed his own notice of appeal to the D.C. Circuit. Any of these avenues of relief would have been completely consistent with Kellmer's view that his case has a "distinct legal identity." (*See* Kellmer Opp'n. at 9.) But Kellmer did not do any of these things.

Instead, Kellmer sat on his rights. At the same time, Wayne County Public Employees Retirement System and Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust, Co-Lead Plaintiffs in the Consolidated Cases whom this Court appointed to represent the interests of all shareholder derivative plaintiffs (including Kellmer), timely appealed the Dismissal Order to the D.C. Circuit. This Court then transferred the Consolidated Cases (which, despite Kellmer's claims to the contrary and pursuant to the clear terms of the Consolidation Order, include the *Kellmer II* case) to the D.C. Circuit and divested itself of jurisdiction over them. For reasons that he has not made clear, Kellmer then sought relief not in the D.C. Circuit, but by filing a third complaint (virtually identical to his second complaint, which was superseded by Co-Lead Plaintiffs First Amended Consolidated Complaint) in this Court. Kellmer claimed that he did so only because the docket in his second complaint had been mysteriously closed. Then, apparently realizing that his third complaint was vulnerable to dismissal on the grounds articulated by Fannie Mae's counsel at the August 30, 2007 status conference, Kellmer filed a Rule 60(b) motion for relief from the Dismissal Order in the *Kellmer II* case, which had been closed upon its consolidation into the Consolidated Cases and superseded by the First Amended Consolidated

2

Complaint. Kellmer's post-hoc attempts to restore the claims he has long since abandoned are insufficient to allow Kellmer's cases to proceed.

For the reasons set forth in Fannie Mae's Motion to Dismiss, the Court lacks subject matter jurisdiction over both the *Kellmer III* complaint and the Rule 60(b) motion that Kellmer filed in the *Kellmer II* docket. In any event, the *Kellmer III* complaint is barred by the doctrine of claim preclusion. Neither Fed. R. Civ. P. 60(b) nor any other body of law permits Kellmer to avoid the preclusive effect of a final judgment because he now disagrees with Co-Lead Plaintiffs' strategic choices. This Court has entered a valid, final judgment, and Kellmer is bound by it.

## **ARGUMENT**

The Court should reject Kellmer's argument that it has subject matter jurisdiction over the *Kellmer III* complaint. Procedurally, either *Kellmer II* is on appeal to the D.C. Circuit with the rest of the Consolidated Cases or it was dismissed without having been appealed. If *Kellmer II* is part of the consolidated appeal, this Court does not have subject matter jurisdiction over the *Kellmer III* case, having been divested by the D.C. Circuit of jurisdiction over virtually identical claims by the same plaintiff. If, on the other hand, the Court's May 31, 2007 dismissal of the Consolidated Cases (including *Kellmer II*) stands without having been appealed by Kellmer, *Kellmer III* is barred by the doctrine of claim preclusion. In either instance, the Court must dismiss the *Kellmer III* complaint.

**I.     THE *KELLMER III* CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Kellmer admits that the *Kellmer III* complaint is identical in all material respects to the *Kellmer II* complaint. (Kellmer Opp'n. at 13.) The *Kellmer II* complaint was consolidated into the Consolidated Cases and superseded by the First Amended Consolidated Complaint that is

3

currently on appeal to the D.C. Circuit. (Consolidation Order at 4-5.) The appeal divested this Court of jurisdiction over the Consolidated Cases and vested exclusive jurisdiction to resolve the questions that Kellmer raises here with the D.C. Circuit. It is well-settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Princz v. F.R.G.*, 998 F.2d 1, 1 (D.C. Cir. 1993) ("an appeal properly pursued from the district court's order divests the district court of control over those aspects of the case on appeal.")

      Kellmer's singular response – that he did not file a notice of appeal himself – is of no import. Kellmer could have preserved the rights he seeks to vindicate here by filing his own notice of appeal.[2] Despite his insistence that he is not attacking the Court's February 14, 2005 Consolidation Order and the accompanying Pretrial Order No. 1 (*see* Kellmer Opp'n. at 3), that is precisely what he is doing. Those orders state quite clearly that the *Kellmer II* complaint was superseded by the First Amended Consolidated Complaint. (Consolidation Order at 4-5; PTO #1 at 3-4.) Upon the filing of that complaint, pursuant to the express terms of PTO #1, the *Kellmer II* complaint ceased to exist, and the fate of Kellmer's case became inextricably intertwined with that of Co-Lead Plaintiffs, which was dismissed and appealed. Kellmer cannot cite a single decision that stands for the proposition that he is entitled to make an end-run around the appellate process by filing a new cause of action identical to the one on appeal and using it as a vehicle to challenge this Court's ruling in that case. This would be utterly contrary to the holding in *Griggs*.

