UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| Kellmer v. Raines, *et al.* | Civil Action No. 07-1173 (RJL) |
| Middleton v. Raines, *et al.* | |
| Arthur v. Mudd, *et al.* | |
| Agnes v. Raines, *et al.* | |

MEMORANDUM ORDER
(June 25, 2009)

Presently before the Court are two motions: 1) the motion of the Federal Housing Finance Agency ("FHFA"), as conservator for Fannie Mae, to substitute itself for the shareholder derivative plaintiffs in the above-captioned cases; and 2) the plaintiff's motion in *Agnes v. Raines*, No. 08-1093, to sever his accounting-related claims from his claims related to the subprime crisis. Upon consideration of the motions, the oppositions filed thereto, and the oral argument held May 7, 2009, the Court will GRANT the motion to substitute and will DENY without prejudice the motion to sever.

## BACKGROUND

The shareholder plaintiffs in these cases each asserts derivative claims on behalf of Fannie Mae against certain former officers and directors of Fannie Mae and certain third parties. The complaints in *Kellmer v. Raines*, No. 07-1173, and *Middleton v. Raines*, No. 07-1221, assert claims arising out of alleged accounting misconduct that occurred prior to

1

2005. The complaint in *Arthur v. Mudd*, No. 07-2130, by contrast, asserts claims related to the subprime mortgage crisis subsequent to May 2006. And the complaint in *Agnes* asserts both accounting and subprime-related derivative claims, as well as a direct claim relating to Fannie Mae's 2008 Proxy Statement.

In July 2008, in response to the subprime mortgage crisis, Congress enacted the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4617. HERA, among other things, created the FHFA, which succeeded the Office of Federal Housing Enterprise Oversight ("OFHEO") as the regulator of the government-sponsored enterprises Fannie Mae and Freddie Mac. On September 6, 2008, pursuant to the authority granted the FHFA in HERA, *id.* § 4617(a)(2), FHFA Director James Lockhart appointed the FHFA conservator for Fannie Mae. As Conservator, the FHFA acquired the power to take such action as may be "necessary to put [Fannie Mae] in a sound and solvent condition" and to "preserve and conserve the assets and property" of Fannie Mae. *Id.* § 4617(b)(2)(D)(i)-(ii). Further, and relevant here, the FHFA "immediately succeed[ed] to . . . all rights, titles, powers, and privileges of [Fannie Mae], and of any *stockholder*, officer, or director of [Fannie Mae]," *id.* § 4167(b)(2)(A)(i) (emphasis added), and acquired the authority to "take over the assets of and operate [Fannie Mae] with all the powers of the *shareholders*, the directors, and the officers of [Fannie Mae] and conduct all business of [Fannie Mae]," *id.* § 4617(b)(2)(B)(i) (emphasis added). Based on these provisions, the FHFA contends that it is the sole entity with standing to pursue the derivative claims asserted in these four

actions and, therefore, is entitled to substitution for plaintiffs immediately.[1] Plaintiffs, not surprisingly, disagree, arguing that HERA does not eliminate their standing to independently pursue the derivative claims in the event the FHFA elects not to pursue them itself. Thus, plaintiffs argue that substitution should be granted only if the FHFA represents that it intends to vigorously prosecute the claims.[2] For the following reasons, I agree with the FHFA.

## DISCUSSION

Plaintiffs collectively make two primary, and related, arguments in opposition to the motion to substitute. First, they argue that HERA did not explicitly overrule – and thus left intact – the common law rule that shareholders have standing to assert claims derivatively on behalf of an entity in conservatorship or receivership if the conservator or receiver refuses to prosecute the claims itself. *See O'Connor v. Rhodes*, 79 F.2d 146, 149 (D.C. Cir. 1935) (shareholder may bring a derivative suit where a receiver refuses to do so or "where it would be a vain thing to make a demand upon [it], and it is shown there is a necessity for a suit for the protection of the interests of creditors"); *Landy v. FDIC*, 486 F.2d 139, 148 (3d Cir. 1973) (noting that "[a] derivative suit by shareholders should not be precluded merely because a bank is in the receivership of the FDIC" because

