# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |

| | |
|---|---|
| **Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association v. Raines, _et al._ (Kellmer III)** | **Civil Case No. 07-1173 (RJL)** |

## MEMORANDUM OPINION
(July **27**, 2010)

Before the Court are four motions arising from two nearly identical derivative

lawsuits brought originally by plaintiff shareholder James Kellmer. The two lawsuits

were originally captioned as _Kellmer v. Marron_, Civ. No. 05-0037 (D.D.C., filed Jan. 10,

2005) ("_Kellmer II_"), and _Kellmer v. Raines_, Civ. No. 07-1173 (D.D.C., filed June 29,

2007) ("_Kellmer III_"). I dismissed _Kellmer II_ as part of a consolidated action in which

Kellmer's derivative suit was joined with other shareholder derivative suits. _See In re_

_Fannie Mae Derivative Litig._, 503 F. Supp. 2d 9 (D.D.C. 2007). My decision to dismiss

the consolidated action has been affirmed by our Circuit Court. _See Pirelli Armstrong_

_Tire Corp. Retiree Med. Benefits Trust v. Raines_, 534 F.3d 779 (D.C. Cir. 2008). Instead

of appealing my consolidation order and subsequent dismissal of his case, Kellmer filed

the complaint in _Kellmer III_, which is substantially the same as the complaint in _Kellmer_

*II*. Kellmer also moved for clarification of the order dismissing the consolidated case or, alternatively, for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). The nominal defendant Federal National Mortgage Association ("Fannie Mae") opposed Kellmer's motion and moved to dismiss the *Kellmer III* complaint for lack of subject matter jurisdiction or, in the alternative, for claim preclusion. Three of the defendants in *Kellmer III*—Franklin D. Raines, J. Timothy Howard, and Leanne G. Spencer (collectively, "the individual defendants")—joined Fannie Mae's Motion to Dismiss. Since these motions were filed, the Court has replaced Kellmer as the derivative shareholder plaintiff with the Federal Housing Finance Agency ("FHFA"), the statutory conservator of Fannie Mae. FHFA initially adopted Kellmer's response to the Motion to Dismiss but has since moved for voluntary dismissal of *Kellmer III without prejudice*. Not surprisingly, the individual defendants opposed FHFA's Motion for Approval of Voluntary Dismissal and have moved to dismiss *Kellmer III with prejudice* for failure to prosecute.

Having considered the parties' arguments, the Court finds that the individual defendants would suffer prejudice if the Court were to grant FHFA's motion now that the individual defendants have justifiably relied on Fannie Mae's fully briefed Motion to Dismiss, which, if granted, would dispose of the case against them. Accordingly, FHFA's Motion for Approval of Voluntary Dismissal is DENIED. At the same time, the individual defendants' Motion to Dismiss with Prejudice for Failure to Prosecute is also

DENIED because they have failed to show that FHFA's conduct is egregiously dilatory.

Finally, regarding the merits of Fannie Mae's pending Motion to Dismiss, the Court

concludes that *Kellmer II* was properly dismissed in light of the Court's earlier

consolidation order and that *Kellmer III* is barred by the doctrine of claim preclusion.

Thus, Kellmer's Motion for Clarification or, in the Alternative, for Relief from Judgment

is DENIED, and Fannie Mae's Motion to Dismiss, which was joined by the individual

defendants, is GRANTED.

## BACKGROUND

Both *Kellmer II* and *Kellmer III* arise from allegations that Fannie Mae engaged in

improper accounting practices. These allegations are exhaustively explained in my

previous opinions. *See, e.g.*, *In re Fannie Mae Derivative Litig.*, 503 F. Supp. 2d at 11-

14. Beginning in September 2004, ten plaintiffs, including Kellmer, commenced

shareholder derivative actions against former and then-current officers and directors of