---

[2] Kellmer has essentially admitted as much in previous filings. For example, Kellmer admitted in his February 2007 Motion to Intervene that an order dismissing Co-Lead Plaintiffs' First Amended Consolidated Complaint would likely be binding on Kellmer. (*See* Kellmer Mot. to Int. at 6.)

Kellmer also failed to timely file either a motion to amend the judgment pursuant to Rule 59, a motion for relief from the judgment pursuant to Rule 60(b), or a notice of appeal with the D.C. Circuit and undoubtedly has waived his right to pursue any of these remedies. While Kellmer sat on his rights, Co-Lead Plaintiffs appealed the Consolidated Cases, which indisputably included the *Kellmer II* case, to the D.C. Circuit, at which time this Court was divested of jurisdiction over them. Because this Court no longer has jurisdiction over the Consolidated Cases, it must dismiss the *Kellmer III* case, which Kellmer admits is nothing more than a replica of *Kellmer II*.

## II.     THE *KELLMER III* COMPLAINT IS BARRED BY THE DOCTRINE OF CLAIM PRECLUSION

Even if the Court could reach the merits of the *Kellmer III* complaint, it is barred by the doctrine of claim preclusion and should be dismissed on that basis. There can be no dispute that the Court expressly included the *Kellmer II* case among those that were consolidated into the Consolidated Cases. (Consolidation Order at 4-5.) The Court specifically noted that it was consolidating the *Kellmer II* case with the demand-futility cases because the two theories were not dissimilar enough to defeat an otherwise proper consolidation. (*See id.*) Nor can there be any dispute that when the Co-Lead Plaintiffs filed a new, consolidated complaint on behalf of all of the consolidated plaintiffs, including Kellmer, the *Kellmer II* complaint was superseded. And when the Court ultimately dismissed the Consolidated Cases, it specifically noted that *Kellmer II* was one of the consolidated cases being dismissed. (*See* Dismissal Order at 4 n.3.) There is thus no question that the Court dismissed the *Kellmer II* complaint and meant to do so.

Kellmer argues that the *Kellmer III* complaint should not be barred by the doctrine of claim preclusion because the Court should grant Kellmer's Rule 60(b) motion in the *Kellmer II* action. This bootstrap argument fails because the Court lacks jurisdiction to grant Kellmer's

5

Rule 60(b) motion in the *Kellmer II* action for the reasons set forth in Fannie Mae's October 12 papers. *See also Smith v. Pollin*, 194 F.2d 349, 350 (D.C. Cir. 1952) ("It is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal"). Even if the Court did have jurisdiction to hear Kellmer's Rule 60(b) motion, and it does not, Kellmer has offered no basis for the Court to grant it.

Alternatively, Kellmer argues that the *Kellmer III* suit is not barred because his demand-refused theory was not "actually litigated" as part of the Consolidated Cases. (*See* Kellmer Opp'n. at 11.) Here, Kellmer has confused claim preclusion with issue preclusion. As the Supreme Court long ago explained, "when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action," the doctrine of *claim preclusion* prevents parties or their privies from later raising any issue that was *or could have been* presented in the first action. *See Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948). Here, for the reasons articulated in Fannie Mae's motion to dismiss (*see* FM Mot. at 11-13), the Court has entered a final judgment on the merits that is entitled to preclusive effect. *See also Henik v. LaBranche*, 433 F. Supp. 2d 372, 380-81 (S.D.N.Y. 2006). Therefore, Kellmer's new suit is barred regardless of whether every issue Kellmer wished to raise was "actually litigated." Kellmer had ample opportunity to timely raise his objections to the Dismissal Order, both with this Court and with the D.C. Circuit. That he failed to do so does not allow him to simply file another complaint and litigate as if the Consolidated Cases had never existed, much less been dismissed.