---

[1] FHFA also argues that the HERA's anti-injunction provision, 12 U.S.C. § 4617(f), compels substitution for the derivative plaintiffs. The anti-injunction provision provides that, except as otherwise authorized or requested, "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator." *Id.*

[2] The plaintiff in the *Arthur* action takes this position only in the alternative, arguing first that the motion to substitute should be denied in its entirety regardless of FHFA's litigation intentions. (Pl. Arthur Opp'n at 13-14.) The plaintiff in the *Middleton* action failed to file a response to the FHFA's motion, and thus concedes substitution. Local Civil Rule 7(b).

"Congress has given no indication that it intended to preclude [such] derivative suits"). Second, plaintiffs argue that they retain standing to maintain these derivative suits because the suits are an equitable remedy – rather than a legal "right" eliminated by HERA – associated with their beneficial ownership of Fannie Mae shares, which HERA does *not* eliminate, but rather leaves intact during the period of conservatorship.

Plaintiffs' arguments are not persuasive in light of HERA's plain language. When a federal statute's language is plain and unambiguous, the Court has no discretion but to follow it. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Here, HERA's plain language provides, in a broad stroke, that the FHFA succeeds "all rights, titles, powers, and privileges" of the stockholders of Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i); *see also id.* § 4617(b)(2)(B)(i). This directive implies no exception, and plaintiffs' fail to identify any accompanying statutory text to persuade this Court that, when read as a whole, HERA carved out or otherwise permits the exception they propound.[3]

In this context, the Court finds persuasive the reasoning in the Ninth Circuit's opinion in *Pareto v. FDIC*, 139 F.3d 696 (9th Cir. 1998), and in the recent memorandum order in *Sadowsky Testamentary Trust v. Syron*, No. 08-5221, 2009 WL 1309776 (S.D.N.Y. May 6, 2009) ("*Sadowsky*"). In *Pareto*, the Ninth Circuit confronted a similar provision in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), which, for the first time, vested in the FDIC "all rights, titles, powers, and privileges" of shareholders when a bank entered FDIC receivership. 12 U.S.C. §

---

[3] Indeed, plaintiffs' concede that no legislative history exists to support their interpretation. (Oral Arg. Tr. 27, May 7, 2009.)

1821(d)(2)(A)(i). The Ninth Circuit held that the provision eliminated shareholders' standing to pursue derivative claims on behalf of such a bank because "Congress has transferred everything it could to the FDIC, and that includes a stockholder's right, power, or privilege to demand corporate action or to sue directors or others when action is not forthcoming." *Pareto*, 139 F.3d at 700. Similarly, in *Sadowsky*, the district court addressed a nearly identical motion as that presented by the FHFA here. Finding the reasoning in *Pareto* persuasive, the court held that HERA's plain language required granting the FHFA's motion to substitute itself for a derivative plaintiff asserting derivative claims on behalf of Freddie Mac, noting that such a result was neither absurd nor impracticable. *Sadowsky*, 2009 WL 1309776, at *1-4. Like the courts in *Pareto* and *Sadowsky*, I conclude that HERA's broad grant of authority to the FHFA indicates that Congress intended to shift as much as possible to the FHFA, including Fannie Mae's shareholders' power and standing to pursue derivative claims, regardless of whether the FHFA decides to pursue the claims itself.[4] *See also Pirelli Armstrong Tire Corp. Retiree*