Fannie Mae. *Id.* at 13 & n.3.[1] Various parties promptly moved to consolidate these

actions. Although Kellmer did not oppose consolidation, he did oppose filing a

consolidated complaint, and he sought to have his counsel appointed as one of the co-lead

counsel. (Pl. Kellmer's Formal Position [Civ. No. 05-37, Dkt. # 7] at 10, 5, 4). He

argued that it was necessary to distinguish his derivative suit, the only one in which a

---

[1] Kellmer also brought a books and records action against Fannie Mae under
Delaware law. *See Kellmer v. Fed. Nat'l Mortgage Ass'n*, Civ. No. 04-2084 (D.D.C.,
filed Dec. 1, 2004) ("*Kellmer I*").

shareholder made a demand on Fannie Mae's board of directors under Federal Rule of Civil Procedure 23.1, from the other derivative suits, in which the shareholders declined to make such a demand on the theory that doing so would have been futile. (*Id.* at 4).

In February 2005, I granted the motions to consolidate and appointed Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust and Wayne County Employees' Retirement System as co-lead plaintiffs. (Feb. 14, 2005 Mem. Op. and Order [Civ. No. 05-37, Dkt. #25] at 3-4). I explicitly addressed Kellmer's argument that "demand made" and "demand futile" cases should not be consolidated into one action but decided nevertheless "that this distinction is insufficient to necessitate separate actions at this point in the litigation." (*Id.* at 4-5). As a result, I issued Pretrial Order No. 1, which consolidated *Kellmer II* and the other shareholder derivative actions "for all purposes through final judgment." (Pretrial Order No. 1 [Civ. No. 05-37, Dkt. #26] at 4). I also ordered that the dockets for the individual cases be closed, (*id.*), and that the co-lead plaintiffs file a consolidated complaint that would "supersede all existing complaints filed in this action," (*id.* at 7).

Pursuant to that Order, the co-lead plaintiffs filed an initial consolidated complaint in September 2005, which they later amended in September 2006. The Amended Complaint asserts two types of claims: (1) "breach of fiduciary duties and gross mismanagement arising out of the company's misapplication of FAS 91 and 133 ('accounting-related claims')," (Am. Compl. [Civ. No. 04-1783, Dkt. #127] Counts I-IV);

and (2) "claims for corporate waste and unjust enrichment relating to the Board's approval of certain executives' compensation ('compensation-related claims')," (Am. Compl. [Civ. No. 04-1783, Dkt. #127] Counts V-VIII). *In re Fannie Mae Derivative Litig.*, 503 F. Supp. 2d at 13-14. The co-lead plaintiffs proceeded on a theory that it would have been futile to make a successful pre-suit demand on Fannie Mae's board as required by Rule 23.1. The defendants moved to dismiss the consolidated complaint claiming, among other things, that the co-lead plaintiffs failed to allege sufficient facts to establish futility.

In February 2007, before I ruled on the defendants' Motion to Dismiss, Kellmer sought to intervene in the case. (Kellmer's Mot. to Intervene [Civ. No. 04-1783, Dkt. #175] at 3). He argued that "a dismissal of the present action may bind Mr. Kellmer and thus preclude him from asserting his claims though he, unlike the named representative plaintiffs, properly made a pre-suit demand upon Fannie Mae's Directors pursuant to Rule 23.1 FRCP." (*Id.* at 6). Both the co-lead plaintiffs and the defendants opposed this request. In his reply, Kellmer advocated that the Court defer ruling on his Motion to Intervene and only consider it if the Court intended to grant the Motion to Dismiss on the ground that pre-suit demand was not futile. (Kellmer's Reply in Support of Mot. to Intervene [Civ. No. 04-1783, Dkt #183] at 1).