### III.    KELLMER'S EQUITABLE ARGUMENTS ARE INSUFFICIENT TO AVOID DISMISSAL

Kellmer's disagreement with the strategic decisions that Co-Lead Plaintiffs made on his behalf does not relieve him from the preclusive effect of this Court's prior judgment. In a consolidated case, a lead plaintiff (and lead counsel) must make a number of decisions on behalf

6

of all represented plaintiffs, including but not limited to the claims that plaintiffs will assert and the theories that they will advance in pursuit of those claims. Those decisions must necessarily bind all consolidated plaintiffs, who must share alike in both successes and failures. Although Kellmer is correct that the Consolidation Order did not extinguish any of his substantive rights,[3] he ignores the fact that the Consolidation Order provided Co-Lead Counsel with the authority to make strategic decisions on his behalf, including the decision to pursue a particular theory of the case. (Consolidation Order at 5-8.) Kellmer's disagreement with Co-Lead Plaintiffs' ultimate decision is not tantamount to an extinguishment of his legal rights. *See In re Richardson-Merrell, Inc. "Benedectin" Products Liab. Litig*, 624 F. Supp. 1212, 1246 (S.D. Ohio 1985) (recognizing authority under Rule 42(a) to appoint lead counsel committee and that "[t]he power of the committee may even extend to usurp some of the initiative of noncommittee counsel."); *see also In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1977) ("The need for a court to exercise its inherent managerial powers as expressed in Rule 42(a) may take precedence over desires of counsel."). The contrary rule Kellmer advances – that a represented plaintiff can avoid the effect of an adverse verdict if he disagrees in hindsight with strategic decisions made by lead counsel – would transform Rule 42 consolidation from a tool of judicial economy into an insurance policy for plaintiffs like Kellmer who were not appointed as lead.

Kellmer even admits that he was content to have his case proceed on a demand-futility theory, so long as Co-Lead Plaintiffs succeeded on that theory. (*See* Kellmer Opp'n at 7.) But now that the Court rejected the demand-futility theory, Kellmer asserts that "rudimentary

---

[3] There is no question that the Court had the authority to enter the Consolidation Order. *See* Fed. R. Civ. P. 42(a) (providing district court authority to order consolidation under appropriate circumstances, and to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"); *see also Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 (9th Cir. 1977) (recognizing district court's authority to appoint lead counsel).

7

fairness" obliges the Court to consider his claim under a demand-refused theory. (*Id.* at 3.) Kellmer's post-hoc disagreement with counsel's strategic choices does nothing to invalidate the prior judgment.[4] Kellmer has identified no basis for relieving him from the prior judgment, and the Court should deny his Rule 60(b) motion and dismiss his newest complaint as barred by claim preclusion.

## IV. **KELLMER HAS NO RIGHT TO PROCEED AS THE REPRESENTATIVE SHAREHOLDER**

Finally, it bears noting that Kellmer's claim is not his own, and he has no right to proceed individually. Rather, his claim (if it exists at all) belongs to Fannie Mae, and Kellmer is entitled only to be represented on a *pro rata* basis like every other shareholder. *See Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 528 (1984) ("a derivative action allows a stockholder 'to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own'"); *Henik*, 433 F. Supp. 2d at 380 (S.D.N.Y. 2006) ("in shareholder derivative actions, a plaintiff shareholder sues on behalf of the corporation"). Kellmer's complaints about fairness thus miss the mark – Kellmer had no right to proceed as the representative shareholder, and there was nothing "unfair" about treating him like all other shareholders and requiring him to proceed through the Co-Lead Plaintiffs. *See Dana v. Morgan*, 232 F. 85, 89 (2d Cir. 1916) ("It makes no difference, in the absence of fraud or collusion, that a stockholder's suit is prosecuted by one or more, or by all, the stockholders; the suit being brought on behalf of all others of like interest joining therein. . . . [T]he action is really the action of all the stockholders, as it is necessarily commenced in their behalf and for their benefit."); *Henik*, 433 F. Supp. 2d at 380 ("A judgment

---

[4] According to Kellmer, he did not acquiesce in the decision to consolidate, but instead "suggested that the Court stay any action on" his motion to intervene "and, if the Court denied the motion to dismiss on demand-futility grounds, . . . deny [the] motion to intervene as moot." (*See* Kellmer Opp'n at 7.) The Court never told Kellmer he could proceed under a demand-futility theory and then, if that failed, assert a demand-refused theory. Kellmer agreed to submit his claim on a demand-futility theory, and must respect the Court's ruling.

8

in the stockholders' derivative action is res judicata both as to the corporation and as to all of its stockholders, including stockholders who were not parties to the original action in subsequent actions based upon the same subject matter." (internal quotation marks omitted)).

## CONCLUSION

For the reasons set forth above, and those explained in Fannie Mae's earlier briefing, the Court should dismiss Kellmer's latest complaint and deny his Rule 60(b) motion.

Dated:  November 13, 2007

      /s/ Michael J. Walsh, Jr.
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414
*Counsel to Nominal Defendant Fannie Mae*

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

                                                /s/ Michael J. Walsh, Jr.
                                                Michael J. Walsh, Jr.