---

[4] In contrast, I do not find persuasive the reasoning in *Branch v. FDIC*, 825 F. Supp. 384 (D. Mass. 1993) or *Suess v. United States*, 33 Fed. Cl. 89 (1995). Congress has determined that responsibility for deciding how to best preserve and conserve Fannie Mae's assets lies solely with FHFA for the conservatorship period. That plaintiffs may retain the beneficial ownership of their shares in Fannie Mae for the duration of the conservatorship does not compel a different result. *See Pareto*, 139 F.3d at 701 (shareholders, whose standing to pursue derivative claims was extinguished by FIRREA, "must simply rely upon the FDIC to do its job"); *Sadowsky*, 2009 WL 1309776, at *2 ("[W]hatever economic interest the [derivative plaintiff] retains does not entitle it to overcome or supplement the FHFA's rightful standing . . . ."). Indeed, allowing plaintiffs to continue to pursue derivative claims independent of FHFA would require this Court to take action that would "restrain or affect" FHFA's discretion, which HERA explicitly prohibits. 12 U.S.C. § 4617(f) ("[N]o court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator."). Finally, plaintiffs' concerns that standing may be lost altogether if the conservatorship concludes before the litigation is resolved is no more than speculation and has no effect on FHFA's entitlement to substitution at present.

*Med. Benefits Trust ex rel. Fed. Nat'l Mortgage Ass'n v. Raines*, No. 07-7108 (D.C. Cir. Dec. 24, 2008) (per curiam order) (granting unopposed FHFA motion to substitute itself for derivative plaintiffs and withdraw petition for rehearing en banc); *Lafayette Fed. Credit Union v. Nat'l Credit Union Admin.*, 960 F. Supp. 999, 1005 (E.D. Va. 1997) (statute granting conservator of failed credit unions authority to "take over the assets of and operate the credit union with all the powers of the members or shareholders" vested in the conservator "the shareholders' former right to bring a derivative suit"), *aff'd*, 133 F.3d 915, 1998 WL 2881 (4th Cir. Jan. 7, 1998) (per curiam, unpublished). Accordingly, HERA's plain language compels the conclusion that, as Conservator for Fannie Mae, only the FHFA has standing to pursue the claims asserted in these actions, and therefore its motion to substitute itself for the shareholder derivative plaintiffs must be granted immediately.[5]

* * *

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the FHFA's motion to substitute itself for the shareholder derivative plaintiffs in the above-captioned cases is GRANTED. The Clerk shall amend the caption in each case to list plaintiff as "Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association ("Fannie Mae") and as legal

---

[5] Plaintiffs also argue that FHFA is too conflicted to permit substitution here because it succeeded OFHEO, which had an extensive relationship with Fannie Mae during the lawsuits' relevant periods. While courts have recognized an exception whereby a conflict between the conservator or receiver and the defendant saves a derivative plaintiff's standing, *see, e.g., Delta Savings Bank v. United States*, 265 F.3d 1017, 1022-23 (9th Cir. 2001); *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1295 (Fed. Cir. 1999), OFHEO is *not* a defendant here, and therefore this objection is without merit.

successor to all the rights, titles, powers, and privileges of Fannie Mae and its shareholders"; it is further

**ORDERED** that the FHFA shall submit within 30 days of the date of this order a status report notifying the Court of the FHFA's position(s) on the motions to dismiss currently pending in the previously-captioned *Kellmer,* No. 07-1173, and *Middleton,* No. 07-1221, actions; and it is further

**ORDERED** that the motion to sever filed by plaintiff Agnes and pending in the previously-captioned *Agnes,* No. 08-1093, action [Dkt. #50] is DENIED without prejudice. The FHFA shall submit within 30 days of the date of this order a proposed order severing the accounting-related claims in that action from the claims related to the subprime crisis. If plaintiff Agnes wishes to continue to pursue his direct claim relating to Fannie Mae's 2008 Proxy Statement, Agnes shall submit within 30 days of the date of this order a proposed order severing that claim, along with a proposed complaint. If plaintiff Agnes fails to file such a proposed order, the direct claim will be dismissed for failure to prosecute.

**SO ORDERED.**

*[signature]*
RICHARD J. LEON
United States District Judge