Ultimately, on May 31, 2007, the Court dismissed the consolidated derivative complaint because the plaintiffs failed "to make the requisite Rule 23.1 demand upon the

Board of Directors of Fannie Mae prior to filing this derivative suit." *In re Fannie Mae Derivative Litig.*, 503 F. Supp. 2d at 14. My Memorandum Opinion specifically lists *Kellmer II* as among the cases that had been consolidated, (*id.* at 13 & n.3), and as indicated in the accompanying Order, the consolidated case was dismissed as to all defendants, (*id.* at 24).[2]

Before the deadline for filing an appeal expired, the co-lead plaintiffs filed a Notice of Appeal as to "ALL ACTIONS." (Notice of Appeal [Civ. No. 04-1783, Dkt. #201]). Kellmer neither filed his own appeal nor requested that the Court consider his pending Motion to Intervene. Instead, a day after the co-lead plaintiffs docketed their appeal, Kellmer filed a new lawsuit ("*Kellmer III*"). (*See* Compl. [Civ. No. 07-1173, Dkt. #1]). By Kellmer's own admission, the claims in that lawsuit "relate back in all respects to the original filing" in *Kellmer II*. (*Id.* ¶ 9). He commenced the new lawsuit in part because the Clerk's Office had marked the docket in *Kellmer II* as "CLOSED." (*Id.*). In the Complaint, Kellmer contends that the Court's Order dismissing the consolidated action did not, and could not, dismiss his case because, unlike the other cases, he had properly made a demand on Fannie Mae's board. (*Id.* ¶ 8). Reiterating the same argument, Kellmer moved on September 20, 2007, for clarification or for relief from the judgment in *Kellmer II* pursuant to Federal Rule of Civil Procedure 60(b). (*See* Pl.

---

[2] Although the Memorandum Opinion and Order were not filed on the docket in *Kellmer II*, Kellmer's attorneys were added to the docket for the consolidated case, and as a result, they received notice of the dismissal.

Kellmer's Mot. for Clarification, or, in the Alternative, for Relief from J. [Civ. No. 05-37, Dkt. #27]). Fannie Mae, joined by the individual defendants, opposed the motion and at the same time moved to dismiss the complaint in *Kellmer III*. (Fannie Mae's Omnibus Mot. to Dismiss and Opp'n to Mot. for Relief from J. [Civ. No. 07-1173, Dkt. #24]; Ind. Defs.' Mot. to Dismiss and Opp'n to Mot. for Relief from J. [Civ. No. 07-1173, Dkt. #28]). They argued that the Court lacked subject matter jurisdiction while its decision in *Kellmer II* was on appeal in our Circuit Court. Even though the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal," the district court regains jurisdiction after the court of appeals issues its mandate. *United States v. Defries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). Now that the Circuit Court has upheld dismissal of the consolidated action and has issued its mandate, this Court has regained jurisdiction thus rendering the defendants' jurisdictional argument moot. Still standing, however, is the defendants' alternative argument that *Kellmer III* should be dismissed on the ground of claim preclusion.

Subsequent developments in the case arising from FHFA's appointment as Fannie Mae's conservator have raised questions about whether this Court should still decide the defendants' pending Motion to Dismiss. On September 6, 2008, months after the Circuit Court upheld my decision to dismiss the consolidated derivative action, Fannie Mae, with authorization from FHFA, moved to stay all cases related to the Fannie Mae multi-district

litigation. (Mot. for Stay of All Proceedings [Civ. No. 07-1173, Dkt. #61]). The Court

approved the stay for 45 days. (Order Granting Stay of All Proceedings [Civ. No. 07-

1173, Dkt. #65]). On January 22, 2009, the Court granted FHFA's Motion to Intervene as

Conservator for Fannie Mae. (Minute Order entered in Civ. No. 07-1173 on Jan. 22,

2009). Several months later, on June 25, the Court granted FHFA's motion to substitute

itself for Kellmer and ordered FHFA to notify the Court of its position on the defendants'

pending Motion to Dismiss in *Kellmer III*. (Mem. Order [Civ. No. 07-1173, Dkt. #82] at

6-7). FHFA did so on July 27, 2009, announcing "for the present" that it would "adopt[]"

the pleadings filed by Kellmer. (Status Report on the Mots. to Dismiss in Middleton and

Kellmer's Shareholder Derivative Compls. [Civ. No. 07-1173, Dkt. #88] at 2). FHFA

soon altered course. Claiming that it needed more time to decide whether prosecuting

*Kellmer III* would advance the statutory purpose of the conservatorship to preserve and

protect Fannie Mae's assets, FHFA moved on September 25 to dismiss the case *without*

*prejudice* under Federal Rules 23.1(c) and 41(a).[3] Alternatively, FHFA requested a 180-

day stay. In response, the individual defendants filed a Motion to Dismiss *with prejudice*

under Rule 41(b) on the ground that FHFA has failed to prosecute the lawsuit diligently.

---

[3] *Kellmer III* is one of four shareholder derivative actions still pending before this Court as part of the Fannie Mae multi-district litigation. The other cases were originally captioned as *Middleton v. Raines* (Civ. No. 07-1221), *Arthur v. Mudd* (Civ. No. 07-2130), and *Agnes v. Raines* (Civ. No. 08-1093). FHFA seeks to dismiss each of these cases without prejudice.

# DISCUSSION

## I. Individual Defendants' Motion For Involuntary Dismissal With Prejudice

Last to be filed, but first to be addressed, is the individual defendants' Motion to Dismiss with Prejudice for Failure to Prosecute. Rule 41(b) provides for involuntary dismissal if the plaintiff "fails to prosecute" its case. Fed. R. Civ. P. 41(b). Typically, dismissal is without prejudice. Under Local Civil Rule 83.23, "[a]n order dismissing a claim for failure to prosecute *shall* specify that the dismissal is without prejudice, *unless* the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." LcvR 83.23 (emphasis added). Thus, whether the Court should dismiss the case with prejudice depends on whether the defendants can show that FHFA "has not manifested reasonable diligence in pursuing the cause," *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985), and that the resulting delay has caused them prejudice.

The individual defendants have not shown to the Court's satisfaction that FHFA has failed to exercise reasonable diligence under the circumstances in prosecuting Kellmer's derivative claims. FHFA did not formally replace the original derivative plaintiff until as late as June 2009, and since then, its conduct has not been so "dilatory or contumacious" as to justify the stiff penalty of dismissal with prejudice. *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990). FHFA has responded to all of the Court's orders in a timely and reasonable fashion. It certainly has not disobeyed

any Court order. Furthermore, FHFA's Motion for Approval of Voluntary Dismissal comes less than a mere three months after FHFA officially replaced the original plaintiff and well before the eve of trial.

The real issue, therefore, is not whether FHFA's conduct until now has been egregiously dilatory (it has not) but whether FHFA's decision to dismiss its claims with the option of bringing them again in the future is itself so dilatory as to warrant dismissal with prejudice. The individual defendants contend that in moving for voluntary dismissal FHFA has stubbornly refused to announce whether or not it intends to proceed with Kellmer's derivative action and that this intentional delay justifies involuntary dismissal with prejudice. It goes without saying that a decision to move for voluntary dismissal cannot—by itself—be a basis for granting involuntary dismissal. Were that so, then voluntary dismissal under Rule 41(a)(2) would be a nullity. The question then is whether FHFA's motion to dismiss without prejudice is an unwarranted deferral of a decision that this Court has required FHFA to make. If so, then the Court may properly deem FHFA's motion as an obstinate refusal to prosecute and thereby dismiss the case with prejudice.

Although I directed FHFA to submit a status report stating its position on the defendants' pending Motion to Dismiss, I never gave FHFA the choice to proceed with Kellmer's derivative claims or face the prospect of involuntary dismissal with prejudice. It would "upset[] notions of fundamental fairness" for this Court, "in response to [FHFA's] request for dismissal without prejudice," to dismiss the case *with* prejudice,

"while failing to give [FHFA] notice of its inclination to impose this extreme remedy." *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986). Having never warned FHFA that a refusal to pursue Kellmer's claims in this litigation could result in dismissal on the merits, I will not grant the individual defendants' Motion for Dismissal with Prejudice under Rule 41(b).

## II.    FHFA's Motion For Voluntary Dismissal Without Prejudice

Whether the Court should grant the individual defendants' motion for involuntary dismissal is, however, a separate question from whether the Court should grant FHFA's motion for voluntary dismissal. Denying the former does not mean that the Court should grant the latter. Under the Federal Rules, a derivative action may be "voluntarily dismissed . . . only with the court's approval." Fed. R. Civ. P. 23.1(c). Voluntary dismissal by court order is without prejudice unless the court states otherwise. Fed. R. Civ. P. 41(a)(2). Before granting a motion for voluntary dismissal, the Court must satisfy itself: (1) that the motion is sought in good faith, and (2) that the defendants will not suffer "legal prejudice" if the case is dismissed. *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000). "Legal prejudice" is determined by considering four factors: (1) the defendants' effort and expense in preparation for trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made. *Id.* Voluntary dismissal is generally "granted in the

federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986).

Notwithstanding that courts typically grant voluntary dismissal, this Court is not convinced that FHFA's motion is justified at this juncture. Even though the Court has no reason to believe that FHFA is acting in bad faith, it has plenty of reason to believe that the individual defendants will suffer legal prejudice if the Court grants FHFA's Motion for Approval of Voluntary Dismissal without first resolving the defendants' dispositive Motion to Dismiss, which had been pending for nearly two years before FHFA filed its motion. To be sure, the individual defendants' efforts preparing for trial do not support a finding of legal prejudice because the preparations made in this case can be used in other cases that are part of the Fannie Mae multi-district litigation. Furthermore, the Court has already determined that FHFA has been sufficiently diligent under the circumstances in prosecuting Kellmer's claims. Notwithstanding that the first two of the four factors for determining legal prejudice weigh in favor of FHFA's motion, the Court finds that FHFA's explanation for requesting voluntary dismissal, coupled with the fact that the defendants had already filed dispositive motions in this case, is enough to tip the balance against FHFA's motion.

Before addressing FHFA's rationale for seeking voluntary dismissal, the Court must first address FHFA's claim that it is entitled to prevail on its motion because the

Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C. §§ 4501 *et seq.*, precludes judicial review of FHFA's chosen course of action. FHFA contends that, as the conservator of Fannie Mae, it is vested with the sole authority under HERA to protect and preserve the assets of Fannie Mae and that its decision to seek voluntary dismissal is the best means for accomplishing that end. Furthermore, according to FHFA, that decision is not judicially reviewable by virtue of a provision in HERA that specifically provides: "[N]o court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator." 12 U.S.C. § 4617(f).

FHFA construes this provision much too broadly. A careful reading reveals that the Court is barred only from interfering with the powers or functions of FHFA "as a conservator." All that means is that I cannot affect FHFA's power and authority to manage Fannie Mae or to act on its behalf. It does not mean, however, that I am barred from treating FHFA the same as any other litigant when FHFA invokes the authority of this Court. Nothing in the language of Section 4617(f) purports to suspend the operation of the Federal Rules as applied to FHFA. Nor does any language in that provision entitle FHFA to different treatment as a litigant than Fannie Mae or its shareholders would have received had FHFA not been appointed Fannie Mae's conservator. There being no convincing basis for casting aside the usual standards governing motions for voluntary dismissal under Rule 41(a)(2), this Court will not simply rubber stamp FHFA's motion.

Because FHFA is subject to the same rules as any other plaintiff seeking voluntary dismissal, the Court will scrutinize the merits of FHFA's request as it would any other. FHFA claims that dismissal without prejudice "is necessary to allow for the Conservator to thoroughly and effectively evaluate whether continued prosecution of the claims would further the statutory purpose of the conservatorship to preserve and protect these assets." (FHFA's Mem. in Support of Mot. for Approval of Voluntary Dismissal without Prejudice [Civ. No. 07-1173, Dkt. #95] at 2). In light of Congress's decision to extend the statute of limitations as long as three years for tort claims and six years for contract claims from the date of the conservator's appointment, *see* 12 U.S.C. § 4617(b)(12), FHFA's explanation for withdrawing Kellmer's derivative claims is not wholly unreasonable. By extending the limitations period, Congress seems to have contemplated that FHFA might need more time to decide whether and how to pursue any claims it inherited as Fannie Mae's newly-appointed conservator.

While FHFA's reason for seeking voluntary dismissal is not *unreasonable*, it is not particularly compelling. As the regulatory body that oversees Fannie Mae, FHFA and its predecessor the Office of Federal Housing Enterprise Oversight are already quite familiar with the facts underlying Kellmer's derivative claims. Moreover, even though FHFA did not substitute itself for Kellmer until three months before it moved for voluntary dismissal, it intervened as Fannie Mae's conservator a full five months earlier. Thus, FHFA was a party in the case for eight months before it filed its motion to dismiss

14

without prejudice. Given that FHFA had at least eight months to contemplate how this case should proceed, the Court is not particularly persuaded by FHFA's request for more time.

In addition to FHFA's less-than-compelling explanation for seeking non-suit, its decision to move for voluntary dismissal nearly two years after the defendants had filed their dispositive Motion to Dismiss weighs heavily against granting dismissal without prejudice. One factor that courts have recognized as a basis for denying a motion for voluntary dismissal under Rule 41(a)(2) is the existence of an already-pending motion for summary judgment. *See, e.g., Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *Conafay*, 793 F.2d at 352. The Court sees little reason not to extend that rule to a defendant's fully briefed motion to dismiss, so long as that motion is already pending and would actually dispose of the case on the merits. Defendants have a reasonable expectation that when they file a motion that could resolve the case against them—whether that motion is for dismissal or for summary judgment—the courts will address it. Allowing plaintiffs to move successfully for voluntary dismissal after the motion is ripe would deprive defendants of their reasonable expectation in a resolution of their pending motion. Thus, it is fair to conclude that granting a motion for voluntary dismissal that was filed after the defendants had already filed their dispositive motion would indeed prejudice the defendants. As such, were the Court to grant FHFA's Motion for Approval of Voluntary Dismissal, which FHFA had filed nearly two years after the

15

defendants' pending Motion to Dismiss, the individual defendants would suffer prejudice. Voluntary dismissal in favor of FHFA is, therefore, not appropriate at this time.

## III. Kellmer's Motion For Clarification Or For Relief From Judgment

Having declined to dismiss *Kellmer III* under Rule 41, I will consider the merits of the pending Motion to Dismiss filed by Fannie Mae and joined by the individual defendants. First, however, I will address Kellmer's Motion for Clarification or for Relief from Judgment in *Kellmer II*.[4]

Kellmer contends that this Court erred to the extent that it dismissed his claims as part of the consolidated derivative action. I dismissed the consolidated action because the plaintiff shareholders failed to make the requisite pre-suit demand on Fannie Mae's board of directors pursuant to Rule 23.1. According to Kellmer, that rationale does not apply to his claims because he, unlike the other shareholder derivative plaintiffs, had made the required pre-suit demand. Consequently, he asks this Court for an order clarifying that it did not actually dismiss *his* claims but that it dismissed only those claims where the shareholder failed to make a demand on Fannie Mae's board.

---

[4] Even though FHFA, as Fannie Mae's conservator, has taken Kellmer's place as the shareholder derivative plaintiff, the Court will treat Kellmer's pleadings as adopted by FHFA. Now that the Court has rejected FHFA's Motion for Approval of Voluntary Dismissal, the Court relies on FHFA's earlier representation that it would adopt Kellmer's pleadings. (*See* Status Report on the Mots. to Dismiss in Middleton and Kellmer's Shareholder Derivative Compls. [Civ. No. 07-1173, Dkt. #88] at 2).

There is no need for clarification because it is quite clear that this Court did indeed dismiss Kellmer's case as part of the consolidated action. In granting consolidation, I specifically determined that the distinction between "demand made" and "demand futile" cases is insufficient to necessitate separate actions. (Feb. 14, 2005 Mem. Op. and Order [Civ. No. 05-37, Dkt. #25] at 4-5). As a result, I entered an order consolidating *Kellmer II* with other shareholder derivative actions "for all purposes through final judgment." (Pretrial Order No. 1 [Civ. No. 05-37, Dkt. #26] at 3-4). I also directed that the dockets for the individual cases be closed, (*id.* at 4), and that the plaintiffs file a consolidated complaint that would "supersede all existing complaints filed in this action," (*id.* at 7). When the plaintiffs, acting through co-lead counsel, filed their consolidated complaint, they proceeded on a "demand futile" theory, not on a "demand made" theory. *In re Fannie Mae Derivative Litig.*, 503 F. Supp. 2d at 14. Not convinced by the theory advocated by the plaintiffs in their consolidated complaint, I dismissed their case for failure to make a pre-suit demand as required by Rule 23.1. *Id.* My Memorandum Opinion specifically lists *Kellmer II* as among the cases that had been consolidated, *id.* at 13 & n.3, and the accompanying Order indicates that the consolidated case was dismissed as to all defendants, *id.* at 24. Because it is clear from the my rulings and the procedural history of this case that I dismissed *Kellmer II* as part of the consolidated action, Kellmer's request for clarification is wholly unnecessary.

Undaunted, Kellmer raises an alternative argument, claiming that he is entitled to relief from the judgment under Rule 60(b). The Rule provides in relevant part that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). In deciding a motion brought under this Rule, a district court has substantial discretion. *See Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995). A court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

None of Kellmer's arguments convince me that the interest in justice outweighs the interest in protecting the finality of the judgment in this case, especially now that our Circuit Court has affirmed the judgment. At bottom, Kellmer's motion boils down to one simple argument: The judgment violates due process and is manifestly unjust as applied to him because it dismissed his case on grounds that were wholly inapplicable to the demand-made theory he was advocating. By Kellmer's own admission, he does not challenge the Court's decision to consolidate the derivative cases; rather, he challenges the Court's decision to render judgment against him based on a consolidated complaint filed by counsel for the co-lead plaintiffs that failed to advance his distinctive, demand-made theory. (Kellmer's Reply [Civ. No. 07-1173, Dkt. #36] at 3). Kellmer contends

that he cannot be divested of his right to advance that theory by merging his case with demand-futile cases. *See Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of Am., Inc.*, 808 F.2d 133, 135 (D.C. Cir. 1987) ("'[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" (quoting *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933)).

Kellmer's argument would have much greater force if the right he asserts were truly his own. In a shareholder derivative action, the "plaintiff shareholder sues on behalf of the corporation," not on his own behalf. *Henik ex rel. LaBranche & Co., Inc. v. LaBranche*, 433 F. Supp. 2d 372, 380 (S.D.N.Y. 2006); *see also Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 528 (1984) (stating that "a derivative action allows a stockholder to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own" (internal quotation marks omitted)). Because the collection of derivative suits brought on behalf of Fannie Mae arose from the same operative facts and involved the same legal claims, this Court consolidated them and appointed co-lead plaintiffs that it believed would fairly and adequately represent the interests of all shareholders, including Kellmer, in enforcing Fannie Mae's rights pursuant to Rule 23.1. In prosecuting the consolidated action, the co-lead plaintiffs opted to forego Kellmer's demand-made theory and instead relied on a demand-futility theory to establish their standing to bring the derivative claims.

19

That Kellmer disagrees with that decision does not entitle him to relief from the judgment. All the shareholders must live with the strategic choices of the representative shareholders ultimately charged with prosecuting the derivative action on behalf of the corporation and its shareholders. A derivative action, whether brought by one or more, or by all, of the shareholders "'is really the action of all the stockholders, as it is necessarily commenced in their behalf and for their benefit,'" and "'it inevitably follows that there can be but one adjudication on the rights of the corporation.'" *Henik*, 433 F. Supp. 2d at 380 (quoting *Dana v. Morgan*, 232 F. 85, 89 (2d Cir. 1916)). As a practical matter, because all shareholder derivative plaintiffs act on behalf of the corporation and because the corporation cannot be at odds with itself, there is a particular need for the consolidation of derivative suits based on the same claims and for the appointment of a representative shareholder plaintiff to prosecute those claims. And where there is a disagreement between the representative shareholder and other shareholders, one side must necessarily give way. It is not, therefore, unfair or prejudicial to Kellmer to subject him to the same fate as all the other shareholders who must also subordinate their wishes to those of the representative shareholders. Nevertheless, even if Kellmer did suffer prejudice, the Court finds that the interest in remedying the harm does not overcome the interest in preserving the finality of a judgment that Kellmer did not appeal and that has since been affirmed by the Circuit Court.

## IV.     Defendants' Motion To Dismiss

All that now remains to be decided is the Motion to Dismiss *Kellmer III* filed by

Fannie Mae and joined by the individual defendants.  The complaint in that case is

substantially the same as the complaint in *Kellmer II*.  Indeed, Kellmer even admits that

the claims in the new lawsuit "relate back in all respects to the original filing." (*See*

Compl. [Civ. No. 07-1173, Dkt. #1] ¶ 9).  The individual defendants argue, as a result,

that *Kellmer III* is barred by the doctrine of claim preclusion.  Kellmer argues, however,

that his derivative claims, which are predicated on a demand-futility theory, are not

precluded because the Court never actually adjudicated them.  In a replay of his argument

for relief from the judgment in *Kellmer II*, Kellmer contends that the Court resolved only

the demand-futile claims, not his demand-made claim.  This argument is not any more

persuasive the second time around.

Kellmer's obvious attempt to relitigate the very claims that the Court dismissed in

*Kellmer II* is foreclosed by the doctrine of claim preclusion.  Under that doctrine, a "final

judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action." *Federated Dep't Stores v.*

*Moitie*, 452 U.S. 394, 398 (1981).  The elements for establishing claim preclusion are

well known: "[A] subsequent lawsuit will be barred if there has been prior litigation (1)

involving the same claims or cause of action, (2) between the same parties or their

privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of

competent jurisdiction." *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009). There seems to be no dispute regarding these elements except that Kellmer contends that there is not a final judgment on the merits of his demand-made claims. This argument, however, does not withstand even passing scrutiny. For reasons that have already been explored, it is clear from the record that the Court dismissed Kellmer's derivative claims on the merits in *Kellmer II*. That the Court did not entertain litigation on his demand-made theory, however, does not make the relitigation of his claims in *Kellmer III* proper. "[C]laim preclusion precludes the relitigation of *claims*, not just *arguments*." *Natural Res. Def. Council v. EPA*, 513 F.3d 257, 261 (D.C. Cir. 2008) (emphasis in original). Its purpose is to prevent the relitigation, not only of matters or arguments that were in fact litigated, but of matters or arguments that could have been litigated but were not. *Id.* Because Kellmer's demand-made theory could have been litigated as part of the consolidated action that disposed of *Kellmer II*, the fact that it was not actually litigated cannot revive Kellmer's derivative claims. Accordingly, those claims are precluded.[5]

---

[5] Kellmer also argues that *Kellmer III* is viable as an "independent action" for obtaining relief from "a judgment, order, or proceeding" pursuant to Rule 60(d)(1). As Kellmer points out, this rule is designed "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). For reasons already given, the Court's dismissal of Kellmer's derivative claims in *Kellmer II* is hardly a miscarriage of justice, much less a *grave* miscarriage of justice. Thus, just as the Court rejected Kellmer's Rule 60(b) motion for relief from judgment, the Court also rejects this maneuver to obtain the same relief.

## CONCLUSION

For the foregoing reasons, the individual defendants' Motion to Dismiss with Prejudice for Failure to Prosecute and FHFA's Motion for Approval of Voluntary Dismissal are both DENIED. In addition, Kellmer's Motion for Clarification or, in the Alternative, for Relief from Judgment is also DENIED. Finally, the long-pending Motion to Dismiss filed by Fannie Mae and joined by the individual defendants is GRANTED. An appropriate Order consistent with this ruling is attached herewith.

RICHARD J. LEON
United States District Judge